**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. _____

THE DONALD J. TRUMP REVOCABLE
TRUST, DJT HOLDINGS, LLC,
DJT HOLDINGS MANAGING MEMBER,
LLC, DTTM OPERATIONS, LLC, and ERIC
TRUMP,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Capital One, N.A. ("Capital One") removes the above-captioned action from the Eleventh Judicial Circuit of Florida in and for Miami-Dade County to the United States District Court for the Southern District of Florida, Miami Division, which is the district court and division embracing the place where such action is pending. In support of this Notice of Removal (the "Notice"), Capital One states as follows:

**INTRODUCTION**

Defendant Capital One removes this action because the Court has diversity jurisdiction, since Plaintiffs are all citizens of the State of Florida and Capital One is a citizen of the Commonwealth of Virginia. Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL HISTORY AND TIMELINESS

1. On March 7, 2025, The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump (collectively, "Plaintiffs") initiated the above-captioned action in the Eleventh Judicial Circuit of Florida in and for Miami-Dade County. A copy of the Complaint and all subsequent pleadings to date are attached as **Exhibit A**. *See also Donald J. Trump Revocable Tr. et al. v. Capital One, N.A.*, No. 2025-004022-CA-01 (Fla. 11th Jud. Ct.).

2. On March 7, 2025, Defendant Capital One became aware of the Complaint through public sources.

3. On March 20, 2025, counsel for Capital One waived service in an email to Plaintiffs' counsel.

4. Accordingly, this Notice is timely because it has been filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

## JURISDICTION

5. The United States District Court for the Southern District of Florida, Miami Division, is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* § 1446(a) (requiring removing defendant in any civil action from a state court to file a notice of removal "in the district court of the United States for the district and division within which such action is pending").

6. Capital One has removed this action based on diversity of citizenship under 28 U.S.C. §§ 1332 and 1441.

7. Defendant Capital One, N.A. is a national bank with its principal place of business in Virginia. Compl. ¶ 6; *see also* 28 U.S.C. § 1332(c)(1) (corporation is citizen of its place of incorporation and its principal place of business).

8. Plaintiff The Donald J. Trump Revocable Trust is a revocable trust created in Palm Beach County, Florida, Compl. ¶ 1, and thus it is a citizen of Florida for diversity purposes.

9. Plaintiff DJT Holdings, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida, *id.* ¶ 2, and thus it is a citizen of Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiff DJT Holdings Managing Member, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida, Compl. ¶ 3, and thus it is a citizen of Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11. Plaintiff DTTM Operations, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida, Compl. ¶ 4, and thus it is a citizen of Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12. Based on the information available to Defendant, no member of DJT Holdings, LLC, DJT Holdings Managing Member, LLC, or DTTM Operations, LLC is a citizen of the Commonwealth of Virginia.

13. Plaintiff Eric Trump is an individual and resident of Palm Beach County, Florida, Compl. ¶ 5, and thus is a citizen of Florida for diversity purposes.

14. Accordingly, there is complete diversity of citizenship between Plaintiffs and Capital One.

15. Plaintiffs have brought a five-count Complaint against Capital One and represent that "the amount in controversy exceeds the sum or value of $750,000.00, exclusive of interest, costs, and attorneys' fees." *Id.* ¶ 7.

16. Count I of Plaintiffs' Complaint seeks declaratory judgment under Section 86.011, Florida Statutes, that "Capital One improperly terminated Plaintiffs' Accounts," "Plaintiffs are entitled to an award of costs," and "Plaintiffs are entitled to any other relief as this Court deems just and proper." *Id.* ¶ 58.

17. Count II of Plaintiffs' Complaint alleges that Capital One violated North Carolina's Consumer Protection Act, *see* N.C. Gen. Stat. § 75-1.1, through "unlawful and deceptive de-banking practices" aimed at Plaintiffs and their affiliated entities, and seeks "all available damages under North Carolina law, an award of attorneys' fees and costs, and any other relief this Court deems proper." Compl. ¶¶ 59–80.

18. Count III of Plaintiffs' Complaint alleges that Capital One violated Nebraska's Consumer Protection Act, *see* Neb. Rev. Stat. § 59-1602, through "unlawful and deceptive de-banking practices" aimed at Plaintiffs and their affiliated entities, and seeks "all available damages under Nebraska law, an award of attorneys' fees and costs, and any other relief this Court deems proper." Compl. ¶¶ 81–100.

19. Count IV of Plaintiffs' Complaint alleges that Capital One violated New Jersey's Consumer Fraud Act, *see* N.J.S.A. § 56:8-2, through "unlawful and deceptive de-banking practices" aimed at Plaintiffs and their affiliated entities, and seeks "all available damages under New Jersey law, an award of attorneys' fees and costs, and any other relief this Court deems proper." Compl. ¶¶ 101–21.

20. Finally, Count V of Plaintiffs' Complaint alleges that Capital One violated Minnesota's Consumer Fraud Act, *see* Minn. Stat. § 325F.69, subd. 8, through "unlawful and deceptive de-banking practices" aimed at Plaintiffs and their affiliated entities, and seeks "all available damages under Minnesota law, an award of attorneys' fees and costs, and any other relief this Court deems proper." Compl. ¶¶ 122–42.

21. Based on the foregoing, the amount in controversy exceeds the sum and value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

22. Accordingly, this Court has jurisdiction over this matter because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

## PAPERS FROM REMOVED ACTION

23. A complete copy of all docket entries, including the file-stamped copy of the Complaint, is attached hereto as **Exhibit A**.

## REQUIRED NOTICES

24. Promptly after filing this Notice, Capital One will serve written notice of the filing on counsel for Plaintiffs. *See* 28 U.S.C. § 1446(d).

25. Promptly after filing this Notice, Capital One will transmit a copy to the Clerk of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, as required by 28 U.S.C. § 1446(d).

26. By removing this action, Capital One does not admit any of the allegations in Plaintiffs' Complaint. Capital One does not waive, and expressly preserves, all available defenses, including those related to jurisdiction.

WHEREFORE, Defendant Capital One, N.A. provides notice that this action now pending before the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, No. 2025-004022-CA-01, is hereby removed to the United States District Court for the Southern District of Florida, and prays that it proceeds in this Court.

Dated: April 7, 2025                    Respectfully submitted,

/s/ Gerald E. Greenberg
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Pro hac vice applications forthcoming

Counsel for Defendant Capital One, N.A.