UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21596-ALTMAN/LETT

THE DONALD J. TRUMP REVOCABLE
TRUST, DJT HOLDINGS, LLC,
DJT HOLDINGS MANAGING MEMBER,
LLC, DTTM OPERATIONS, LLC, and ERIC
TRUMP,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.
_____/

**DEFENDANT'S *EXPEDITED* MOTION FOR EXTENSION
OF TIME TO RESPOND TO THE COMPLAINT**

*Expedited Ruling Requested by April 9, 2025*[1]

Defendant Capital One, N.A. ("Capital One") moves on an expedited basis for an extension of time, up through and including May 7, 2025, within which to respond to the Complaint. ECF No. 1-1. Capital One also requests that the Court adopt the Parties' agreed-upon briefing schedule for any motion to dismiss. In support thereof, Capital One states as follows:

1. On March 7, 2025, The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump (collectively, "Plaintiffs") initiated the above-captioned action in the Eleventh Judicial Circuit Court of Florida

---

[1] Pursuant to Southern District of Florida Local Rule 7.1(d)(2), Capital One certifies that this Motion has been filed on an *expedited* basis. At present, Capital One's deadline to respond to the Complaint is on April 14, 2025—just seven days after removal. *See* Fed. R. Civ. P. 81(c). Therefore, a ruling is necessary by **Wednesday, April 9, 2025** to ensure that all related deadlines can be properly reset if the Court grants this Motion.

in and for Miami-Dade County. ECF No. 1-1 (Case No. 2025-004022-CA-01 (Fla. 11th Jud. Cir. Ct.)).

2. On March 7, 2025, Defendant Capital One became aware of the Complaint through public sources.

3. On March 20, 2025, Capital One waived service via email, making its response to the Complaint due 60 days after Capital One received a waiver request. Fla. R. Civ. P. 1.070(i)(4).

4. On March 20, 2025, Capital One proposed a new response deadline and briefing schedule that would allow time to gather the facts and information necessary to respond to the Complaint, while accommodating Plaintiffs' request for an expedited schedule.

5. On March 26, 2025, the Parties agreed to a modified schedule for Capital One to respond to the Complaint, with Capital One's response due by May 7, 2025. If Capital One files a motion to dismiss, Plaintiffs' opposition would then be due by June 6, 2025, and any reply would be due by June 20, 2025.

6. On April 3, 2025, Plaintiffs reaffirmed their agreement to the modified schedule in an email to Defendant's counsel.

7. Prior to submitting an agreed scheduling order in the state court action, Capital One decided to remove this action to federal court.

8. On April 7, 2025, Capital One removed this action to this Court. ECF No. 1. Since Capital One did not file a response to the Complaint before removal, its response is presently due on April 14, 2025. *See* Fed. R. Civ. P. 81(c).

9. As discussed below in the Certificate of Conferral, Capital One immediately notified Plaintiffs of its removal of this action and at the same time requested Plaintiffs' agreement

that the schedule agreed to in the state action should be submitted to this Court for approval. However, as of the filing of this Motion, Plaintiffs' counsel has not responded.

10. As discussed herein, Capital One believes that the Court should adopt the Parties' agreed, modified schedule for responding to the Complaint, as agreed to by the Parties prior to removal.

11. Good cause exists for the Court to adopt this schedule agreed to by the Parties before removal.

12. *First*, the Parties already agreed to a May 7, 2025 deadline for Capital One to file its response to the Complaint when this action was pending in state court. Plaintiffs reaffirmed their agreement to this deadline shortly before removal. Given that the Parties conferred and agreed in good faith to a modified schedule prior to removal, the Court should exercise its discretion and adopt that schedule here.

13. *Second*, Capital One has not proposed this extension for purposes of delay. An extension will allow Capital One to continue preparing to meaningfully respond to the Complaint, while dealing with the press of other commitments. Further, given the relatively modest nature of the time requested, the proposed extension will not prejudice the Court or any party to this action.

14. Accordingly, Defendants have filed this Motion in good faith and believe good cause exists to grant the requested extension as follows:

| Event | New Proposed Deadline |
|---|---|
| Defendant shall file its response to the Complaint | **May 7, 2025** |
| If Defendant files a motion to dismiss, Plaintiffs shall file their response | **June 6, 2025** |
| If Defendant files a motion to dismiss, Defendant shall file its reply | **June 20, 2025** |

## CONCLUSION

Based on the foregoing, Capital One respectfully requests that the Court grant this Motion and adopt the proposed schedule set forth above. Attached as **Exhibit A** is a proposed order granting this Motion.

## LOCAL RULE 7.1(A)(2) CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(2), Defendant Capital One, N.A. certifies that it has made reasonable efforts to confer with counsel of record for Plaintiffs regarding their position on this Motion but has been unable to do so. On March 26, 2025, while this action was still in state court, the Parties agreed to the modified schedule discussed herein. On April 7, 2025, immediately after removing this action, counsel for Capital One emailed Plaintiffs' counsel to confirm whether he had any objection to the Court adopting the agreed-upon schedule. On April 8, 2025, Capital One's counsel sent two additional emails to Plaintiffs' counsel. Having received no response, Capital One's counsel called Plaintiffs' counsel and left a message with his office and a voicemail on his cell phone. However, Plaintiffs' counsel has not responded as of the filing of this Motion.

Dated: April 8, 2025

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


HELEN V. CANTWELL *(pro hac vice)*
hcantwell@debevoise.com
SUSAN REAGAN GITTES *(pro hac vice)*
srgittes@debevoise.com
ERICH O. GROSZ *(pro hac vice)*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Counsel for Defendant Capital One, N.A.*