UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21596-ALTMAN/LETT

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.

                                         /

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 3

LEGAL STANDARD .................................................................................................................... 4

ARGUMENT .................................................................................................................................. 4

    I.     Plaintiffs Fail to State a Plausible Claim for Declaratory Relief. ....................................... 4

        A.    Plaintiffs' Claim for Declaratory Relief Is an Inappropriate Request for an Advisory Opinion ................................................................................................... 5

        B.    Plaintiffs Fail to Allege that Capital One Violated Any Contract. ............................... 7

        C.    Plaintiffs' Claim for Declaratory Relief Fails to Allege Any Violation of Law. ........... 8

    II.    Plaintiffs' Consumer Protection Claims Must Be Dismissed. ............................................ 9

        A.    Plaintiffs Fail to Allege Any Facts Connecting the Alleged Conduct to North Carolina, Nebraska, New Jersey, and Minnesota, Foreclosing Consumer Protection Act Claims Under the Laws of Those States. ......................................................... 9

        B.    Plaintiffs Fail to Plead Sufficient Facts to Allege that Capital One Has Done Anything Unfair or Misleading. .............................................................................. 13

CONCLUSION ............................................................................................................................. 15

**PRELIMINARY STATEMENT**

This matter arises from the March 2021 decision by Defendant Capital One, N.A. ("Defendant" or "Capital One") to close certain bank accounts held by Plaintiffs. On March 8, 2021, Capital One informed Plaintiffs of its decision to close some, but not all, of the accounts associated with Plaintiffs. Although the account agreements permit closure without any notice, Capital One's initial communication to Plaintiffs provided three months' notice to find alternative banking services, until June 7, 2021. At Plaintiffs' request, Capital One extended the closure date for some of the accounts to permit Plaintiffs additional time to transfer those accounts. Plaintiffs also informed Capital One they intended to voluntarily close additional accounts that Capital One did not seek to close. By October 2021, Plaintiffs had moved and closed all of the accounts. Capital One made no public statement regarding the account closures.

Almost four years to the date after Capital One's initial March 8, 2021 communication, and after Capital One had not heard from Plaintiffs in years, Plaintiffs filed this action, asserting, without any factual support, that the decision to close the accounts was an "unlawful and deceptive" example of political "de-bank[ing]" because of disagreement with "President Trump's political views." Compl. ¶ 71–72, ECF No. 1-1. This is false. While Capital One closes bank accounts occasionally, it does so for legally and regulatorily permissible reasons, and Plaintiffs have pled no facts suggesting otherwise.

Plaintiffs' Complaint fails to provide any factual or legal support for the claims asserted, requiring dismissal on several grounds. First, Plaintiffs' claim for declaratory judgment, which purports to seek a declaration that the closure of the accounts was improper, fails to plead the existence of a live legal or factual dispute as required by Eleventh Circuit precedent, leaving no legal right for this Court to declare. Plaintiffs do not claim they were unable to transition to another financial institution or specify any actual harm or financial damage suffered as a result of the

1

account closures, let alone any present risk of harm requiring a declaration of the Parties' rights. Moreover, Plaintiffs' claim for declaratory judgment does not allege that Capital One violated or will violate any contract or law. Nor does the Complaint even mention the contract governing the relevant accounts, which permits Capital One to close a bank account for any reason in its sole discretion. As such, Plaintiffs' claim for declaratory relief should be denied as a request for an impermissible advisory opinion about conduct that is now more than four years old.

Second, the Complaint asserts an assortment of claims in a Florida court under the consumer protection or consumer fraud laws of four different states—North Carolina, Nebraska, New Jersey, and Minnesota—having no plausible connection to any party. Plaintiffs have failed to plead any facts to connect the account closures to the relevant states' laws or interests, as required to state a claim under the laws of each state.

