**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/LETT**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(c) and Southern District of Florida Local Rule 7.1, Defendant Capital One, N.A. ("Defendant" or "Capital One") respectfully moves for a temporary stay of discovery pending this Court's ruling on its Motion to Dismiss filed May 7, 2025 (the "Motion to Dismiss" or the "Motion"). ECF No. 15.

**INTRODUCTION**

Capital One respectfully requests that this Court stay discovery during the pendency of its Motion to Dismiss, which, if granted, will dispose of Plaintiffs' case in its entirety. Discovery in this case will undoubtedly be contested and complex, involving years of sensitive documents and information about Plaintiffs and their businesses, as well as Capital One's handling and closure of hundreds of associated bank accounts. This complicated and burdensome discovery can be avoided altogether given the likelihood that Capital One's Motion to Dismiss will be granted. Significantly, a modest stay will not result in any prejudice to Plaintiffs, who waited nearly four

years after the account closures to file litigation. Under these circumstances, the Court should order a brief stay of discovery pending the resolution of Capital One's Motion to Dismiss.

## BACKGROUND

On March 7, 2025, The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump (collectively, "Plaintiffs") filed a five-count Complaint against Capital One in the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, Case No. 2025-004022-CA-01. ECF No. 1; ECF No. 1-1. On April 7, 2025, Capital One removed this case to federal court based on diversity jurisdiction. ECF No. 1.

On May 7, 2025, and concurrently with the filing of this motion, Capital One moved to dismiss the entirety of Plaintiffs' Complaint. ECF No. 15. As discussed below, the Motion to Dismiss argues that Plaintiffs' Complaint fails to provide factual or legal support for any of the claims asserted, requiring dismissal on several grounds. Under the schedule ordered by the Court, the Parties must fully brief the Motion to Dismiss no later than June 20, 2025.

## ARGUMENT

This Court should exercise its broad discretion to stay discovery pending a decision on Capital One's case-dispositive Motion to Dismiss. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). Courts in this District have stayed discovery pending resolution of a dispositive motion to dismiss when the motion was likely to dispose of the entire case. *See, e.g.*, *Solar Star Sys., LLC v. BellSouth Telecommc'ns, Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011); Order Staying Disc. (ECF No. 36), *Guillaume v. United States*, No. 23-CV-23287 (S.D. Fla. Jan. 3, 2024); Order Staying Disc. (ECF No. 31), *Taylor v. Mayorkas*, No. 23-CV-21881 (S.D. Fla. Oct. 26, 2023). Good cause exists where, as here, a motion to dismiss could resolve the case in its entirety. *See Chevaldina v. Katz*, No. 17-

22225-CIV, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, No. 09-21622-CIV, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009). As set forth below, Capital One satisfies each factor courts consider in granting a stay of discovery: (a) there is a strong likelihood that the Complaint will be dismissed; (b) discovery would impose significant costs and burdens; and (c) Plaintiffs would suffer little harm from a modest stay. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

**I.      The Complaint Will Likely Be Dismissed Due to Fatal Pleading Defects.**

Capital One's Motion to Dismiss presents dispositive challenges to the Complaint that will likely compel dismissal of all of Plaintiffs' claims, satisfying the "good cause" requirement under the law of this Circuit. *See Chevaldina*, 2017 WL 6372620, at *2; *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (granting stay of discovery while "the Court rules on the case dispositive issues raised in [d]efendant's [m]otion to [d]ismiss"). As the Eleventh Circuit has noted, "'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Snead v. Ga. Dep't of Corr.*, No. 24-10511, 2024 WL 4132941, at *3 (11th Cir. Sept. 10, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In determining whether to stay discovery, the court takes a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Chevaldina*, 2017 WL 6372620, at *2 (alteration in original) (citation omitted). A "preliminary peek" at Capital One's Motion to Dismiss reveals that the motion is meritorious and dispositive of the entire case.

First, Count I of Plaintiffs' Complaint, which asks the Court to issue a declaratory judgment regarding a decision made by Capital One in 2021, should be dismissed as an inappropriate request for an advisory opinion that is insufficient to obtain declaratory relief. *See* ECF No. 15 at 5–7. In

seeking declaratory relief, Plaintiffs do not allege that Capital One is violating any law, nor do they plead the existence of any contract governing the banking relationship, much less any plausible ambiguity or breach of that agreement. *See id.* at 7–9. Indeed, the Complaint altogether ignores the agreements governing the accounts, which permit Capital One to close an account in its sole discretion.[1] *Id.* at 7. Plaintiffs offer no facts to suggest they experienced any harm or financial damage as a result of the account closures, let alone that they are experiencing ongoing harm or expect any future harm from Capital One's decision to close the accounts. *See id.* at 6–7. These flaws compel dismissal of Plaintiffs' declaratory judgment claim.

