**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE TRUST, *et. al.*,

    Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia Corporation,

    Defendant.

                                  /

Case No. 1:25-cv-21596-RKA

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file this Response in Opposition ("Response") to the Motion to Stay Discovery ("Motion to Stay ") [ECF No. 16] filed by Defendant, Capital One, N.A. ("Capital One" or "Defendant"). In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

This action arises from Capital One's effective "debanking" of hundreds of bank accounts that Plaintiffs controlled, were beneficiaries of, and actively used ("Plaintiffs' Accounts") simply because Capital One believed that the political views at the time favored doing so.  For decades, Plaintiffs, individually and through numerous entities, have been customers of Capital One, transacting tens of millions of dollars through Capital One, and maintaining a mutually beneficial relationship with Capital One. But then on March 8, 2021, without warning or provocation and without any recourse, remedy, or alternative, Capital One notified Plaintiffs that Plaintiffs'

Accounts would be closed on June 7, 2021, causing Plaintiffs considerable financial harm by the devastating impact on Plaintiffs' ability to transact and access their monies.

Plaintiffs are entitled to proceed expeditiously toward redress of their injuries. Capital One's Motion to Dismiss [ECF No. 15] raised run-of-the-mill arguments, chiefly that Plaintiffs have failed to state a plausible claim for declaratory relief because Plaintiffs purportedly did not plead any contractual breach or ambiguity or legal violation and that Plaintiffs have failed to state plausible claims under various state consumer protection statutes because Plaintiffs did not plead any facts connecting the alleged conduct to those states and did not adequately plead facts suggesting that Capital One engaged in any unfair, fraudulent, or deceptive trade practice. *See id.* Such a routine motion to dismiss is not grounds to hold up discovery, which would be inefficient and benefit no one except Capital One, all to Plaintiff's prejudice. Capital One has failed to – and, ultimately, cannot – meet its burden that a stay of all discovery in this case is necessary, reasonable, and appropriate pending the Court's determination of Capital One's Motion to Dismiss. Indeed, Plaintiffs will be filing a Motion for Leave to Amend and Add Parties ("Motion for Leave") seeking to file their First Amended Complaint which effectively cures the alleged pleading defects raised in Capital One's Motion to Dismiss.[1] Thus, this Court should deny Defendant's Motion to Stay.

---

[1] In lieu of responding to Capital One's Motion to Dismiss, Plaintiffs will be filing their Motion for Leave, which will moot Capital One's Motion to Dismiss [ECF No. 15] and Motion to Stay [ECF No. 16]. At Capital One's request, Plaintiffs and Capital One have agreed to extend the briefing schedule on Capital One's Motion to Dismiss such that Plaintiffs' Response in Opposition shall be due June 11, 2025, and Capital One's Reply Memorandum, if any, shall be due on June 25, 2025, to allow Capital One time to review Plaintiffs' forthcoming Motion for Leave and advise of its position.

# ARGUMENT

I. **Legal Standard For Staying Discovery**

As Chief Judge Cecilia M. Altonaga explained:

> ***Th[e] skepticism of discovery stays is well-founded.*** Courts must construe the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. The rules governing discovery are no exception. '[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.' *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (alteration added; citations omitted). These problems include 'duplicat[ion] [of] costs because counsel must reacquaint themselves with the case once the stay is lifted[,]' leaving '[m]atters of importance . . . mislaid or avenues unexplored[,]' and the 'management problem[s]' that inevitably arise when the case 'leaves the normal trial track.' *Kron Med. Corp. v. Groth,* 119 F.R.D. 636, 637 (M.D.N.C. 1988) (alterations added). For these reasons, ***federal law places a thumb on the scale against discovery stays*** while also permitting departure from that general rule when the circumstances warrant – and when the proponent of the stay sets forth sufficient justification for delay.

*Thompson v. Ryder System, Inc.,* No. 22-20552-CIV-ALTONAGA/Torres, 2022 WL 18776115, *2 (Sept. 7, 2022) (emphasis added).

Indeed, "[a] stay of discovery pending the determination of a motion to dismiss . . . is the ***exception*** rather than the rule." *Cabrera v. Progressive Behavioral Science, Inc.,* 331 F.R.D. 185, 186 (S.D. Fla. 2019) (emphasis added). "[D]efendants bear a tall burden in seeking discovery stays." *Thompson,* 2022 WL 18776115 at *2. "[A] defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a 'specific showing of prejudice or burdensomeness[.]" *Id.* (citing *Cuhaci v. Kouri Group, LP,* 540 F.Supp.3d 1184, 1187 (S.D. Fla. 2021). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.,* No. 12-61528-Civ, 2012 WL 5471793, *1 (S.D. Fla. Nov. 9, 2012). Further, "a motion to stay discovery . . . is rarely appropriate unless resolution of the motion [to dismiss] will dispose of

the entire case." *Bienaime v. Fla. Dept. of Children and Families,* No. 24-cv-23018-BLOOM/Elfenbein, 2024 WL 2986929. *1 (S.D. Fla. Nov. 15, 2024) (citation omitted); *see also Carey v. Kirk,* No. 21-20408-CIV, 2021 WL 9347056, at *1 (S.D. Fla. Sept. 20, 2021) ("[M]otions to stay discovery are largely denied *except* in exceptional circumstances where a motion to dismiss would dispose of the entire case.") (emphasis added).

