**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE        Case No. 1:25-cv-21596-RKA
TRUST, *et. al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

      Defendant.

                                      /

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND**
**JOIN ADDITIONAL PARTIES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump (collectively, "Plaintiffs"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 15 and 21, hereby file this Motion for Leave to Amend Complaint and Join Additional Parties ("Motion"). In support,  and in support thereof, states as follows:

**SUMMARY OF MOTION**

For three reasons, the Court should grant this Motion and allow Plaintiffs to file their First Amended Complaint and add the new parties in the First Amended Complaint to this case. *First*, the proposed First Amended Complaint is Plaintiffs' first request for leave of Court to amend its operative pleading. Moreover, Plaintiffs have not exhibited any undue delay in requesting this amendment for the first time. Plaintiffs' request is being made pursuant to the same briefing schedule ordered by the Court on April 9, 2025. *See* D.E. 9 ("The Defendant shall respond to the Plaintiffs' Complaint by **May 7, 2025**. If the Defendant files a motion to dismiss, the Plaintiffs

shall respond to the motion to dismiss by **June 6, 2025**, and the Defendant may file its reply to the response by **June 20, 2025**.") (emphasis in original); *see also* D.E. 29 ("The Plaintiffs shall respond to the Motion to Dismiss by June 11, 2025. The Defendant may file a reply to the Plaintiff's response in opposition by June 25, 2025."). Notably, the deadline to request leave to amend does not expire until July 14, 2025. *See* D.E. 14 ("**July 14, 2025**. The parties shall file all motions to amend pleadings or to join parties.") (emphasis in original).

*Second*, the proposed First Amended Complaint is not prejudicial to Defendant Capital One, N.A. ("Capital One"). Plaintiffs' original Complaint alleged claims under Minnesota and Nebraska consumer protection statutes. *See* D.E. 1, ¶¶ 81-100; 122-142. The proposed First Amended Complaint withdraws those claims, which eliminates the need to have any motion to dismiss against them adjudicated. A true and correct copy of the First Amended Complaint is **Exhibit A**. Moreover, discovery has not yet begun and will not be required to be completed until April 14, 2026. *See* D.E. 14.

*Third*, the proposed First Amended Complaint is not a futile amendment. Indeed, the First Amended Complaint adds new parties that suffered specific injuries in North Carolina and New Jersey. *See* Exhibit A, ¶¶ 119-142 (North Carolina Plaintiffs); *see also* Exhibit A, ¶¶ 143-164 (New Jersey Plaintiffs). The proposed First Amended Complaint also alleges additional ultimate facts in Count I, which seek declaratory relief that Capital One's debanking of Plaintiffs was unlawful under its Rules Governing Deposit Accounts. *See id*., ¶¶ 110-118. And, finally, the proposed First Amended Complaint also alleges a new claim in Count IV: Breach of the Implied Covenant of Good Faith and Fair Dealing under Capital One's Rules Governing Deposit Accounts. *See id*., ¶¶ 165-173. Because Count IV describes the conscious and deliberate act committed by Capital One against Plaintiffs, Count IV states a claim.

2

## RELEVANT FACTUAL BACKGROUND

1.      On March 7, 2025, Plaintiffs filed their original Complaint against Capital One in Miami-Dade County, Florida's Eleventh Judicial Circuit. *See* D.E. 1.

2.      The original Complaint contained five causes of action:

i.      Declaratory Relief under Florida Statute § 86.011;

ii.     Violation of North Carolina's Consumer Protection Act;

iii.    Violation of Nebraska's Consumer Protection Act;

iv.     Violation of New Jersey's Consumer Protection Act; and

v.      Violation of Minnesota's Consumer Protection Act.

*See* D.E. 1, ¶¶ 52-142.

3.      On April 7, 2025, Capital One removed this case to this Court. *See* D.E. 1.

4.      The next day, Capital One filed its Expedited Motion for Extension of Time to Respond to the Complaint. *See* D.E. 7.

5.      The day after, the Court entered an Order granting Capital One's Expedited Motion for Extension of Time to Respond to the Complaint, stating "The Defendant shall respond to the Plaintiffs' Complaint by **May 7, 2025**. If the Defendant files a motion to dismiss, the Plaintiffs shall respond to the motion to dismiss by **June 6, 2025**, and the Defendant may file its reply to the response by **June 20, 2025**." D.E. 9 (emphasis in original).

6.      On April 30, 2025, the Court entered the Order Setting Trial and Pre-trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Trial Order"). *See* D.E. 14.

7.      Therein, the Court ordered that any motions to amend pleadings or join parties must be filed by July 14, 2025. *See id.*, ("**July 14, 2025**. The parties shall file all motions to amend

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

pleadings or to join parties.") (emphasis in original).

8.      On May 7, 2025, Capital One filed its Motion to Dismiss for Failure to State a Claim. *See* D.E. 15.

9.      Among other arguments, Capital One sought dismissal of Plaintiffs' claims under the Nebraska Consumer Protection Act and Minnesota Consumer Protection Act. *See id*., pp. 10-12.

