**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/LETT**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO EXTEND BRIEFING**
**DEADLINES AND STAY OF DISCOVERY**

Defendant Capital One, N.A. ("Capital One") moves to (1) extend briefing deadlines associated with its forthcoming Motion to Dismiss the Amended Complaint (ECF No. 32) and Motion to Stay Discovery pending the resolution of the Motion to Dismiss the Amended Complaint; and (2) extend the temporary stay of all discovery-related deadlines in this action until the Motion to Stay Discovery ripens. *See* ECF No. 22. In support thereof, Capital One states as follows:

1.    On April 9, 2025, the Court granted Capital One's Expedited Motion for Extension of Time to Respond to the Complaint and adopted a pre-removal briefing schedule agreed upon by the Parties to respond to the Complaint. ECF No. 9.  The Court ordered Capital One to respond to the Complaint by May 7, 2025; required Plaintiffs to respond to any motion to dismiss by June 6, 2025; and allowed Capital One to reply by June 20, 2025. *Id.*

1

2. On May 7, 2025, Capital One filed the Initial Motion to Dismiss the Complaint, ECF No. 15, and the Initial Motion to Stay Discovery pending the resolution of the Initial Motion to Dismiss. ECF No. 16.

3. On May 20, 2025, the Court granted Plaintiffs' Motion to Alter Briefing Schedule for Defendant's Motion to Stay Discovery. ECF No. 21. By imposing the same June 6, 2025 response and June 20, 2025 reply deadlines for the Initial Motion to Dismiss and the Initial Motion to Stay Discovery, the Court aligned briefing schedules for both motions.

4. Later that same day, the Court entered a *sua sponte* paperless order and stayed all discovery-related deadlines in this action until June 20, 2025, when the Initial Motion to Stay Discovery would be fully briefed under the then-existing schedule.[1] ECF No. 22.

5. In its paperless order, the Court "recognize[d] the potential prejudice the Defendant[] might suffer" if forced to respond to discovery requests propounded while its Initial Motion to Stay Discovery remained pending. *Id.*

6. On June 4, 2025, two days before their deadline to respond to the Initial Motion to Dismiss, Plaintiffs informed Capital One for the first time of their intent to seek leave to amend the Complaint and asked for Capital One's consent.

7. In response, Capital One requested that Plaintiffs share a draft of the proposed amended complaint for Capital One's review—which Plaintiffs did not send until June 6, 2025. Capital One determined that it needed more than a single day to review Plaintiffs' draft and confer with its counsel.

---

[1] Capital One was in the process of drafting a motion to extend discovery-related deadlines when the Court entered its *sua sponte* paperless order.

8. Accordingly, the Parties agreed to move jointly to extend Plaintiffs' deadline to respond to the Initial Motion to Dismiss until June 11, 2025, allowing Capital One time to consider whether to consent to Plaintiffs' request. ECF No. 27. The Court granted the request, allowing Plaintiffs until June 11, 2025 to respond to the Initial Motion to Dismiss. ECF No. 28.

9. On June 11, 2025, Capital One informed Plaintiffs that it would not oppose Plaintiffs' Motion for Leave to File an Amended Complaint, ECF No. 30; the Court granted Plaintiffs' Motion. ECF No. 31.

10. On June 12, 2025, Plaintiffs filed their First Amended Complaint. ECF No. 32.

11. Plaintiffs' filing of the First Amended Complaint has mooted both the Initial Motion to Dismiss and Initial Motion to Stay Discovery,[2] requiring Capital One to refile these motions.

12. Now, Capital One files this Motion and requests that the Court adopt the following streamlined briefing schedule for Capital One's forthcoming Motion to Dismiss the First Amended Complaint and Motion to Stay Discovery:

| Event | New Proposed Deadline |
|---|---|
| Capital One shall respond to the First Amended Complaint and file any motion to stay discovery | **July 11, 2025** |
| Plaintiffs shall file responses to Capital One's motion to dismiss and/or motion to stay discovery, if filed | **August 1, 2025** |
| Capital One may file a reply in support of its motion to dismiss and/or motion to stay discovery, if filed | **August 15, 2025** |

---

[2] As of the date of this Motion, the Court has entered a paperless order mooting Capital One's Initial Motion to Dismiss. ECF No. 31. However, the Court has yet to enter an order mooting Capital One's Initial Motion to Stay Discovery. Capital One believes this motion is moot since the stay hinges upon the disposition of the now-moot Initial Motion to Dismiss.

3

13. Capital One also requests that the Court maintain the status quo and extend its temporary stay of all discovery-related deadlines until the forthcoming Motion to Stay Discovery is ripe.

14. Good cause exists for the Court to grant this Motion.

15. *First*, prior to the filing of the First Amended Complaint, the Court had already adopted a streamlined briefing schedule with the same deadlines for the now-moot Initial Motion to Dismiss and Initial Motion to Stay Discovery. Capital One respectfully requests that the Court adopt the same streamlined briefing schedule for the forthcoming Motion to Dismiss and Motion to Stay Discovery, as both motions are connected and one is partially contingent upon resolution of the other—promoting consistency and judicial efficiency.[3]

16. *Second*, the proposed briefing schedule includes a modest, 14-day extension of Capital One's responsive pleading deadline (from June 26, 2025 to July 11, 2025), allowing Capital One time to digest the additional parties and issues named in the First Amended Complaint. In the interest of fairness, Capital One proposes similar extensions of the response and reply deadlines associated with both motions.

17. *Third*, extending the temporary stay maintains the status quo set in this action. Before Plaintiffs filed the First Amended Complaint, the Court had already stayed discovery-related deadlines in this action until the Initial Motion to Stay Discovery became ripe, noting that Capital One might incur "potential prejudice" if forced to respond to discovery requests propounded while its Initial Motion to Stay Discovery remained pending. ECF No. 22.

---

[3] Absent the adoption of a briefing schedule, no specific deadline will apply for Capital One to file its Motion to Stay Discovery. Therefore, a streamlined briefing schedule will also provide the Court with clarity about when the Motion to Stay Discovery will ripen.

18. *Fourth*, Capital One has not sought the relief requested for purposes of delay and the proposed extension is modest.

19. *Fifth*, adopting the proposed briefing schedule and extending the temporary stay will not prejudice the Court or any party to this action. Capital One's request does not interfere with any other deadlines set forth in the Court's Scheduling Order. ECF No. 14.

20. Accordingly, Capital One has filed this Motion in good faith and believes good cause exists to adopt the following briefing schedule for its forthcoming Motion to Dismiss and Motion to Stay Discovery.

## **CONCLUSION**

Based on the foregoing, Capital One respectfully requests that the Court grant this Motion, adopt the proposed briefing schedule set forth above, and extend the temporary stay until the forthcoming Motion to Stay Discovery becomes ripe. A proposed order granting this Motion is attached hereto as **Exhibit A**.

## **LOCAL RULE 7.1(a)(2) CERTIFICATE OF CONFERRAL**

Pursuant to Southern District of Florida Local Rule 7.1(a)(2), Defendant Capital One, N.A. certifies that it has conferred with counsel of record for Plaintiffs via email and Plaintiffs' counsel opposes the relief requested herein.

Dated: June 12, 2025

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

* Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*