**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE                  Case No. 1:25-cv-21596-RKA
TRUST, *et. al.*,

     Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

     Defendant.

_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**MOTION TO EXTEND BRIEFING DEADLINES AND STAY OF DISCOVERY**

Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, Eric Trump, Lamington Family Holdings, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, T International Realty, LLC, TNGC Charlotte, LLC, and Trump Ice, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file this Memorandum in Opposition to Defendant Capital One, N.A.'s ("Capital One") Motion to Extending Briefing Deadlines and Stay of Discovery ("Motion"). In support, Plaintiffs state as follows:

**SUMMARY OF RESPONSE**

For three reasons, the Court should deny Capital One's Motion. *First*, Capital One's Motion does not articulate a single reason why it requires additional time beyond what the Federal Rules of Civil Procedure allow to respond to an amended complaint. *Second*, Capital One's Motion does not explain any factual or legal basis why the current stay of discovery should be extended. *Third*, Capital One's Motion is self-serving and prejudicial to Plaintiffs because it seeks to preclude

Plaintiffs from engaging in any discovery for at least an additional two months—without any justifiable basis.

## RELEVANT FACTUAL BACKGROUND

1.     On March 7, 2025, Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump filed the original Complaint in Miami-Dade County, Florida's Eleventh Judicial Circuit.

2.     The original Complaint contained five causes of action:

   i.    Declaratory Relief under Florida Statute § 86.011;

   ii.   Violation of North Carolina's Consumer Protection Act;

   iii.  Violation of Nebraska's Consumer Protection Act;

   iv.   Violation of New Jersey's Consumer Protection Act; and

   v.    Violation of Minnesota's Consumer Protection Act.

3.     Thirteen days later, Capital One waived service and the parties agreed that Capital One would have until June 6, 2025, to respond to the original Complaint.

4.     On March 31, 2025, Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump served their First Request for Production and First Set of Interrogatories on Capital One.

5.     On April 7, 2025, Capital One removed this case to this Court. *See* D.E. 1.

6.     Two days later, the Court adopted Capital One's proposed briefing schedule for Capital One to respond to the original Complaint. *See* D.E. 7; *see also* D.E. 9.

7.     On April 30, 2025, after completing the parties' Fed. R. Civ. P. 16(f) conference, Plaintiffs re-propounded their First Request for Production and First Set of Interrogatories on Capital One.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

8.      On May 7, 2025, Capital One moved to dismiss the original Complaint and stay discovery. *See* D.E. 15 & 16.

9.      On May 20, 2025, the Court entered an Order stating that based on Capital One's Motion to Dismiss, discovery was to be temporarily stayed until June 20, 2025. *See* D.E. 22.

10.     On June 11, 2025, Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, and Eric Trump filed their Unopposed Motion for Leave to File Amended Complaint and Join Additional Parties and Incorporated Memorandum of Law, which the Court granted. *See* D.E. 30 & 31.

11.     The next day, Plaintiffs filed their First Amended Complaint against Capital One. *See* D.E. 32.

12.     The First Amended Complaint withdrew causes of action previously alleged under the Nebraska Consumer Protection Act and Minnesota Consumer Protection Act. *See generally id*.

13.     Plaintiffs' First Amended Complaint alleges these causes of action against Capital One:

  vi.    Declaratory Relief under Florida Statute § 86.011;

  vii.   Violation of North Carolina's Consumer Protection Act;

  viii.  Violation of New Jersey's Consumer Protection Act; and

  ix.    Breach of the Implied Covenant of Good Faith and Fair Dealing.

*See id*.

14.     Although the First Amended Complaint alleges one new cause of action (for Breach of the Implied Covenant of Good Faith and Fair Dealing), it is not a novel theory of law that requires significant legal interpretation. *See id*.

15.     The First Amended Complaint merely bolsters the factual allegations supporting

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Count I, Count II, and Count III, and adds these new parties: T International Realty, LLC, Eric Trump Wine Manufacturing, LLC, TNGC Charlotte, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, Lamington Family Holdings, LLC and Trump Ice, LLC. *See id.*

16.     Beyond these relatively minor revisions, there is no material difference between the original Complaint and the First Amended Complaint. *Compare* D.E. 1-1; *with* D.E. 32.

17.     Late in the evening on the day that Plaintiffs filed the First Amended Complaint, Capital One filed its instant Motion and submitted a proposed order to the Court. *See* D.E. 33.

