UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21596-ALTMAN/LETT

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

    Plaintiffs,

v.

CAPITAL ONE, N.A.,

    Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant Capital One, N.A. ("Defendant" or "Capital One") submits this reply in support of its Motion to Stay Discovery (the "Motion to Stay"), ECF No. 16, to briefly respond to Plaintiffs' Response in Opposition to Capital One's Motion to Stay (the "Response"), filed June 6, 2025.  ECF No. 26.

Contrary to the arguments in Plaintiffs' Response, Defendant's Motion to Stay Discovery during the pendency of Capital One's forthcoming Motion to Dismiss the First Amended Complaint, ECF No. 32 (filed on June 12, 2025), should be granted for the following reasons. *First*, Plaintiffs' recent amendment does not cure the core defects in Plaintiffs' allegations, and Defendant's arguments for dismissal are strong.  *Second*, Plaintiffs cannot dispute the substantial complexity that discovery in this matter is likely to entail.  *Third*, Plaintiffs' Response fails to articulate any meaningful prejudice to Plaintiffs that would result from a modest stay.  As described below, the Motion to Stay should be granted as necessary, appropriate and reasonable under the circumstances.

I.  **Plaintiffs' Amended Complaint Fails to Cure the Original Complaint's Pleading Defects.**

Defendant's forthcoming Motion to Dismiss the Amended Complaint will present strong arguments for dismissal of the First Amended Complaint, weighing heavily in favor of the requested stay. Contrary to the conclusory claims in Plaintiffs' Response, Plaintiffs' First Amended Complaint does not "cure" the fundamental problems with Plaintiffs' claims. Response at 4. Capital One expects to raise compelling arguments in support of dismissal in its renewed Motion to Dismiss, including that: (i) Plaintiffs' new pleading still fails to offer any facts to suggest that Capital One "debanked" Plaintiffs for political reasons, and continues to rely on conclusory assertions that are insufficient to sustain a claim; (ii) Plaintiffs' new pleading acknowledges, as it must, that the contract governing Plaintiffs' accounts clearly permits Capital One to terminate the banking relationships; and (iii) Plaintiffs' efforts to bolster their claims under North Carolina's and New Jersey's consumer protection laws still fail to meet the pleading requirements to sustain such claims.

The Response's characterization of Defendant's arguments for dismissal as "run of the mill" ignores the serious defects in Plaintiffs' claims. Indeed, Defendant's arguments for dismissal would dispose of Plaintiffs' entire case, which (as the Response concedes) courts in this District have observed weighs in favor of stay of discovery. *See* Response at 3–4; *see also Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (granting a stay of discovery pending the resolution of a "meritorious and truly case dispositive" motion to dismiss).

II. **Contrary to Plaintiffs' Arguments, Proceeding with Discovery Would Cause Defendant Substantial Prejudice.**

Plaintiffs' claim that "Capital One has failed to make a ***specific*** showing of prejudice or burdensomeness to warrant any stay of discovery," Response at 5, ignores the unique nature of the claims asserted in this action. As detailed in Capital One's Motion to Stay, this matter involves

high-profile parties and allegations, and discovery will necessarily involve the production of large volumes of highly sensitive documents and inevitable discovery disputes, which would burden all parties and this Court.  *See* Mot. to Stay at 5–6; *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *3 (S.D. W. Va. Feb. 13, 2020).  The Response offers no answer or rebuttal to these arguments.  In fact, the Response only highlights the kinds of sensitive and contentious issues discovery would necessarily entail; for example, the Response notes that the account closures caused a "devastating impact" on Plaintiffs, causing "considerable financial harm."  Response at 2.  Discovery into Plaintiffs' financial affairs and this alleged "devastating impact" will inevitably lead to burdensome discovery disputes about issues of significant public interest, complications that will prove unnecessary if Defendant's Motion to Dismiss is granted.

In any event, Plaintiffs' suggestion that a more particularized showing of prejudice is necessary is unsupported; case law does not require a party moving for a stay to attach evidentiary submissions in support of their position.  Rather, it is sufficient for the moving party to articulate the necessity, appropriateness, and reasonableness of the stay, exactly as Defendant has done here.  *See Bienaime v. Fla. Dep't of Child. & Fams.*, No. 24-CV-23018, 2024 WL 4986929, at *1 (S.D. Fla. Nov. 15, 2024).

### III.     The Response Does Not Offer Any Concrete Reason Why Plaintiffs Would Be Prejudiced By a Modest Stay.

Plaintiffs articulate no reason why a stay of discovery of a few months, while the Court resolves Defendant's renewed Motion to Dismiss, would prejudice them.  Plaintiffs waited until four years after their alleged injury to commence this action, and Plaintiffs allege no ongoing harm arising from Capital One's actions.  *See Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) (granting a stay of discovery where Plaintiffs faced no continued risk of harm).  Indeed, Plaintiffs will suffer no harm from a modest stay, and questions regarding

the necessity and scope of discovery will be answered when Court resolves Capital One's Motion to Dismiss the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court grant its Motion to Stay Discovery pending resolution of its forthcoming Motion to Dismiss Plaintiffs' First Amended Complaint.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
E-service: efilings@gsgpa.com

GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950

HELEN CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*