UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:25-cv-21596

THE DONALD J. TRUMP REVOCABLE
TRUST, ET AL.,

      Plaintiffs,

vs.

CAPITAL ONE, N.A.,                 Miami, Florida
                             July 22, 2025
        Defendant.         10:11 a.m. - 10:33 a.m.
_____

**MOTION TO STAY DISCOVERY**
**BEFORE THE HONORABLE Enjoliqué A. Lett**
**UNITED STATES MAGISTRATE JUDGE**

_____

**A P P E A R A N C E S**

**FOR THE PLAINTIFFS:**

    **Alejandro Brito, Esq.**
    **Ian Corp, Esq.**
    BRITO & CORP
    2121 Ponce de Leon Boulevard, Suite 430
    Coral Gables, Florida 33134


**FOR THE DEFENDANT:**

    **Helen Cantwell, Esq.**
    **Susan Gittes, Esq.**
    DEBEVOISE & PLIMPTON LLP
    66 Hudson Boulevard
    New York, New York 10001

       **AND**

    **Adam M. Schachter, Esq.**
    **Gerald E. Greenberg, Esq.**
    **Shane G. Grannum, Esq.**
    GELBER SCHACHTER & GREENBERG, P.A.
    201 South Biscayne Boulevard, Suite 2600
    Miami, Florida 33131

**STENOGRAPHICALLY REPORTED BY:**

SHAMELLE "SHELLY" KELLEY, RPR
Official Court Reporter
400 N. Miami Avenue
9th Floor, South
Miami, Florida 33128
Shamelle_Kelley@flsd.uscourts.gov

(Call to the Order of the Court)

THE COURT:  Good morning.  Everyone may have a seat.

THE COURTROOM DEPUTY:  Calling 25-civil-21596, the Donald J. Trump Revocable Trust, et al. v. Capital One, Inc.

All parties please announce for the record, beginning with the plaintiff.

MR. BRITO:  Good morning, Your Honor.  Alejandro Brito and Ian Corp on behalf of the plaintiffs.

MS. CANTWELL:  Good morning, Your Honor.  Helen Cantwell and Susan Gittes on behalf of Capital One, and I'll allow co-counsel to introduce themselves.

MR. SCHACHTER:  Good morning, Your Honor.  Adam Schachter and my partner Gerald Greenberg and Shane Grannum on behalf of Capital One.

THE COURT:  Good morning, Counsel.  How are you all?

MR. SCHACHTER:  Good morning.

THE COURT:  So we are here this morning on the defendant's motion to stay, which is -- well, a motion to stay discovery, let me be specific about that, which is docket entry 16.

A little wrinkle procedurally, because I recognize that that motion to stay was mainly briefed on defendant's original motion to dismiss, but Judge Altman, believing that the defendant's motion to dismiss the first-amended complaint would be substantially similar.  We will analyze it based on

the defendant's motion to dismiss the first-amended complaint, although recognizing it is still tied, technically, to the original complaint.

So with that, it is defendant's motion, and Attorney Cantwell -- yes, you have the floor.

MS. CANTWELL:  Terrific.  Good morning, Your Honor.

THE COURT:  Good morning.

MS. CANTWELL:  I think that the papers set out, you know, clearly what the discretionary standard is for the Court today.

There's sort of three things you need to look at:

The first is, you know, a peek at our motion to dismiss which was filed on July 11th, and as I'm sure the Court is aware, the plaintiff's response to that motion is due later this week, but nonetheless, you have also the benefit of their prior -- of the prior filings as well.

You know, we submit to the Court that there are not facts pled in the complaint -- in the amended complaint that would substantiate the allegations or the claims that they make, as set forth in our brief.

It certainly is a motion that, if granted by the District Court, would dismiss all of the claims.  So it is a motion to dismiss that would dispose of the entire case, if granted, which I think is one of the important factors in the cases that are cited in both briefs.

I don't see the need necessarily to argue our motion to dismiss this morning, Your Honor, because it's not before the Court, but I would say that it's strong.

And it took the plaintiffs four years to file their complaint in this action.  They obviously -- and I think the lack of facts of any particularized harm, and on the other side, particularized bad conduct on behalf of Capital One really formed, I think the backbone of our arguments under the various different claims that they allege.

So unless the Court wants more detail on that, I don't see this morning's task as arguing full-throatedly our motion to dismiss.

THE COURT:  I would agree.

MS. CANTWELL:  Okay.  Terrific.

So then I think the balance for the Court comes down to the second two factors.  The first of which is would discovery in this case be complex and burdensome, and I submit that it will be complex and burdensome on both parties.  As plaintiffs themselves acknowledge, this was a relationship between the plaintiffs and Capital One that went on for many years, involved hundreds of accounts.

We believe that based on the issues presented by their complaint, there will be voluminous documents that Capital One possesses that go to the history of that relationship that will be relevant, as I said, to the issues

in the case.  So I think that it's clear that given the complexity of the relationship, the number of documents and accounts involved, certainly it will be a burden to Capital One.

If you look at the burden potentially on the plaintiffs, Your Honor, we submit that there are a number of -- although their conclusory points made in their brief -- excuse me in their complaint about scrambling at the time of the account closure in 2021 and difficulties that they faced getting new or different banking relationships, so we anticipate that there would be discovery into those issues as well that would obviously present a burden on the plaintiffs and may be complex given the, you know, many relationships that were at issue with the number of accounts that were closed.

