**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/LETT**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et. al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A.,

      Defendant.

                                    /

**JOINT MOTION FOR DISCOVERY HEARING RELATED TO PLAINTIFF ERIC
TRUMP'S FIRST REQUEST FOR PRODUCTION AND FIRST SET OF
INTERROGATORIES**

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST,  ERIC TRUMP, DJT

HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE

MANUFACTURING, LLC,  LAMINGTON FAMILY HOLDINGS, LLC,  MOBILE PAYROLL

CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY,

LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC

(collectively, "Plaintiffs") and Defendant CAPITAL ONE, N.A. ("Capital One" and, together with

Plaintiffs, the "Parties") file this Joint Motion for Discovery Hearing Related to Plaintiff Eric

Trump's First Request for Production and First Set of Interrogatories ("Joint Motion"). In support,

the Parties state as follows:

**RELEVANT FACTUAL BACKGROUND**

1. On April 30, 2025, Plaintiff Eric Trump served Capital One with his First Request

for Production and First Set of Interrogatories.

2. On May 7, 2025, Capital One filed its Motion to Stay Discovery. *See* D.E. 16.

3.      On May 20, 2025, Judge Altman entered a temporary stay of discovery until June 20, 2025. *See* D.E. 22.

4.      On June 16, 2025, the Court denied Capital One's request to extend the May 20, 2025 Order's stay of discovery. *See* D.E. 35.

5.      On June 30, 2025, Capital One served its Responses and Objections to Plaintiff Eric Trump's First Request for Production and First Set of Interrogatories.

6.      On July 2, 2025, Plaintiffs sent written correspondence to Capital One, inquiring when Capital One would begin its production of documents responsive to certain items in Plaintiff Eric Trump's First Request for Production and First Set of Interrogatories.

7.      On July 3, 2025, Capital One replied that the Parties must first agree to and the Court must enter a protective order governing confidential materials and an order governing ESI protocol, as contemplated by the Parties' Joint Scheduling Report. D.E. 11 at 4.

8.      On July 22, 2025, Magistrate Judge Lett conducted a hearing on Capital One's Motion to Stay Discovery and granted the same, D.E. 40, staying discovery until the Court adjudicated Capital One's Motion to Dismiss the First Amended Complaint ("Motion to Dismiss"). D.E. 37.

9.      Two days later, the Parties agreed via email that the stay of discovery also applies to any discovery dispute deadlines under Local Rule 26.1(g). As of that day (July 24, 2025), six days remained to raise any disputes with the Court related to Capital One's Responses and Objections to Plaintiff Eric Trump's First Request for Production and First Set of Interrogatories.

10.     On March 23, 2026, the Court entered its Order After Status Conference, which granted Capital One's Motion to Dismiss and allowed the Parties to engage in discovery for 90 days. D.E. 54.

11.     That same day, Plaintiffs sent Capital One written correspondence further outlining all discovery disputes that Plaintiffs intended to raise with the Court if the Parties could not resolve them.

12.     Pursuant to Local Rule 26.1(g)(2)(C), the Parties agreed to extend the deadline to raise any discovery disputes regarding Capital One's Responses and Objections to Plaintiff Eric Trump's First Request for Production and First Set of Interrogatories until April 6, 2026.

13.     On April 2, 2026, the Parties conferred and resolved most of the issues raised in Plaintiffs' correspondence. However, two disputes still remain.

14.     The Parties stipulated in writing that Capital One would not raise any argument or defense that this Joint Motion is untimely under Local Rule 26.1(g).

15.     The Parties remain willing to continue their meet-and-confer efforts to resolve these two disputes to hopefully avoid judicial intervention.

<strong>DISCOVERY DISPUTES REQUIRING RESOLUTION</strong>

**A. Applicable timeframe to Plaintiff Eric Trump's First Request for Production**.

    **i.     Plaintiffs' position**.

This dispute applies to all items in Plaintiff Eric Trump's First Request for Production, which limited its requests from January 2019 until present. For context, Plaintiffs have banked with Capital One for decades. Capital One's Termination Letter that debanked Plaintiffs was received on March 8, 2021. *See* D.E. 30, ¶ 46. Later that year, the Termination Letter became effective on June 7, 2021. *See id*. The requested timeframe was reasonable in light of these facts. However, Capital One has taken the position that Plaintiff Eric Trump's requests should be even more limited.

3

On one hand, during the April 2, 2026, call, Capital One represented that the responsive documents related to its decision to debank Plaintiffs would be dated from October 2020 through October 2021. On the other hand, however, Capital One's First Request for Production seeks documents dating as far back as 2012. When prompted, Capital One attempted to reconcile its inconsistent position by claiming that the documents sought by its requests had an impact on its debanking decision but that Plaintiffs should only be entitled to discovery based on when the decision to debank Plaintiffs should be discoverable by Plaintiffs.

Plaintiffs respectfully submit that the scope of discovery should be applied equally and fairly for both sides—it should not be used inconsistently as sword and shield. *See Henderson v. Holiday CVS, L.L.C.,* 269 F.R.D. 682, 685 (S.D. Fla. 2010) (quoting Fed. R. Civ. P. 26: "The scope of discovery under Rule 26(b) is broad: '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"); *see also Farnsworth v. Procter and Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible").

### ii.   Capital One's position.

This matter arises from Capital One's March 2021 decision to close certain of Plaintiffs' bank accounts.  The process that led to the closure decision began in October 2020, and by October 2021, all of Plaintiffs' accounts had been closed.  While Judge Altman granted Capital One's Motion to Dismiss in its entirety, *see* D.E. 54, the preexisting First Amended Complaint focused solely on the closure decision and its alleged consequences, containing no allegations regarding any conduct by Capital One nor any Plaintiff that took place in 2019 nor 2020.  *See, e.g.,* D.E. 32

at ¶¶ 46-49, 52-53, 58-60, 67-69, 72-76, 80-82, 85-89, 92-97, 129-30, 152, 170-72.  Accordingly, Capital One proposed that a date range of October 1, 2020 to October 31, 2021 apply to all requests for production of documents propounded by Plaintiffs in this action.