Finally, Plaintiffs' consumer protection arguments suffer from several additional defects requiring dismissal. In particular, the Complaint fails to plead any facts to suggest that the closure of Plaintiffs' accounts was motivated by political views or was otherwise deceptive, improper, or wrongful. To the contrary, the only "fact" pled is the unsupported statement that Plaintiffs "have learned" that the closure was for political reasons, without any detail regarding that alleged discovery, along with conclusory allegations based on public reports—having no specific tie to Capital One—regarding "de-banking" generally. Far more is required to state a viable claim for relief under the relevant state consumer protection and fraud laws.

For these reasons and as further described below, the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND[1]

Defendant Capital One, N.A. is a national bank offering commercial and retail banking services with its headquarters in Virginia. Compl. ¶ 6. Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, and DTTM Operations, LLC are corporate entities located in Palm Beach County, Florida, and Plaintiff Eric Trump is a resident of Palm Beach County, Florida. *Id.* ¶¶ 1–5. Plaintiffs are former holders of Capital One deposit accounts. *Id.* ¶¶ 15–16. Plaintiffs and their affiliated entities allege they were active users of Capital One's banking services for "several decades" for a variety of business endeavors. *Id.* ¶¶ 15, 17–18. The relevant accounts were governed by Capital One's Rules Governing Deposit Accounts (the "Rules"), which set forth the terms and conditions for an account holder at Capital One. The Rules were updated from time to time and are available on Capital One's website.[2] The Rules provide, in relevant part, that Capital One may close an account for any reason in its sole discretion.

On March 8, 2021, Capital One notified Plaintiffs by letter of its decision to terminate the account relationships for many, but not all, deposit accounts held by Plaintiffs and their related entities by June 7, 2021. *Id.* ¶ 39. Capital One provided Plaintiffs with three months' notice prior to the closure of the accounts to allow for the orderly drawdown of funds and the transition of accounts to other financial institutions. *Id.* Moreover, at Plaintiffs' request (and as the Complaint concedes), Capital One granted extensions beyond the original closure date of June 7, 2021. *Id.* ¶ 41.

---

[1]  Defendant Capital One accepts the facts pled as true solely for the purpose of this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2]  *See Rules Governing Deposit Accounts*, Capital One, https://www.capitalone.com/bank/disclosures/rules-governing/ (last visited May 7, 2025).

3

Almost exactly four years later, Plaintiffs filed this lawsuit in Florida state court claiming that the accounts were wrongfully closed for political reasons. The Complaint asserts claims for declaratory judgment and under the consumer protection or consumer fraud acts of four states—North Carolina, Nebraska, New Jersey, and Minnesota—which have no evident connection to the account closures or to any party. *Id.* ¶ 59–142. On April 7, 2025, Defendant Capital One removed this case to federal court under diversity jurisdiction. Def.'s Notice of Removal, ECF No. 1.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires Plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Complaint's "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

## ARGUMENT

**I.  Plaintiffs Fail to State a Plausible Claim for Declaratory Relief.**

Plaintiffs fail to assert a cognizable claim for relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, which applies to this action post-removal. *See Garden-Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011) (explaining that "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights and

4

Florida's procedural rules are inapplicable" in federal court in a diversity case) (citation omitted).[3] First, the Court should reject Plaintiffs' request for a declaration as an inappropriate request for an advisory opinion related to a decision Capital One made over four years ago in 2021. *See Santiago v. NSI Ins. Grp., Inc.*, No. 05-22307-CIV, 2006 WL 8433177, at *9 (S.D. Fla. July 10, 2006) ("[D]eclaratory relief is improper when the events giving rise to potential liability have already occurred."); *Bacardi USA, Inc. v. Young's Mkt. Co.*, 273 F. Supp. 3d 1120, 1130 (S.D. Fla. 2016) (declining to allow a declaratory judgment claim where a contract "termination has already occurred" because "declaratory judgment should not issue over past conduct alone"). Second, Plaintiffs' declaratory judgment count fails to allege that Capital One is violating or will violate any contract or law, as required to state a declaratory judgment claim. Courts in this Circuit have recognized that the purpose of declaratory relief is to settle "'actual controversies' before they ripen into breaches of contract or violations of law." *Bacardi USA Inc.*, 273 F. Supp. 3d at 1127 (citation omitted).