Second, Plaintiffs' out-of-state consumer protection claims, Counts II–V, also suffer fundamental flaws. The claims—brought under the laws of North Carolina, Nebraska, New Jersey, and Minnesota—fail to plead any facts to connect the account closures to the relevant states' laws or interests, as required to make a claim under the laws of each state. *See id.* at 9–12. More fundamentally, Plaintiffs do not plead any facts to suggest that the closure of Plaintiffs' accounts was motivated by political views or was in any way deceptive, improper, or wrongful. *See id.* at 13–14. Plaintiffs raise only generalized allegations of harm to citizens of states where Plaintiffs do not live and where the account closures did not take place. *See id.*

Given that a "preliminary peek" into Capital One's Motion to Dismiss demonstrates significant "deficiencies" in Plaintiffs' claims, a stay of discovery is appropriate here. *Lewis v. Mercedes-Benz USA LLC*, No. 19-CIV-81220, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020)

---

[1] *See Rules Governing Deposit Accounts*, Capital One, https://www.capitalone.com/bank/disclosures/rules-governing/ (last visited May 7, 2025). ("We may close any account in our sole discretion at any time, for any or no reason and without notice to you.").

(granting stay of discovery where "the legal deficiencies asserted in [d]efendants' [m]otion to [d]ismiss . . . support the entry of a temporary stay").

## II.     Discovery Is Likely to Impose Substantial Burdens on the Parties and the Court.

Against the backdrop of Capital One's strong Motion to Dismiss, proceeding with discovery during its pendency risks wasting significant time and resources, a risk that could be avoided through a modest stay of discovery while the Motion is decided. *See Chudasama*, 123 F.3d at 1368 ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants . . . , delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."); *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *2 (11th Cir. Feb. 21, 2024) (affirming district court's stay of discovery and noting "the high costs of discovery" and "preference for deciding dispositive, purely legal motions before those costs are incurred").

Here, Plaintiffs bring claims based on the closure of hundreds of bank accounts associated with Plaintiffs.  Defending this lawsuit will necessarily involve the production of confidential and highly sensitive documents likely to be possessed by all parties and topics including the financial activities of these individuals and entities over the course of many years, Capital One's handling of Plaintiffs' accounts, and Capital One's internal process for dealing with account closures. Discovery would be burdensome for all parties given the sensitive nature of the issues involved, heightened confidentiality concerns, and the broad (yet unclear) scope of Plaintiffs' allegations of broader consumer harm.

These issues are also likely to impose burdens on the Court in dealing with inevitable discovery disputes and related issues relating to the complex and high-profile nature of Plaintiffs and the allegations advanced in the Complaint.  *See Blankenship v. Trump*, No. 2:19-CV-00549,

2020 WL 748874, at *3 (S.D. W. Va. Feb. 13, 2020) (granting motion to stay discovery "[d]ue to the complexity and potential sensitivity of the discovery requests" where "the motion to dismiss may obviate the need for some or even all of such expansive discovery"); *Chudasama*, 123 F.3d at 1367 (affirming stay of discovery where discovery would "impose[] unnecessary costs" "if the court ultimately dismisses the claim"). A brief stay of discovery during the pendency of Capital One's Motion to Dismiss would avoid these unnecessary burdens altogether.

### III. A Brief Stay of Discovery Will Not Prejudice Plaintiffs.

Finally, Plaintiffs are unlikely to suffer any material harm from a brief delay of discovery while the Court resolves the challenges to Plaintiffs' Complaint. As courts in this Circuit have recognized, a modest stay to permit the court to rule on a defendant's motion to dismiss is unlikely to cause a plaintiff significant harm. *See Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) (finding a temporary stay of discovery will not prejudice plaintiffs where there is no "continuing risk" of injury, and "should the case proceed, [p]laintiff will have ample opportunity to conduct discovery"); *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709, 2020 WL 6118779, at *4 (S.D. Fla. Oct. 16, 2020) (finding a stay of discovery "would not prejudice [p]laintiff").

Nothing in the Complaint presents any imminent controversy or suggestion that Plaintiffs would be harmed by a modest stay while the Court decides Capital One's Motion; to the contrary, Plaintiffs waited several years after the 2021 closure decision to even file this action. *See Skuraskis*, 717 F. Supp. 3d at 1231. If Plaintiffs' claims do survive the Motion to Dismiss—which, as described above, is unlikely—the Parties can begin discovery promptly and with the benefit of the Court's guidance as to the scope of Plaintiffs' claims. In this circumstance, the burden of undertaking discovery that is likely to prove unnecessary far outweighs any prejudice Plaintiffs may suffer as a result of a modest discovery stay.

6

## **CONCLUSION**

For the foregoing reasons, Capital One respectfully requests that the Court grant its Motion to Stay Discovery, pending resolution of its Motion to Dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2), counsel for Defendant hereby certify that they have conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion, but Plaintiffs oppose the relief sought herein.

Dated: May 7, 2025

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
E-service: efilings@gsgpa.com

GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950

HELEN CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*