As further demonstrated below, Capital One has not come close to meeting its burden that its Motion to Dismiss is "clearly meritorious and truly case dispositive," or that it faces any unreasonable burden or prejudice by participating in discovery.

## II.   Defendant's Motion to Stay Is Arguably Moot.

As an initial matter, "[t]o evaluate whether there is a strong likelihood 'the motion [to dismiss] will be granted and entirely eliminate the need for such discovery,' the district must take a 'preliminary peek' at its merits." *Griffin v. Internal Revenue Service,* 2023 WL 8878219, *1 (S.D. Fla. Dec. 22, 2023) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)). As previously set forth, Plaintiffs will be filing their Motion for Leave to file their First Amended Complaint which will effectively cure the alleged pleading defects raised in Capital One's Motion to Dismiss. Thus, if granted, Plaintiffs' Motion for Leave would moot Capital One's Motion to Dismiss and its Motion to Stay, which is based on the Motion to Dismiss. For this reason alone, Capital One's Motion to Stay should be denied.  *See Harrington v. Veritext, LLC,* No. 24-CV-22787-MOORE/Elfenbein, 2024 WL 4678929, *5 (S.D. Fla. Nov. 4, 2024) (recommending motion to stay discovery be denied as moot after recommending that motion for leave to amend complaint be granted because defendant's motion to dismiss is directed at the no-longer-operative complaint).

**III.     Defendant's Motion to Dismiss Is Not "Clearly Meritorious and Truly Case Dispositive."**

Even if the Court were to take a preliminary peek at Capital One's current Motion to Dismiss, a stay is warranted only if the motion to dismiss "clearly meritorious and truly case dispositive." *United States Mosley v. Walgreen Co.,* No. 18-cv-80200-BLOOM/Torres, 2024 WL 1717322, *3 (S.D. Fla. Apr. 22, 2024); *see also Ray,* 2012 WL 5471793 at *6 (denying motion to stay discovery because "the Court cannot say that this case is surely destined for dismissal"); *Datto v. Fla. Int'l Univ. Bd. Of Trs.,* No. 1:20-CV-20360, 2020 WL 3576195, *5 (S.D. Fla. June 30, 2020) (denying motion to stay discovery because "this case does not present the type of an 'especially dubious' claim faced by the *Chudasama* Court'"); *Cabrera,* 331 F.R.D. at 186 (denying motion to stay discovery because "[d]ismissal of the case with prejudice is not a foregone conclusion"). That is certainly not the case here. Capital One's Motion to Dismiss is premised on Plaintiffs' purported failure to allege sufficient or adequate facts to support their claims, which Plaintiffs effectively cure in their proposed First Amended Complaint. Thus, Capital One cannot establish that its Motion to Dismiss will dispose of the entirety of this action with prejudice.

**IV.     Defendant Does Not Provide Any Evidence That It Faces Unreasonable Burdens or Prejudice By Participating In Discovery.**

Further, Capital One has failed to make a *specific* showing of prejudice or burdensomeness to warrant any stay of discovery. Capital One's generalized complaints that "[d]efending this lawsuit will necessarily involve the production of confidential and highly sensitive documents," concerning Plaintiff's financial activities, Capital One's handling of Plaintiffs' accounts, and Capital One's internal process for dealing with account closures, hardly constitutes the *specific* showing of prejudice or burdensome required to justify a stay of discovery. *See Montoya v. PNC Bank, N.A.,* No. 14-20474-JG, 2014 WL 2807617, *2 (S.D. Fla. June 20, 2014) (denying motion

to stay based on conclusory statements regarding burdensome discovery); *Ray,* 2012 WL 5471793 at *3 (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay"). Capital One is free to seek relief from discovery through less drastic measures, such as raising appropriate objections, and certainly has the multitude of tools provided by the discovery rules at its disposal. But unduly delaying the discovery process in this action would certainly prejudice Plaintiffs, who have already suffered substantial injury due to Capital One's actions. A stay of discovery is simply not warranted.

## **CONCLUSION**

For the reasons described above, Capital One's Motion to Stay should be denied and discovery should proceed in the normal course.

Dated June 6, 2025

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com
Secondary: chernandez@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 6th day of June 2025 through the Florida Courts E-filing Portal upon:

| **Debevoise & Plimpton, LLP** | **Gelber Schachter & Greenberg, P.A.** |
|---|---|
| Helen Cantwell, Esq. | Adam Schachter, Esq. |
| Susan Reagan Gittes, Esq. | Gerald Greenberg, Esq. |
| Erich O. Grosz, Esq. | Shane Grannum, Esq. |
| 66 Hudson Boulevard | 1 SE 3rd Avenue, Suite 2600 |
| New York, New York 10001 | Miami, Florida 33131 |
| hcantwell@debevoise.com | aschachter@gsgpa.com |
| srgittes@debevoise.com | ggreenberg@gsgpa.com |
| eogrosz@debevoise.com | sgrannum@gsgpa.com |
| *Counsel for Defendant* | *Co-counsel for Defendant* |

By: /s/ *Alejandro Brito*