10.     On June 9, 2025, the Court granted the parties' Joint Motion for Extension of Time and extended the briefing schedule for the Motion to Dismiss. *See* D.E. 29 ("The Plaintiffs shall respond to the Motion to Dismiss by June 11, 2025. The Defendant may file a reply to the Plaintiff's response in opposition by June 25, 2025.").

11.     Plaintiffs' proposed First Amended Complaint withdraws causes of action previously alleged under the Nebraska Consumer Protection Act and Minnesota Consumer Protection Act. *See generally* Exhibit A.

12.     Instead, Plaintiffs' proposed First Amended Complaint alleges these causes of action against Capital One:

    i.      Declaratory Relief under Florida Statute § 86.011;

    ii.     Violation of North Carolina's Consumer Protection Act;

    iii.    Violation of New Jersey's Consumer Protection Act; and

    iv.     Breach of the Implied Covenant of Good Faith and Fair Dealing.

*See id*., ¶¶ 110-173.

13.     Plaintiffs' proposed First Amended Complaint adds new parties, including: T International Realty, LLC, Eric Trump Wine Manufacturing, LLC, TNGC Charlotte, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, Lamington Family Holdings, LLC and

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Trump Ice, LLC. *See generally id.*

14.     New proposed Plaintiffs T International Realty, LLC, Eric Trump Wine Manufacturing, LLC, TNGC Charlotte, LLC, and Mobile Payroll Construction, LLC had active business in either North Carolina or New Jersey when Capital One debanked Plaintiffs. *See id.*, ¶¶ 54-96.

15.     Plaintiffs' proposed First Amended Complaint also elaborates on the specific harm that existing Plaintiff DTTM Operations, LLC suffered by Capital One in both North Carolina and New Jersey. *See id.*, ¶¶ 70-76; 90-96.

16.     Plaintiffs' proposed First Amended Complaint also alleges a new claim Breach of the Implied Covenant of Good Faith and Fair Dealing. *See id.*, ¶¶ 97-101; 165-173.

**ARGUMENT**

**A.  Applicable law**.

Under Federal Rule of Civil Procedure P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.,* 454 F. Supp. 3d 1259, 1269 (S.D. Fla. 2020) (granting motion for leave and for reconsideration to amend complaint).

"The Eleventh Circuit has explained that a motion for leave to amend may be denied where a court finds: (1) 'undue delay,' (2) 'undue prejudice,' or (3) 'futility of the amendment.' " *Solu-Med, Inc. v. Youngblood Skin Care Products, LLC,* No. 19-60487-CIV, 2020 WL 3487881, at *2 (S.D. Fla. June 4, 2020) (granting motion for leave to amend). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

If the request for leave to amend is filed timely under the operative scheduling order, then the Court's analysis is focused on Federal Rule of Civil Procedure 15(a). *Cf. Gonin v. Carnival Corp.,* No. 23-CV-24161, 2024 WL 2976743, at *3 (S.D. Fla. June 13, 2024) (cited only to explain applicable standard: "If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well."). Under Federal Rule of Civil Procedure 21, "[p]arties may be dropped or added by order of the court on motion of any party . . . at any state of the action and on such terms as are just." Fed. R. Civ. P. 21.

**B. Leave to amend should be granted**.

Because this Motion is being filed timely and there is no undue delay committed by Plaintiffs, the proposed First Amended Complaint does not prejudice Defendant, and the proposed First Amended Complaint is not a futile amendment, the Court should grant this Motion.

**i.    No undue delay by Plaintiffs**.

Under the Court's Trial Order, Plaintiffs have timely filed this Motion because it is before the July 14, 2025, deadline to seek leave to amend pleadings and add parties. *See* D.E. 14. The Motion is also timely because it is consistent with the briefing schedule for Capital One's Motion to Dismiss Plaintiff's original Complaint. *See* D.E. 9; *see also* D.E. 29. Moreover, this is Plaintiffs' first request for leave to amend.

**ii.    No undue prejudice to Defendant**.

Although Plaintiffs served discovery requests on Capital One back in April 2025, the parties have not yet begun discovery because Capital One has sought to stay discovery until Capital

6

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

One's pending Motion to Dismiss is adjudicated. *See* D.E. 16. Indeed, the Court entered a temporary stay of discovery until June 20, 2025, when Capital One's pending Motion to Stay will become ripe for adjudication. *See* D.E. 22. ("Accordingly, we'll temporarily **STAY** all discovery-related deadlines in this case until the Motion to Stay Discovery is ripe. The stay will automatically lift at **11:59 pm on June 20, 2025**."). Because the parties have not yet begun discovery, Capital One will not be prejudiced because no documents have been exchanged and no depositions have been taken. So, Capital One has ample time to conduct discovery related to these new claims by the Court's April 14, 2026, deadline. *See* D.E. 14 ("**April 14, 2026**. All discovery, including expert discovery, shall be completed.") (emphasis in original). In fact, Capital One will benefit from the proposed First Amended Complaint because two of the pending claims currently alleged against it will be voluntarily dismissed. *See generally* Exhibit A.