**ARGUMENT**

**A.  No basis articulated to extend time to respond to the First Amended Complaint**.

Capital One's Motion does not articulate any factual or legal basis why it requires additional time beyond what the Federal Rules of Civil Procedure allow to respond to an amended complaint. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

Capital One's Motion to Dismiss the original Complaint was the product of nearly three months' of time to analyze whether Plaintiffs stated a claim under Florida Statute § 86.011, North Carolina's Consumer Protection Act, and New Jersey's Consumer Protection Act. *See* D.E. 15. Undoubtably, Capital One's forthcoming Motion to Dismiss the First Amended Complaint will likely rely on its prior research and briefing that facilitated its original Motion to Dismiss. So, Capital One already has a head start on its briefing in response to the First Amended Complaint. Although Capital One's Motion labels its proposed briefing schedule as "streamlined," Plaintiffs disagree with that characterization. Plaintiffs have no objection to a reasonable extension of time. However, Capital One's instant Motion seeks to double the time allotted under the Federal Rules

4

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

of Civil Procedure, which is excessive and not "streamlined."

**B. No basis articulated to extend the stay of discovery**.

Capital One's Motion also fails to articulate any factual or legal basis why the current stay of discovery, which is based on a moot Motion to Dismiss, should be extended. As this Court has previously pointed out, discovery stays are the *exception*—not the *rule*—and Capital One bears a heavy burden to show why a discovery stay is warranted. *See Thompson v. Ryder System, Inc.,* No. 22-20552-CIV-ALTONAGA/Torres, 2022 WL 18776115, *2 (Sept. 7, 2022) ("For these reasons, ***federal law places a thumb on the scale against discovery stays*** while also permitting departure from that general rule when the circumstances warrant – and when the proponent of the stay sets forth sufficient justification for delay.") (emphasis added). Moreover, there is no pending Motion to Dismiss the First Amended Complaint, which the Court must analyze to evaluate whether the current discovery stay should be extended. *See Harrington v. Veritext, LLC,* No. 24-CV-22787-MOORE/Elfenbein, 2024 WL 4678929, *5 (S.D. Fla. Nov. 4, 2024) (recommending motion to stay discovery be denied as moot after recommending that motion for leave to amend complaint be granted because defendant's motion to dismiss is directed at the no-longer-operative complaint). Put simply, Capital One has not met its burden.

**C. Capital One's Motion is prejudicial to Plaintiffs**.

Plaintiffs' original discovery requests were served nearly three months ago. Those same requests were propounded a second time nearly two months ago. Throughout this case, Capital One has leveraged procedural matters to unnecessarily delay its responses to these discovery requests. If granted, Capital One's Motion will further delay this case by precluding Plaintiffs from engaging in discovery until at least August 15, 2025. The Court should not approve any further delay.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**WHEREFORE,** Plaintiffs The Donald J. Trump Revocable Trust, DJT Holdings, LLC, DJT Holdings Managing Member, LLC, DTTM Operations, LLC, Eric Trump, Lamington Family Holdings, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, T International Realty, LLC, TNGC Charlotte, LLC, and Trump Ice, LLC respectfully request that this Court deny Defendant Capital One, N.A.'s Motion and enter an Order requiring that Capital One respond to the First Amended Complaint by June 26, 2025, and denying Capital One's request to extend the current discovery stay,  and awarding any other that this Court deems appropriate.

Dated June 13, 2025                          Respectfully submitted,

                                             **BRITO, PLLC**
                                             *Counsel for Plaintiffs*
                                             2121 Ponce de Leon Boulevard
                                             Suite 650
                                             Coral Gables, FL 33134
                                             Office: 305-614-4071
                                             Fax: 305-440-4385

                                             By: /s/ *Alejandro Brito*
                                             **ALEJANDRO BRITO**
                                             Florida Bar No. 098442
                                             Primary: abrito@britopllc.com
                                             Secondary: apiriou@britopllc.com
                                             **IAN MICHAEL CORP**
                                             Florida Bar No. 1010943
                                             Primary: icorp@britopllc.com
                                             Secondary: chernandez@britopllc.com

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 13th

day of June 2025 through the Florida Courts E-filing Portal upon:

| **Debevoise & Plimpton, LLP** | **Gelber Schachter & Greenberg, P.A.** |
|---|---|
| Helen Cantwell, Esq. | Adam Schachter, Esq. |
| Susan Reagan Gittes, Esq. | Gerald Greenberg, Esq. |
| Erich O. Grosz, Esq. | Shane Grannum, Esq. |
| 66 Hudson Boulevard | 1 SE 3rd Avenue, Suite 2600 |
| New York, New York 10001 | Miami, Florida 33131 |
| hcantwell@debevoise.com | aschachter@gsgpa.com |
| srgittes@debevoise.com | ggreenberg@gsgpa.com |
| eogrosz@debevoise.com | sgrannum@gsgpa.com |
| *Counsel for Defendant* | *Co-counsel for Defendant* |

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071