Finally, Your Honor, there are a lot of privilege issues here.  Lawyers at Capital One consulted on various matters.  I would expect there to be a voluminous privilege review.  And because Capital One is a regulated entity by different bank examiners, there's something called the "bank examiner privilege" that sometimes comes into play anytime there are documents that touch on those issues, and we really don't know necessarily what documents might involve that privilege.  And that's a privilege that Capital One doesn't hold.  It's a privilege held by the bank examiners.

So for all of those reasons, Your Honor, we see the document production here being complex; many witnesses involved.

And that sort of brings me to the third point that I think is discussed by the cases, you know, what is the harm of the stay?

We submit, Your Honor, this it is a modest request. The briefs on the motion to dismiss will be fully submitted by August 1st.  Obviously the District Court will take the time it needs to make a decision on those -- on those briefs, but given the fact that the lawsuit was not filed for four years, given the fact that I think the trial date has been set at August of 2026 -- at least the current schedule contemplates that -- we believe that a modest stay here would be appropriate to avoid the burden on both the parties and the Court.

Obviously there will be issues that will need to be decided by the Court.  So for efficiency and economy, given the strength of the motion to dismiss, you know, we think it's best, and not, you know, it does not present -- or certainly the plaintiffs have not argued that it presents any specific harm to them, but a modest stay would be appropriate to see what, if any, claims survive the motion to dismiss practice.

And again, here there would be a burden on both sides that we think, combined with a lack of a specific harm

alleged, you know, weighs in favor of a stay of discovery.

And then the last thing I'll say, Your Honor, we have had a bit of a -- there was a stay in place for a month by virtue of one of Judge Altman's orders. So, you know, that lasted for about a month. You know, I do think that this, you know, might be that more unusual case where a stay would be appropriate to allow the Court to consider the -- I think strong arguments that we've made without causing undue harm to the plaintiffs to proceed with their litigation if it -- if it survives.

THE COURT: Thank you so much, Counsel.

Attorney Brito? I'm sorry, yes.

MR. BRITO: Thank you, Your Honor. May I approach the lectern?

THE COURT: You actually -- you may.

MR. BRITO: Thank you, Your Honor.

May it please the Court. Your Honor, the arguments have been laid out for you in the written filings, but I think if we put this into context as to where we are and how we arrived at today's date, I think that's helpful for purposes, at least from my perspective, of addressing the Court and the arguments that are raised by defense counsel.

The documents that are the subject of discovery in this case, despite the fact that it was a multi-year relationship involving hundreds of accounts, a plain

examination of the complaint demonstrates what we're talking about is a decision that was made to cancel and terminate all of the accounts at the same time based upon one decision at a moment in time.

While I appreciate the fact that this is a number of accounts over a period of time, the reality is that the overwhelming majority of documents that defendant claims that we would need are documents that my clients would be entitled to anyway as account holders.

They would be entitled to the bank statements, they would be entitled to the documents opening the accounts, they would be entitled to the correspondence, irrespective of whether or not we were before the Court in litigation.  So that really, in my perspective, frames a part of what we're hearing from the defendant with regard to, "Well, we have this prejudice and this burden."

It's a four-count complaint.  It's not, from our perspective, a complex commercial litigation.  And even if it were, Your Honor sees complex commercial litigation matters with thousands of documents on a daily basis.  And this would be no different.

But in this instance, I think the operative discovery would be limited to what occurred in the early part of 2021 as it pertains to documents.  Both those that were shared with my client and the bank, those that the bank had

internally in terms of communications as to the reasons for the termination.

The fact that there were accounts that had been multi-yeared accounts is not going to really drive the analysis as to whether or not Capital One, the defendant, terminated these accounts wrongfully.  That's going to happen in 2021.  It's going to be a finite amount of documents and a finite amount of witnesses to testify as to the basis of the decision made by Capital One.

So I disagree vehemently with the defendant's perspective that we're talking about a large amount of documents.  And even if it were, the case law that we've cited to the Court, that does not amount to prejudice, it does not amount to burdensome, and those are the standards that the defendant would need to meet, at least in part, for purposes of having its motion granted.

The other thing that I'd like to put into context, Your Honor, is, you know, we filed this lawsuit in March, and ultimately, we are where we are now in July, and we haven't been able to engage in discovery.  And as Your Honor heard, one of the main thrusts of defendant's motion to dismiss is a lack of particularized factual allegations.

The information relative to the decision made by defendant as to the reasons for terminating the account are held exclusively by the defendant, and if they are entitled to

stay discovery and, hence, not be required to divulge the information that they solely possess in discovery, yet at the same time argue that the complaint lacks particularized information with respect to the basis for the cancellation or termination of these accounts, it's a sword and a shield, and that is not an appropriate reason to allow a party to get a stay of discovery.

As we've noted in our briefs, having a stay in place for discovery is the exception.  It's only for extraordinary cases.  The party seeking it must show not only either prejudice or burdensomeness.

And Judge Altonaga in the Thompson vs. Ryder System laid out, and we've laid out in our brief how heavy of a burden it is for a party seeking to have a stay in place, when she stated, quote, Federal law places a thumb on the scale against discovery stays.