Plaintiffs offer no factual allegation or other legal basis in support of their argument that the relevant time period be extended to include January 1, 2019 to September 30, 2020.  Instead, Plaintiffs rely entirely on the discovery requests propounded by Capital One to Plaintiffs, which include nine requests seeking specific documents and information regarding discrete events occurring between January 1, 2012 and December 31, 2015; July 1 and October 31, 2016; August 1 and December 31, 2020; and February 1 and 28, 2021.  Capital One propounded these targeted requests for documents from earlier time periods because Capital One's decision to close the accounts in March 2021 included reviews of certain business activity that *Plaintiffs*—not Capital One—engaged in during those specified earlier time periods.  Documents relating to those events in Plaintiffs' possession, custody, or control are relevant to Capital One's expected defenses.

In contrast, Plaintiffs have not explained how documents from 2019 and the first nine months of 2020 are likely to be relevant to their expected claims or defenses.     The Federal Rules of Civil Procedure do not require     that parties use an identical time period for searching for potentially responsive documents.  There is no reason for a 'one size fits all' approach to discovery: the appropriate type and date range of responsive documents always varies by specific request.  To the extent Plaintiffs identify topics that they believe require discovery into earlier time periods and propound requests regarding such topics, Capital One is happy to meet and confer regarding the appropriate time period for such requests. Accordingly, Capital One respectfully requests that the Court apply Capital One's proposed time period of October 1, 2020 to October 31, 2021 to the

5

collection and production of documents in response to Plaintiffs' First Set of Requests for Production and deny Plaintiffs' request.

**B. Capital One's current policies and procedures regarding debanking**.

**i.     Plaintiffs' position**.

This dispute applies to item 18 in Plaintiff Eric Trump's First Request for Production and Plaintiffs' second interrogatory. Therein, Plaintiff Eric Trump has requested Capital One's current policies and procedures related to debanking. Capital One has refused to produce responsive documents or information, and stated that it does not believe that its current policies and procedures regarding debanking or identifying who helped develop, revise, or make the ultimate decision on what those current policies and procedures would be, are relevant. *See AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at *13 (S.D. Fla. Oct. 18, 2010) ("To the extent that Centennial has materials construing these terms, such information is plainly relevant, whether they support or contradict Centennial's current position on the meaning of these phrases.").

Given that Plaintiffs' forthcoming claims in its Second Amended Complaint include but are not limited to any present disputes between the Parties, Plaintiffs contend that it is certainly relevant for the Court and the jury to evaluate what Capital One's current debanking policies and procedures are. Moreover, this is a kitchen-table issue that is currently being investigated by the Federal Government. On December 10, 2025, the Office of the Currency of the Comptroller, pursuant to President Trump's Executive Order "Guaranteeing Fair Banking for All Americans," released its Preliminary Findings from the OCC's Review of Large Banks' Debanking Activities.[1] These preliminary findings included Capital One, and the Office of the Currency of the

---

[1] "Preliminary Findings from OCC's Review of Large Banks' Debanking Activities" OFFICE OF THE CURRENCY OF THE COMPTROLLER (December 10, 2025) (https://www.occ.gov/news-issuances/news-releases/2025/nr-occ-2025-123a.pdf).

Comptroller indicated that its work on this matter is ongoing. Given that the Parties will be entering into a confidentiality order, there is no prejudice or harm that Capital One will suffer by providing this relevant and probative information.

### ii.   Capital One's position.

As described above, Plaintiffs' First Amended Complaint focuses solely on the 2021 closure of Plaintiffs' accounts at Capital One. *See* D.E. 32 at ¶¶ 46-49, 52-53, 58-60, 67-69, 72-76, 80-82, 85-89, 92-97, 129-30, 152, 170-72. All four of Plaintiffs' recently-dismissed claims are predicated on that closure decision. Capital One is prepared to produce relevant account closure policies that were in effect at the time of the March 2021 closure decision and expects to do so no later than next week.

But Capital One's current policies and procedures have no relevance to Plaintiffs' claims. Plaintiffs argue that their forthcoming claims will include present disputes between the parties, but Capital One is not aware of any such dispute, and Plaintiffs make no attempt to describe it in this motion. The only dispute Plaintiffs have identified relates to Capital One's March 2021 decision to close Plaintiffs' accounts. Capital One's current policies and procedures have no relevance to that decision, and therefore are not relevant to Plaintiffs' claims.

Plaintiffs' purported justification for seeking discovery into current policies and procedures practically concedes the point. Rather than claim that current policies have any relevance to Plaintiffs' interactions with Capital One, Plaintiffs argue they relate to a "kitchen-table" issue of public interest. Nothing in the Federal Rules permits discovery merely because an issue may be of general public interest. *See, e.g., Brauser v. Softbank Capital Partners LP*, 2009 WL 10695707, at *9 (S.D. Fla. 2009) (prohibiting discovery that "is not relevant at all to a claim or defense").

Accordingly, the Court should deny Plaintiffs' request for discovery into Capital One's current policies and procedures.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

Dated: April 17, 2026

Respectfully submitted,

/s/ Alejandro Brito
ALEJANDRO BRITO
Florida Bar No. 098442
IAN MICHAEL CORP
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, Florida 33134
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*Counsel for Plaintiffs*

/s/ Gerald E. Greenberg
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*