  **A.**  **Plaintiffs' Claim for Declaratory Relief Is an Inappropriate Request for an Advisory Opinion.**

Plaintiffs' claim for declaratory relief, which asks this Court for a declaration of Plaintiffs' "rights and obligations as account holders," amounts to an inappropriate request for an advisory opinion that courts in this Circuit have made clear is not permitted. Compl. ¶ 57. A declaratory judgment action requires a legal dispute "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Goeseke v. Arch Specialty Ins. Co.*, No. 20-CV-24878, 2021

---

[3]  Federal courts construe claims for declaratory relief under Florida's declaratory judgment statute as being governed by the Federal Declaratory Judgment Act. *See, e.g., Garden-Aire Vill. S. Condo. Ass'n Inc.*, 774 F. Supp. 2d at 1227; *Palmetto W. Park Condo., Inc. v. Empire Indem. Ins. Co.*, No. 21-21751-CIV, 2021 WL 3931871, at *2–3 (S.D. Fla. Sept. 2, 2021).

WL 2459570, at *2 (S.D. Fla. Feb. 10, 2021) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

No immediate controversy exists here. Capital One provided Plaintiffs with notice of its intent to close certain accounts in March 2021. According to Plaintiffs' own allegations, Capital One provided extensions at Plaintiffs' request to enable them to obtain other banking services, and Plaintiffs have not alleged that they suffered any material disruption as a result of the closures. Compl. ¶ 41. Plaintiffs commenced this action without any non-conclusory explanation for why the account closures nearly four years ago constitute a live controversy. As such, Plaintiffs' declaratory judgment claim is an impermissible "end-run around constitutionally prohibited advisory opinions." *Newton v. Duke Energy Fla., LLC*, No. 16-CV-60341, 2016 WL 10564996, at *4 (S.D. Fla. Sept. 21, 2016) (quoting *Bacardi USA, Inc.*, 273 F. Supp. 3d at 1127). Here, as in *Bacardi*, a ruling by the Court on Plaintiffs' declaratory judgment claim would not have "the potential to prevent damages," as Plaintiffs' banking relationship with Capital One ended years ago. *Bacardi USA, Inc.*, 273 F. Supp. 3d at 1129 (dismissing declaratory judgment claims where contract had previously been terminated).

Moreover, the Complaint fails to allege that Plaintiffs are experiencing ongoing harm or expect any future harm from Capital One's decision to close the accounts, nor does it suggest that they have been unable to locate alternative banking services since 2021. Indeed, other than conclusory and past-tense statements that the closure decision caused Plaintiffs harm, the Complaint fails to provide any basis to suggest that Capital One caused Plaintiffs any injury at all. Nor could Plaintiffs allege the possibility of future harm: because their accounts have already been closed, there is no possibility that Plaintiffs can "assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Malowney v. Fed. Collection*

*Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999); *see also Libman v. First Health Grp. Corp.*, No. 24-14119-CIV, 2024 WL 4564804, at *3 (S.D. Fla. Aug. 12, 2024) (dismissing claim for declaratory relief because "[i]njury in the past does not support a claim for declaratory judgment"). As a result, Plaintiffs' requested declaration would be "nothing more than a gratuitous comment without any force or effect," which case law in this Circuit makes clear is not appropriate. *Malowney*, 193 F.3d at 1348 (citation omitted).