> **iii.    The proposed First Amended Complaint is not a futile amendment**.

"Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Youngblood*, 2020 WL 3487881,  at *3 (quoting *Carril v. James River Ins. Co.*, 2020 WL 2129568, at *1 (S.D. Fla. May 5, 2020)). Arguments of futility are "better suited for a motion to dismiss or motion for summary judgment as to that individual Plaintiff's claims." *Veal v. Crown Auto Dealerships, Inc.,* No. 8:04-CV-323-T-27MSS, 2005 WL 8160209, at *1, f.n. 3 (M.D. Fla. May 26, 2005) (granting motion for leave to file fourth amended complaint).

Here, the proposed First Amended Complaint states a claim for declaratory relief (Count I), a violation of North Carolina's consumer protection act (Count II), New Jersey's consumer protection act (Count III), and a breach of the implied covenant of good faith and fair dealing in Capital One's Rules Governing Deposit Accounts (Count IV). *See* Exhibit A, ¶¶ 110-173.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Count I*. Under Count I, Plaintiffs alleges further detailed facts explaining that there is a live controversy between Plaintiffs and Capital One under Florida Statute § 86.011 because the parties are in doubt as to whether Capital One unlawfully debanked Plaintiffs pursuant to the existing Rules Governing Deposit Accounts. *See* Exhibit A, ¶¶ 110-118.

*Count II*. In Count II, Plaintiffs limit their cause of action under North Carolina's Consumer Protection Act to those Plaintiffs that were operating active businesses in North Carolina and suffered an injury in that state. *See id*., ¶¶ 119-142.

*Count III*. Count III's cause of action under the New Jersey Consumer Protection Act is likewise limited to the specific Plaintiffs that were operating active businesses in New Jersey and suffered an injury in that state *See id*., ¶¶ 143-164.

*Count IV*. Finally, Count IV alleges that Capital One breached the implied covenant of good faith and fair dealing in Capital One's Rules Governing Deposit Accounts. Plaintiffs allege that although Capital One may terminate a banking relationship for any reason, neither the letter nor the spirit of the Rules Governing Deposit Accounts allow termination for an unlawful purpose. Consequently, Capital One's conscious and deliberate act to debank Plaintiffs exposes Capital One to liability. *See id*., ¶¶ 165-173.

If the Court is in doubt as to whether the proposed First Amended Complaint is a futile amendment, the Court should nonetheless grant the Motion and determine on a motion to dismiss or motion for summary judgment whether Plaintiffs' new claims are viable. *See supra Veal*, 2005 WL 8160209, at *1, f.n. 3.

### C. Because the elements of Rule 15(a) are met, the Court should add the new proposed Plaintiffs.

"If parties seek to add a party under Rule 21, courts generally use the standard of Rule 15, governing amendments to pleadings, to determine whether to allow the addition." *Jane Doe 1,* No.

08-CV-80736-KAM, 2015 WL 11254692, at *2 (S.D. Fla. Apr. 7, 2015) (cited only to explain applicable standard) (quoting 12 Wright & Miller, Fed. Prac. & Fed. P., p. 432 (3d ed. 2013)).

To avoid repetition, Plaintiffs incorporate by reference herein all arguments raised in section B of this Motion as their basis for requesting that the Court allow new Plaintiffs T International Realty, LLC, Eric Trump Wine Manufacturing, LLC, TNGC Charlotte, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, Lamington Family Holdings, LLC and Trump Ice, LLC to join in and allege claims against Capital One for the same transaction or occurrence as the existing Plaintiffs.

**WHEREFORE,** Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump respectfully request that this Court grant this Motion, deem the proposed First Amended Complaint filed as of the date of the Order granting this Motion, and any other that this Court deems appropriate.

### CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Plaintiffs certifies that he conferred with counsel for Defendants, Erich O. Grosz, Esq., via email on various occasions from June 4, 2025, through June 11, 2025. On June 11, 2025, Capital One confirmed that it does not oppose the relief sought in this Motion.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated June 11, 2025

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com
Secondary: chernandez@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this

11th  day of June 2025 through the Florida Courts E-filing Portal upon:

| Debevoise & Plimpton, LLP | Gelber Schachter & Greenberg, P.A. |
|---|---|
| Helen Cantwell, Esq. | Adam Schachter, Esq. |
| Susan Reagan Gittes, Esq. | Gerald Greenberg, Esq. |
| Erich O. Grosz, Esq. | Shane Grannum, Esq. |
| 66 Hudson Boulevard | 1 SE 3rd Avenue, Suite 2600 |
| New York, New York 10001 | Miami, Florida 33131 |
| hcantwell@debevoise.com | aschachter@gsgpa.com |
| srgittes@debevoise.com | ggreenberg@gsgpa.com |
| eogrosz@debevoise.com | sgrannum@gsgpa.com |
| *Counsel for Defendant* | *Co-counsel for Defendant* |

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071