And that, I think, frames the legal side of it.  But the two points that I raised at the outset I think just brings a little bit of practicality as to the decision that we are asking the Court to reject with respect to the requested relief.

Although defendant takes the position that the motion to dismiss is surely destined for dismissal, I think there's an incongruence, if you will, with respect to the fact that my understanding is that Judge Altman will be dealing

with the motion to dismiss, and Your Honor is dealing with the motion to stay.

So to the extent that some of the cases ask Your Honor to take a peek at the motion to dismiss when Your Honor is not the ultimate decision-maker on that motion to dismiss, I think there's a friction there with respect to the argument that defendant is advancing before you, because with respect, Your Honor, I think they're asking you to put yourself into the head of Judge Altman as to whether or not Judge Altman believes the motion to be well-founded and/or crafted in such a way that it would warrant dismissal with prejudice.

And I don't think that the defendant can do that. And I think that's another reason why they haven't met their burden of obtaining a stay before you.

There is no evidence, there is no colorable argument, there is no specificity in the defendant's motion with respect to the burden or the prejudice that they would suffer other than to say it would be a lot of information that would need to be exchanged in discovery.

That, quite frankly, Your Honor, really doesn't move the needle, nor should it, especially in light of the fact that we are under a scheduling order.  That scheduling order has an April 14th, 2026 discovery deadline.

As a result of the filing of this motion to stay, we have now essentially cut into that discovery period by a

period of two months.  If we accept defendant's argument at face value that this is a complicated case with many documents and many witnesses, that further underscores why we should not have a stay, because we're compressing the discovery, which the defendant claims is going to be voluminous and expansive and time-consuming, into a much shorter period of time.

And even though I disagree with the volume argument, I still maintain we need to engage in discovery meaningfully, responsively, and in a way that's timely, and compressing the schedule more than we already have, we won't have a ruling on the motion to dismiss until we have a ruling on the motion to dismiss.  Nobody knows.  And that's just the way the system works.

But to delay discovery, and to further delay my clients the opportunity to obtain information that potentially they can use in a subsequent amendment or additional claims, whatever the case may be, I think is not what a motion to stay is intended to permit.

The argument that counsel raised about the burden of proof with regard to my clients, the plaintiffs, not establishing any harm, that's flipping the standard on its head.  That's not the standard.

The standard is solely on the defendant to establish their burden as to any harm that it may suffer, and that's set forth in the Thompson v. Ryder System as well as the Cabrera

v. Progressive, both of which are set forth in our opposition to the motion to dismiss.

Defense counsel didn't delve into taking a peek under the hood of the motion to dismiss. I won't do the same either because it's not before the Court, other than to state that we believe that the arguments that we will be advancing and filing on Friday, when we file our response to the motion to dismiss, are extremely well-settled principles, that the claims are going to survive in totality, and we believe that the motion to dismiss will be denied ultimately when it's before the Court.

I think, Your Honor, in closing, the -- the defendant's position, if accepted, in terms of the arguments that they're laying out before the Court, would turn the exception into the norm by permitting parties to come in and say, "Well, my motion to dismiss is going to be successful, and there's a lot of documents that are going to need to be produced, and as a result, discovery should be stayed."

Because of necessity to advance these matters before the Court's docket and to not clog up the docket, there is a reason, and that is the reason, or one of the reasons why courts deny, routinely, these motions to stay discovery.

We think that this situation is no different, and we would ask the Court to deny the motion.

Thank you.

THE COURT:  Thank you so much, Counsel.

Reply?

MS. CANTWELL:  Just a brief response, Your Honor, on a couple of points.

First of all, in terms of the time period that would be covered by discovery, the discovery requests already propounded by plaintiffs on Capital One date back to 2019, so presumably they anticipated needing documents that predate 2021 when they served those on us, and I can represent that it's my belief that documents related to the ultimate decision of closure certainly exist prior to 2021.  So just as a factual matter, I don't think that's correct.  And I understand we haven't engaged in discovery yet, but certainly they anticipate documents predating that, and I agree with that anticipation.

The other point I would just make on that subject, Your Honor, is that while certainly account documents and statements would have been available to plaintiffs, I'm -- they've also asked us for communications, and that would involve an email and memorandum review, and there's voluminous email and memoranda at issue that would be internal to Capital One in this case.

The second point I just want to make, Your Honor, is as is stated in their complaint, plaintiffs allege that they've conducted some due diligence that has led them to

allege that Capital One engaged in wrongful conduct.  I don't know what that due diligence was or is, but I think it's a straightforward principle that the complaint needs to stand on its own and that discovery cannot be used to plead the case.  And so to the extent that plaintiff's counsel is suggesting that they need discovery so that they can add facts to their complaint, I don't think that's an appropriate argument against the motion to stay before the Court.

Those were the things I wanted to respond to, Your Honor.  Unless you have any other questions, I'll be seated.

THE COURT:  Thank you so much, Counsel.  No questions.

As this was a relatively straightforward motion, but I did want to hear from the parties given the slightly tricky procedural stance that we are in, I am just going to rule from the bench here.