### B. Plaintiffs Fail to Allege that Capital One Violated Any Contract.

While Plaintiffs ask this Court for a declaration of Plaintiffs' "rights and obligations as account holders" to resolve "doubt" about those rights, Plaintiffs do not plead the existence of any contract governing the banking relationship, let alone any plausible ambiguity or breach of that agreement. Compl. ¶¶ 57–58; *see also Saltponds Homeowners Ass'n, Inc. v. Rockhill Ins. Co.*, No. 20-10063-CIV, 2021 WL 3284841, at *2 (S.D. Fla. July 29, 2021) ("Under the Federal Declaratory Judgment Act, a plaintiff must . . . plead that a contractual term or provision is ambiguous and needs construction.") (citation omitted). Plaintiffs' failure to plead any contractual violation or ambiguity, combined with their failure to plead any violation of law, requires dismissal. *See Cantonis Co. v. Certain Interested Underwriters at Lloyds, London*, No. 18-81703-CIV, 2019 WL 3429962, at *3 (S.D. Fla. May 9, 2019) ("Failure to plead ambiguity requires dismissal of a declaratory relief claim."), *report and recommendation adopted*, 2019 WL 3429140 (June 10, 2019).

Plaintiffs' failure to mention the Rules or allege any other contractual ambiguity is no accident, as the Rules permit Capital One to close an account in its sole discretion.[4] In this

---

[4]  *See Rules Governing Deposit Accounts*, Capital One, https://www.capitalone.com/bank/disclosures/rules-governing/ (last visited May 7, 2025)

7

circumstance, Plaintiffs cannot obtain declaratory relief by asking for clarity regarding their rights and obligations where no contract violation or ambiguity is (or could be) pled under the Rules.

### C. Plaintiffs' Claim for Declaratory Relief Fails to Allege Any Violation of Law.

Plaintiffs also fail to allege any ongoing or future violation of law that could entitle them to declaratory relief. Count I, which sets forth Plaintiffs' request for declaratory relief, does not reference any statute, let alone assert any violation of any law by Capital One. The failure to allege a legal violation, combined with the failure to plead any contractual breach or ambiguity as described above, requires dismissal of Plaintiffs' declaratory relief claim. *See Santiago*, 2006 WL 8433177, at *9; *Bacardi USA, Inc.*, 273 F. Supp. 3d at 1127–28.

Moreover, none of the laws referenced in the Complaint—in particular, section 655.0323(2)(a), Florida Statutes (the "Florida Banking Statute"), which prohibits terminating banking relationships based on political affiliations—give rise to a request for declaratory judgment. Compl. ¶ 51. As an initial matter, the Florida Banking Statute did not even exist in 2021. Additionally, it provides that violations may be enforced "*only by the enforcing authority*, as defined in section 501.203(2)," not by private litigants.[5] Without a private right of action, the Florida Banking Statute cannot form the basis of a declaratory judgment claim. *See Newton*, 2016 WL 10564996, at *4 (dismissing claims where cited statutes and constitutional provisions do not allow private rights of action and plaintiffs' claims therefore "cannot be brought under the

---

("We may close any account in our sole discretion at any time, for any or no reason and without notice to you.").

[5] Section 501.203(2), Florida Statutes, specifically states that "'[e]nforcing authority' means the office of the state attorney if a violation of this part occurs in or affects the judicial circuit under the office's jurisdiction. 'Enforcing authority' means the Department of Legal Affairs if the violation occurs in or affects more than one judicial circuit or if the office of the state attorney defers to the department in writing, or fails to act upon a violation within 90 days after a written complaint has been filed with the state attorney."

8

[Declaratory Judgment Act]"); *Glen v. Club Méditerranée S.A.*, 365 F. Supp. 2d 1263, 1272 (S.D. Fla. 2005) (rejecting plaintiffs' "attempt to use the Declaratory Judgment Act as a vehicle" for their claim because "judicial review is unavailable where no express provision for judicial relief exists").