The defendant's motion to stay discovery will be granted.  And I'm pretty much guided in that decision ultimately by Judge Altman's prior stay of discovery at docket entry No. 22.  He laid out a lot of the standard issues applying to me, which is that courts should stay actions, although it is the exception when it appears that a dispositive motion may dispose of an entire case and preserve resources for all parties, including the Court.

And the fact that that is the kind of guidelines

that he sought, I'm kind of suggesting that he did a little bit of a peek, but I recognize that the operative complaint at that time is not the operative complaint now, and his mind has changed, but as Counsel Brito pointed out, I am not the Judge that decides that; he is, and at any point, he can overrule me and lift this stay if once he hears arguments or sees the full briefing, he decides differently.

I've now having been paired with Judge Altman for some time.  When he gets generally dispositive motions, I have noticed that he will stay what he believes to be voluminous discovery.  And here, it sounds like it may be voluminous, because in addition to the documents that the plaintiffs would ordinarily be entitled to just as a matter of a banking client, there are additional documents, of course, that litigation would raise.

Moreover, we know that discovery is very much framed by the causes of actions and the claims in the complaint, and I do note that from the original complaint to the amended complaint, there have been a couple of causes of actions that were dropped, and a new cause of action that was brought.  And I think it's appropriate where this discovery could be either more or less voluminous depending on how that motion to dismiss is ultimately reviewed.  It may also just give the parties more clarity to have an understanding of which claims, if any, go forward.

So, for those reasons, this motion to stay will be granted pending either the resolution of the defendant's motion to dismiss the first-amended complaint, or until further order by the Court, either the District Court or this Court, should anything occur that changes that ruling.

Is there anything further in this matter from the plaintiff?

MR. BRITO:  No, Your Honor.  Thank you for your time.

THE COURT:  Anything further from the defense?

MS. CANTWELL:  No, Your Honor.  Thank you.

THE COURT:  Thank you so much.  This matter is adjourned, and I thank you, Counsel, for your robust argument.

THE COURTROOM DEPUTY:  Court's adjourned.  All rise.

(Concluded at 10:33 a.m.)

***************

**C-E-R-T-I-F-I-C-A-T-E**

I, Shamelle D. Kelley, Registered Professional Reporter, do hereby certify that the foregoing is a true and correct transcript of the proceedings held in the above-entitled matter.

Date:  July 24, 2025                    **s/Shamelle D. Kelley**

                                        Shamelle D. Kelley, RPR
                                        Official Court Reporter