### II.    Plaintiffs' Consumer Protection Claims Must Be Dismissed.

The Complaint's additional claims—which assert causes of action under North Carolina's Unfair and Deceptive Trade Practices Act ("NCUDTPA"), Nebraska's Consumer Protection Act ("NCPA"), New Jersey's Consumer Fraud Act ("NJCFA"), and Minnesota's Consumer Fraud Act ("MCFA") (collectively, the "Consumer Protection Acts" and the "Consumer Protection Act Claims")—also fail for several reasons. *See* N.C. Gen. Stat. § 75-1.1 (Count II); Neb. Rev. Stat. § 59-1602 (Count III); N.J. Stat. Ann. § 56:8-2 (Count IV); Minn. Stat. § 325F.69, subd. 8 (Count V).

#### A.    Plaintiffs Fail to Allege Any Facts Connecting the Alleged Conduct to North Carolina, Nebraska, New Jersey, and Minnesota, Foreclosing Consumer Protection Act Claims Under the Laws of Those States.

First, Plaintiffs' claims under the Consumer Protection Acts must be dismissed because the Complaint fails to assert any facts linking Plaintiffs, Capital One, any decisions, or any actions related to the account closures, to these states.[6] Undersigned counsel is not aware of any case law that would permit Florida plaintiffs to bring claims under the Consumer Protection Acts of these four states without a single fact to connect Plaintiffs, Defendant, or the account closures to those states, as Plaintiffs seek to do here. To the contrary, each of the Consumer Protection Acts requires

---

[6]   Plaintiffs do not bring a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), which exempts banks regulated by federal agencies from liability under the Florida statute. *See* §§ 501.201, 501.212(4)(c), Fla. Stat.

9

a factual nexus between the parties or the allegedly wrongful conduct and the relevant state, as the state-specific case law makes clear.

**North Carolina**:  Courts applying the NCUDTPA require a plaintiff to plead facts indicating either a "substantial effect" on the plaintiff's operations in North Carolina or injury caused by a North Carolina defendant's activities within North Carolina.  *See Window World of Baton Rouge, LLC v. Window World, Inc.*, No. 15-CVS-1, 2024 WL 5053172, at *45 (N.C. Super. Ct. Nov. 26, 2024) (finding plaintiffs' NCUDTPA claim fails where they "can point to neither an in-state injury nor any in-state business operations"); *Collision Consolidation Co. v. MAACO Franchisor SPV, LLC*, No. 2023-007248, 2023 WL 12046829, at *2 (Mich. Cir. Ct. July 31, 2023) (dismissing Michigan plaintiff's NCUDTPA claim against a company *headquartered* in North Carolina for failure to allege that plaintiff suffered a substantial effect on operations or suffered any injury in North Carolina).  Courts routinely dismiss claims under the North Carolina law where plaintiffs have not pled any factual connection to North Carolina.  *See, e.g.*, *Viper Publ'g, LLC v. Bailey*, No. 3:17-CV-00314, 2018 WL 3114536, at *4–5 (W.D.N.C. June 25, 2018) (dismissing NCUDTPA claim where plaintiff "has not alleged any in-state injurious effect to his business operations in North Carolina").

**Nebraska:**  Multiple courts have likewise concluded that the NCPA does not reach extraterritorial conduct without any nexus to Nebraska.  The NCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," Neb. Rev. Stat. § 59–1602, and "trade and commerce" is defined as "the sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska."  Neb. Rev. Stat. § 59–1601(2); *see also Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141 (Neb. 2000).  As such, dismissal is warranted where a plaintiff fails to allege a factual nexus connecting

10

an alleged transaction to Nebraska or its citizens. *See Chavez v. Wal-Mart Stores, Inc.*, No. CV-13-6429, 2014 WL 12591252, at *3 (C.D. Cal. June 2, 2014) (dismissing NCPA claim because plaintiff did not allege that her purchase "ha[d] any connection" to Nebraska); *Jacobs v. Fareportal, Inc.*, No. 8:17-CV-362, 2019 WL 11029415, at *15 (D. Neb. Sept. 19, 2019) (requiring "a connection or nexus between Nebraska citizens" and the alleged conduct causing the injury).