Lett                                                                deadline

| | | | |
|---|---|---|---|
| Lett  (1:9) | addressing  (8:21) | (9:3) | certify  (18:20) |
| **\*** | adjourned  (18:13) (18:14) | basis  (9:20)(10:8) (11:4) | changed  (17:4) |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | advance  (14:19) | beginning  (3:6) | changes  (18:5) |
| **1** | advancing  (12:7) (14:6) | behalf  (3:8)(3:10) (3:14)(5:7) | cited  (4:25)(10:12) |
| 1:25-cv-21596  (1:2) | agree  (5:13)(15:14) | belief  (15:10) | claims  (4:19)(4:22) (5:9)(7:23)(9:7) (13:5)(13:16)(14:9) (17:17)(17:24) |
| 10:11  (1:7) | Alejandro  (1:13)(3:7) | believes  (12:10) (17:10) | clarity  (17:24) |
| 10:33  (1:7)(18:15) | allegations  (4:19) (10:22) | believing  (3:23) | clear  (6:1) |
| 10001  (1:20) | allege  (5:9)(15:24) (16:1) | bench  (16:16) | clearly  (4:9) |
| 11th  (4:13) | alleged  (8:1) | benefit  (4:15) | client  (9:25)(17:14) |
| 14th  (12:23) | allow  (3:11)(8:7) (11:6) | best  (7:20) | clients  (9:8)(13:15) (13:20) |
| 16  (3:20) | although  (4:2)(6:7) (11:22)(16:22) | Biscayne  (1:24) | clog  (14:20) |
| 1st  (7:9) | Altman  (3:23)(11:25) (12:9)(17:8) | bit  (8:3)(11:19) (17:2) | closed  (6:15) |
| **2** | Altman's  (8:4)(16:19) | Boulevard  (1:15) (1:19)(1:24) | closing  (14:12) |
| 201  (1:24) | Altonaga  (11:12) | brief  (4:20)(6:7) (11:13)(15:3) | closure  (6:9)(15:11) |
| 2019  (15:7) | amended  (4:18)(17:18) | briefed  (3:22) | co-counsel  (3:11) |
| 2021  (6:9)(9:24) (10:7)(15:9)(15:11) | amendment  (13:16) | briefing  (17:7) | colorable  (12:15) |
| 2025  (1:7)(18:23) | amount  (10:7)(10:8) (10:11)(10:13)(10:14) | briefs  (4:25)(7:8) (7:10)(11:8) | combined  (7:25) |
| 2026  (7:13)(12:23) | analysis  (10:5) | brings  (7:4)(11:18) | comes  (5:15)(6:21) |
| 2121  (1:15) | analyze  (3:25) | Brito  (1:13)(1:14) (3:7)(3:8)(8:12) (8:13)(8:16)(17:4) (18:8) | commercial  (9:18) (9:19) |
| 22  (1:7)(16:20) | and/or  (12:10) | brought  (17:20) | communications |
| 24  (18:23) | announce  (3:5) | burden  (6:3)(6:5) (6:12)(7:15)(7:24) (9:16)(11:14)(12:14) (12:17)(13:19)(13:24) | complaint  (3:24) (4:1)(4:3)(4:18) (5:5)(5:23)(6:8) (9:1)(9:17)(11:3) (15:24)(16:3)(16:7) (17:2)(17:3)(17:17) (17:18)(17:19)(18:3) |
| 25-civil-21596  (3:3) | anticipate  (6:11) (15:14) | burdensome  (5:17) (5:18)(10:14) | complex  (5:17)(5:18) (6:13)(7:2)(9:18) (9:19) |
| 2600  (1:24) | anticipated  (15:8) | burdensomeness | complexity  (6:2) |
| **3** | anticipation  (15:15) | **C** | complicated  (13:2) |
| 33128  (2:3) | anytime  (6:21) | Cabrera  (13:25) | compressing  (13:4) (13:9) |
| 33131  (1:24) | appears  (16:22) | Call  (3:1) | Concluded  (18:15) |
| 33134  (1:15) | appreciate  (9:5) | called  (6:20) | conclusory  (6:7) |
| **4** | approach  (8:13) | Calling  (3:3) | conduct  (5:7)(16:1) |
| 400  (2:2) | appropriate  (7:15) (7:22)(8:7)(11:6) (16:7)(17:21) | cancel  (9:2) | conducted  (15:25) |
| 430  (1:15) | April  (12:23) | cancellation  (11:4) | consider  (8:7) |
| **6** | argue  (5:1)(11:3) | cannot  (16:4) | consulted  (6:17) |
| 66  (1:19) | argued  (7:21) | Cantwell  (1:18)(3:9) (3:10)(4:5)(4:6) (4:8)(5:14)(15:3) (18:11) | contemplates  (7:13) |
| **9** | arguing  (5:11) | CAPITAL  (1:6)(3:4) (3:10)(3:14)(5:7) (5:20)(5:24)(6:3) (6:17)(6:19)(6:24) (10:5)(10:9)(15:7) (15:21)(16:1) | context  (8:19)(10:17) |
| 9th  (2:2) | argument  (12:6) (12:16)(13:1)(13:7) (13:19)(16:7)(18:13) | cases  (4:25)(7:5) (11:10)(12:3) | Coral  (1:15) |
| **A** | arguments  (5:8)(8:8) (8:17)(8:22)(14:6) (14:13)(17:6) | causes  (17:17)(17:19) | Corp  (1:14)(3:8) |
| able  (10:20) | arrived  (8:20) | causing  (8:8) | correspondence  (9:12) |
| accept  (13:1) | August  (7:9)(7:13) | certainly  (4:21) (6:3)(7:20)(15:11) (15:13)(15:17) | couple  (15:4)(17:19) |
| accepted  (14:13) | available  (15:18) | C-E-R-T-I-F-I-C-A-T-E | courts  (14:22)(16:21) |
| account  (6:9)(9:9) (10:24)(15:17) | Avenue  (2:2) | | Court's  (14:20) (18:14) |
| accounts  (5:21)(6:3) (6:14)(8:25)(9:3) (9:6)(9:11)(10:3) (10:4)(10:6)(11:5) | avoid  (7:15) | | covered  (15:6) |
| acknowledge  (5:19) | aware  (4:14) | | crafted  (12:10) |
| action  (5:5)(17:20) | **B** | | current  (7:13) |
| actions  (16:21) (17:17)(17:19) | backbone  (5:8) | | cut  (12:25) |
| Adam  (1:22)(3:12) | balance  (5:15) | | **D** |
| add  (16:6) | bank  (6:20)(6:25) (9:10)(9:25) | | daily  (9:20) |
| addition  (17:12) | banking  (6:10)(17:13) | | date  (7:12)(8:20) (15:7)(18:23) |
| additional  (13:16) (17:14) | based  (3:25)(5:22) | | deadline  (12:23) |

dealing                                                                                                              lot

dealing (11:25)(12:1)
DEBEVOISE (1:19)
decided (7:18)
decides (17:5)(17:7)
decision-maker (12:5)
defendant's (3:18)
(3:22)(3:24)(4:1)
(4:4)(10:10)(10:21)
(12:16)(13:1)(14:13)
(16:17)(18:2)
defense (8:22)(14:3)
(18:10)
delay (13:14)
delve (14:3)
demonstrates (9:1)
denied (14:10)
deny (14:22)(14:24)
depending (17:22)
DEPUTY (3:3)(18:14)
despite (8:24)
destined (11:23)
detail (5:10)
different (5:9)
(6:10)(6:20)(9:21)
(14:23)
differently (17:7)
difficulties (6:9)
diligence (15:25)
(16:2)
disagree (10:10)
(13:7)
DISCOVERY (1:9)
(3:19)(5:17)(6:11)
(8:1)(8:23)(9:23)
(10:20)(11:1)(11:2)
(11:7)(11:9)(11:16)
(12:19)(12:23)
(12:25)(13:4)(13:8)
(13:14)(14:18)
(14:22)(15:6)(15:13)
(16:4)(16:6)(16:17)
(16:19)(17:11)
(17:16)(17:21)
discretionary (4:9)
discussed (7:5)
dismiss (3:23)(3:24)
(4:1)(4:13)(4:22)
(4:23)(5:2)(5:12)
(7:8)(7:19)(7:23)
(10:21)(11:23)(12:1)
(12:4)(12:5)(13:11)
(13:12)(14:2)(14:4)
(14:8)(14:10)(14:16)
(17:23)(18:3)
dismissal (11:23)
(12:11)
dispose (4:23)(16:23)
dispositive (16:23)
(17:9)
DISTRICT (1:1)(4:22)
(7:9)(18:4)
divulge (11:1)
docket (3:19)(14:20)
(16:19)