**New Jersey:**  Courts have declined to apply the NJCFA when plaintiffs do not reside or conduct business, or allege that the challenged transaction took place, in New Jersey. *See Knox v. Samsung Elecs. Am., Inc.*, No. 08-4308, 2009 WL 1810728, at *2–4 (D.N.J. June 25, 2009) (declining to apply NJCFA to New Jersey defendant where plaintiff did not reside in, and relevant contacts occurred outside of, New Jersey). Dismissal is appropriate where, as here, a plaintiff fails to plead any connection to New Jersey. *See Blackhall v. Access Grp.*, No. 2:10-00508, 2010 WL 3810864, at *5 (D.N.J. Sept. 22, 2010) (dismissing NJCFA claim because "[p]laintiff's claim fail[ed] to show enough of a connection to New Jersey" where "[t]he only connection . . . [was] [p]laintiff's current residency within the state"); *Cheslow v. Cont'l Cas. Co.*, No. 21-C-4010, 2022 WL 1641888, at *5–6 (N.D. Ill. May 24, 2022) (dismissing NJCFA claim because "the nexus to New Jersey's consumer fraud protections [was] too attenuated" where the allegations were based on a group insurance policy issued to plaintiff's New Jersey-based employer).

**Minnesota:**  The MCFA requires that the alleged violations took place in Minnesota. *See Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 962 (D. Minn. 2020) (declining to apply MCFA extraterritorially because "the MCFA may be applied only to conduct that occurred in Minnesota"), *aff'd*, 9 F.4th 981 (8th Cir. 2021). Courts routinely dismiss MCFA claims where a plaintiff fails to allege a factual connection between the allegedly wrongful conduct and Minnesota. *See In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233 (D. Kan.

11

2015) (dismissing claim where there was no allegation that wrongful conduct was "performed in Minnesota" and noting that the MCFA does "not apply extra-territorially to allow . . . claims by nonresidents"); *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156–57 (D. Minn. 2023) (dismissing MCFA claim because relevant conduct took place outside of Minnesota and the MCFA does not apply extraterritorially).

Capital One is based in Virginia, and the Plaintiff entities, as well as the individual Plaintiff, are based in Florida. Compl. ¶¶ 1–5. None of the facts asserted in the Complaint provides any conceivable connection to North Carolina, Nebraska, New Jersey, or Minnesota, and Plaintiffs therefore fail to meet a threshold requirement to state a claim under any of the Consumer Protection Acts.

The only remotely relevant allegations Plaintiffs include regarding each state are general statements—repeated without variation for each of the four state laws—that the issue of political de-banking is of "significant public interest to the residents" of each state; that de-banking decisions "directly affect [State] residents when their banking relationships are terminated"; and that this alleged conduct "directly and indirectly affect[s] [State] residents because it chills their exercise of political speech by the threat of having their banking relationships terminated." *Id*. ¶¶ 74–76, 95–97, 115–17, 136–38. But Plaintiffs do not reside in these states or allege a factual connection between the account closures and any of these states, nor do Plaintiffs seek to represent a class of such states' citizens. Generalized allegations of harm to the citizens of a state where Plaintiffs do not live and where the account closures did not take place are insufficient to state a claim. *See infra* at 13–14. Otherwise, the consumer protection or consumer fraud statutes of all fifty states could apply to any alleged wrongdoing occurring anywhere, expanding these state laws far beyond their intended reach.