document (7:2)
documents (5:23)
(6:2)(6:22)(6:23)
(8:23)(9:7)(9:8)
(9:11)(9:20)(9:24)
(10:7)(10:12)(13:2)
(14:17)(15:8)(15:10)
(15:14)(15:17)
(17:12)(17:14)
DONALD (1:3)(3:4)
drive (10:4)
dropped (17:20)
due (4:14)(15:25)
(16:2)

## E

early (9:23)
economy (7:18)
efficiency (7:18)
email (15:20)(15:21)
engage (10:20)(13:8)
engaged (15:13)(16:1)
Enjoliqué A (1:9)
entire (4:23)(16:23)
entitled (9:8)(9:10)
(9:11)(9:12)(10:25)
(17:13)
entity (6:19)
entry (3:20)(16:20)
especially (12:21)
Esq (1:13)(1:14)
(1:18)(1:22)(1:23)
essentially (12:25)
establish (13:23)
establishing (13:21)
even (9:18)(10:12)
(13:7)
examination (9:1)
examiner (6:21)
examiners (6:20)
(6:25)
exception (11:9)
(14:15)(16:22)
exchanged (12:19)
exclusively (10:25)
excuse (6:8)
exist (15:11)
expansive (13:5)
expect (6:18)
extraordinary (11:9)
extremely (14:8)

## F

face (13:2)
faced (6:9)
factors (4:24)(5:16)
factual (10:22)
(15:12)
favor (8:1)
Federal (11:15)
file (5:4)(14:7)
filed (4:13)(7:11)
(10:18)
filing (12:24)(14:7)

filings (4:16)(8:18)
Finally (6:16)
finite (10:7)(10:8)
first-amended (3:24)
(4:1)(18:3)
flipping (13:21)
Floor (2:2)(4:5)
FLORIDA (1:1)(1:6)
(1:15)(1:24)(2:3)
flsd (2:3)
foregoing (18:20)
formed (5:8)
forth (4:20)(13:25)
(14:1)
forward (17:25)
four (5:4)(7:11)
four-count (9:17)
framed (17:16)
frames (9:14)(11:17)
frankly (12:20)
friction (12:6)
Friday (14:7)
full (17:6)
full-throatedly
fully (7:8)

## G

Gables (1:15)
GELBER (1:23)
generally (17:9)
Gerald (1:22)(3:13)
gets (17:9)
getting (6:10)
Gittes (1:18)(3:10)
gov (2:3)
Grannum (1:23)(3:13)
granted (4:21)(4:24)
(10:16)(16:18)(18:2)
Greenberg (1:22)
(1:23)(3:13)
guided (16:18)
guidelines (16:25)

## H

happen (10:6)
harm (5:6)(7:5)
(7:22)(7:25)(8:8)
(13:21)(13:24)
head (12:9)(13:22)
hearing (9:15)
hears (17:6)
heavy (11:13)
held (6:25)(10:25)
(18:21)
Helen (1:18)(3:9)
helpful (8:20)
hence (11:1)
hereby (18:20)
history (5:24)
hold (6:25)
holders (9:9)
hood (14:4)
Hudson (1:19)
hundreds (5:21)(8:25)

## I

Ian (1:14)(3:8)
I'd (10:17)
Inc (3:4)
including (16:24)
incongruence (11:24)
information (10:23)
(11:2)(11:4)(12:18)
(13:15)
instance (9:22)
intended (13:18)
internal (15:21)
internally (10:1)
into (6:11)(6:21)
(8:19)(10:17)(12:8)
(12:25)(13:6)(14:3)
(14:15)
introduce (3:11)
involve (6:23)(15:20)
involved (5:21)(6:3)
(7:3)
involving (8:25)
irrespective (9:12)
its (10:16)(13:21)
(16:4)

## J

July (1:7)(4:13)
(10:19)(18:23)

## K

KELLEY (2:1)(2:3)
(18:19)(18:23)(18:24)
knows (13:12)

## L

lack (5:6)(7:25)
(10:22)
lacks (11:3)
large (10:11)
last (8:2)
lasted (8:5)
later (4:15)
laying (14:14)
least (7:13)(8:21)
(10:15)
lectern (8:14)
led (15:25)
legal (11:17)
Leon (1:15)
less (17:22)
lift (17:6)
light (12:21)
limited (9:23)
litigation (8:9)
(9:13)(9:18)(9:19)
(17:15)
little (3:21)(11:19)
(17:1)
LLP (1:19)
look (4:11)(6:5)
lot (6:16)(12:18)
(14:17)(16:20)