B.  **Plaintiffs Fail to Plead Sufficient Facts to Allege that Capital One Has Done Anything Unfair or Misleading.**

Plaintiffs' claims under the Consumer Protection Acts must also be dismissed because the Complaint fails to adequately allege facts suggesting that Capital One engaged in any unfair, fraudulent, or deceptive trade practice, as required to state such a claim.[7]  As described above, Plaintiffs' Complaint offers only the conclusory allegation that Capital One uses "unlawful and deceptive de-banking practices" to "terminate banking relationships based on a consumer or business' political views that are contradictory to those held by Capital One."  Compl. ¶¶ 74, 95, 115, 136.  With regard to Capital One's closure of Plaintiffs' accounts, the Complaint rests entirely on the conclusory assertion that the closure was for political reasons and offers no factual allegations to support that conclusion.  Plaintiffs do not point to any misleading, unfair, or deceptive practice related to the account closures.  *See Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 517 (D.N.J. 2009) (dismissing NJCFA claim where the challenged practice was disclosed to plaintiff in bank account agreement because "mere customer dissatisfaction does not constitute consumer fraud") (citation omitted), *aff'd*, 374 F. App'x 341 (3d Cir. 2010).  To the

---

[7]   *See Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 800 (E.D.N.C. 2019) (NCUDTPA claim requires plaintiff to plausibly allege that "(1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff") (alteration in original) (citation omitted), *aff'd sub nom. Fitzgerald Fruit Farms, LLC v. Harris*, 858 F. App'x 625 (4th Cir. 2021); *Est. of Joyce Rosamond Petersen v. Boland*, No. 8:16-CV-183, 2016 WL 6102339, at *5 (D. Neb. Oct. 19, 2016) (NCPA claim requires plaintiffs to show that "(1) the defendant engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce; (2) the defendant's conduct affected the public interest; (3) the plaintiff was injured in its business or property by the defendant's deceptive trade practice; and (4) the plaintiff suffered damages"); *Robey v. SPARC Grp. LLC*, 311 A.3d 463, 471 (2024) (NJCFA claim requires plaintiffs to plead "an unlawful practice, an ascertainable loss, and a causal relationship between the two"); *Nelson v. Am. Fam. Mut. Ins. Co.*, 899 F.3d 475, 481 (8th Cir. 2018) (MCFA requires plaintiffs to show (1) the defendant engaged in conduct prohibited by the statute; (2) the plaintiff relied upon the unfair practice, and (3) the plaintiff was damaged thereby).

contrary, Plaintiffs admit that Capital One provided substantial advance notice of the closures and granted extensions of the closing date of the accounts at Plaintiffs' request. Compl. ¶ 39. Banks regularly close accounts consistent with guidance from federal banking regulators, as the Rules permitted Capital One to do here.[8] Accordingly, Plaintiffs' generalized allegations are insufficient to state a plausible claim for relief. *See, e.g.*, *Waterford I at Cary Park Condo. Homeowners Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, 669 F. Supp. 3d 531, 536–37 (E.D.N.C. 2023) (dismissing NCUDTPA claims based on conclusory allegations); *Ordosgoitti v. Werner Enters., Inc.*, No. 8:20-CV-421, 2021 WL 826504, at *7 (D. Neb. Mar. 4, 2021) (dismissing NCPA claim because "bare assertion" about impact on the Nebraska general public was insufficient); *Gutman v. Liberty Bankers Life Ins. Co.*, No. 24-8076, 2025 WL 615128, at *5 (D.N.J. Feb. 26, 2025) (dismissing NJCFA claim where plaintiff's allegations were "conclusory"); *Sykora v. Chase Home Fin., LLC*, No. 12-775, 2012 WL 2979142, at *2 (D. Minn. July 20, 2012) (dismissing MCFA claim based on insufficient facts and conclusory allegations).

---

[8] *Closing a Bank Account*, Off. of the Comptroller of the Currency, https://www.helpwithmybank.gov/help-topics/bank-accounts/opening-closing-inactive-bank-accounts/closing-a-bank-account/closing-notification.html (last visited May 7, 2025) ("Generally, banks may close accounts, for any reason and without notice.").

**CONCLUSION**

For the foregoing reasons, Capital One respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

Dated: May 7, 2025

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
E-service: efilings@gsgpa.com

GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950

HELEN CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*