MAGISTRATE                                                                                              SHAMELLE

## M

MAGISTRATE (1:10)
main (10:21)
mainly (3:22)
maintain (13:8)
majority (9:7)
March (10:18)
matters (6:18)(9:19)
(14:19)
meaningfully (13:8)
meet (10:15)
memoranda (15:21)
memorandum (15:20)
met (12:13)
Miami (1:6)(1:24)
(2:2)(2:3)
mind (17:3)
modest (7:7)(7:14)
(7:22)
moment (9:4)
month (8:3)(8:5)
months (13:1)
Moreover (17:16)
morning's (5:11)
MOTION (1:9)(3:18)
(3:22)(3:23)(3:24)
(4:1)(4:4)(4:12)
(4:14)(4:21)(4:23)
(5:1)(5:12)(7:8)
(7:19)(7:23)(10:16)
(10:21)(11:23)(12:1)
(12:2)(12:4)(12:5)
(12:10)(12:16)
(12:24)(13:11)
(13:17)(14:2)(14:4)
(14:7)(14:10)(14:16)
(14:24)(16:8)(16:13)
(16:17)(16:23)
(17:22)(18:1)(18:3)
motions (14:22)(17:9)
move (12:20)
multi-year (8:24)
multi-yeared (10:4)
must (11:10)

## N

necessarily (5:1)
(6:23)
necessity (14:19)
needing (15:8)
needle (12:21)
needs (7:10)(16:3)
New (1:20)(6:10)
(17:20)
Nobody (13:12)
nonetheless (4:15)
nor (12:21)
norm (14:15)
note (17:18)
noted (11:8)
noticed (17:10)
number (6:2)(6:6)
(6:14)(9:5)

## O

obtain (13:15)
obtaining (12:14)
obviously (5:5)
(6:12)(7:9)(7:17)
occur (18:5)
occurred (9:23)
Official (2:1)(18:25)
once (17:6)
only (11:9)(11:10)
opening (9:11)
operative (9:22)
(17:2)(17:3)
opportunity (13:15)
opposition (14:1)
Order (3:1)(12:22)
(18:4)
orders (8:4)
ordinarily (17:13)
original (3:23)(4:3)
(17:18)
our (4:12)(4:20)
(5:1)(5:8)(5:11)
(9:17)(11:8)(11:13)
(14:1)(14:7)
outset (11:18)
overrule (17:5)
overwhelming (9:7)
own (16:4)

## P

paired (17:8)
papers (4:8)
part (9:14)(9:23)
(10:15)
particularized (5:6)
(5:7)(10:22)(11:3)
parties (3:5)(5:18)
(7:15)(14:15)(16:14)
(16:24)(17:24)
partner (3:13)
party (11:6)(11:10)
(11:14)
peek (4:12)(12:4)
(14:3)(17:2)
pending (18:2)
period (9:6)(12:25)
(13:1)(13:6)(15:5)
permit (13:18)
permitting (14:15)
perspective (8:21)
(9:14)(9:18)(10:11)
pertains (9:24)
places (11:15)
plain (8:25)
Plaintiffs (1:4)
(1:12)(3:8)(5:4)
(5:19)(5:20)(6:6)
(6:12)(7:21)(8:9)
(13:20)(15:7)(15:18)
(15:24)(17:12)
plaintiff's (4:14)
(16:5)

play (6:21)
plead (16:4)
please (3:5)(8:17)
pled (4:18)
PLIMPTON (1:19)
point (7:4)(15:16)
(15:23)(17:5)
pointed (17:4)
points (6:7)(11:18)
(15:4)
Ponce (1:15)
position (11:22)
(14:13)
possess (11:2)
possesses (5:24)
potentially (6:5)
(13:15)
practicality (11:19)
practice (7:23)
predate (15:8)
predating (15:14)
prejudice (9:16)
(10:13)(11:11)
(12:11)(12:17)
presented (5:22)
presents (7:21)
preserve (16:23)
presumably (15:8)
pretty (16:18)
principle (16:3)
principles (14:8)
prior (4:16)(15:11)
(16:19)
privilege (6:16)
(6:18)(6:21)(6:24)
(6:25)
procedural (16:15)
procedurally (3:21)
proceed (8:9)
proceedings (18:21)
produced (14:18)
production (7:2)
Professional (18:19)
Progressive (14:1)
proof (13:20)
propounded (15:7)
purposes (8:20)
(10:15)
put (8:19)(10:17)
(12:8)

## Q

quite (12:20)
quote (11:15)

## R

raise (17:15)
raised (8:22)(11:18)
(13:19)
reality (9:6)
reasons (7:1)(10:1)
(10:24)(14:21)(18:1)
recognize (3:21)
(17:2)

recognizing (4:2)
regard (9:15)(13:20)
Registered (18:19)
regulated (6:19)
reject (11:20)
related (15:10)
relationship (5:19)
(5:25)(6:2)(8:25)
relationships (6:10)
(6:13)
relative (10:23)
relatively (16:13)
relevant (5:25)
relief (11:21)
Reply (15:2)
REPORTED (2:1)
Reporter (2:1)
(18:20)(18:25)
represent (15:9)
request (7:7)
requested (11:20)
requests (15:6)
required (11:1)
resolution (18:2)
resources (16:24)
respect (11:4)
(11:20)(11:24)(12:6)
(12:7)(12:17)
respond (16:9)
response (4:14)
(14:7)(15:3)
responsively (13:9)
result (12:24)(14:18)
review (6:19)(15:20)
reviewed (17:23)
REVOCABLE (1:3)(3:4)
rise (18:14)
robust (18:13)
routinely (14:22)
rule (16:15)
ruling (13:10)
(13:11)(18:5)
Ryder (11:12)(13:25)

## S

s/Shamelle (18:23)
scale (11:15)
Schachter (1:22)
(1:23)(3:12)(3:13)
(3:16)
schedule (7:13)
(13:10)
scheduling (12:22)
scrambling (6:8)
seated (16:10)
second (5:16)(15:23)
seeking (11:10)
(11:14)
sees (9:19)(17:6)
served (15:9)
set (4:8)(4:20)
(7:12)(13:24)(14:1)
SHAMELLE (2:1)(2:3)
(18:19)(18:24)

Shane                                                                York

| | | |
|---|---|---|
| Shane (1:23)(3:13) | survives (8:10) | volume (13:7) |
| shared (9:25) | Susan (1:18)(3:10) | voluminous (5:23) |
| SHELLY (2:1) | sword (11:5) | (6:18)(13:5)(15:20) |
| shield (11:5) | System (11:12) | (17:10)(17:11)(17:22) |
| shorter (13:6) | (13:12)(13:25) | |

**W**

| | | |
|---|---|---|
| show (11:10) | **T** | wants (5:10) |
| side (5:7)(11:17) | takes (11:22) | warrant (12:11) |
| sides (7:25) | taking (14:3) | weighs (8:1) |
| similar (3:25) | talking (9:1)(10:11) | well-founded (12:10) |
| situation (14:23) | task (5:11) | well-settled (14:8) |
| slightly (16:14) | technically (4:2) | we've (8:8)(10:12) |
| solely (11:2)(13:23) | terminate (9:2) | (11:8)(11:13) |
| sometimes (6:21) | terminated (10:6) | While (9:5)(15:17) |
| sorry (8:12) | terminating (10:24) | without (8:8) |
| sort (4:11)(7:4) | termination (10:2) | witnesses (7:2) |
| sought (17:1) | (11:5) | (10:8)(13:3) |
| sounds (17:11) | terms (10:1)(14:13) | works (13:13) |
| South (1:24)(2:2) | (15:5) | wrinkle (3:21) |
| SOUTHERN (1:1) | Terrific (4:6)(5:14) | written (8:18) |
| specific (3:19) | testify (10:8) | wrongful (16:1) |
| (7:21)(7:25) | themselves (3:11) | wrongfully (10:6) |
| specificity (12:16) | (5:19) | |
| stance (16:15) | third (7:4) | **Y** |
| stand (16:3) | Thompson (11:12) | yet (11:2)(15:13) |
| standard (4:9) | (13:25) | York (1:20) |
| (13:21)(13:22) | though (13:7) | |
| (13:23)(16:20) | thousands (9:20) | |
| standards (10:14) | three (4:11) | |
| state (14:5) | thrusts (10:21) | |
| stated (11:15)(15:24) | thumb (11:15) | |
| statements (9:10) | tied (4:2) | |
| (15:18) | time-consuming (13:6) | |
| STATES (1:1)(1:10) | timely (13:9) | |
| STAY (1:9)(3:18) | today's (8:20) | |
| (3:22)(7:6)(7:14) | totality (14:9) | |
| (7:22)(8:1)(8:3) | touch (6:22) | |
| (8:6)(11:1)(11:7) | transcript (18:21) | |
| (11:8)(11:14)(12:2) | tricky (16:14) | |
| (12:14)(12:24)(13:4) | true (18:20) | |
| (13:17)(14:22)(16:8) | TRUMP (1:3)(3:4) | |
| (16:17)(16:19) | TRUST (1:3)(3:4) | |
| (16:21)(17:6)(17:10) | turn (14:14) | |
| (18:1) | | |
| stayed (14:18) | **U** | |
| stays (11:16) | ultimate (12:5) | |
| STENOGRAPHICALLY | (15:10) | |
| straightforward | ultimately (10:19) | |
| strength (7:19) | (14:10)(16:19)(17:23) | |
| strong (5:3)(8:8) | underscores (13:3) | |
| subject (8:23)(15:16) | understanding | |
| submit (4:17)(5:17) | undue (8:8) | |
| (6:6)(7:7) | UNITED (1:1)(1:10) | |
| submitted (7:8) | unless (5:10)(16:10) | |
| subsequent (13:16) | unusual (8:6) | |
| substantially (3:25) | upon (9:3) | |
| substantiate (4:19) | uscourts (2:3) | |
| successful (14:16) | use (13:16) | |
| such (12:10) | | |
| suffer (12:18)(13:24) | **V** | |
| suggesting (16:5) | value (13:2) | |
| (17:1) | various (5:9)(6:17) | |
| Suite (1:15)(1:24) | vehemently (10:10) | |
| surely (11:23) | virtue (8:4) | |
| survive (7:23)(14:9) | | |