**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/HERNANDEZ**

**THE DONALD J. TRUMP**
**REVOCABLE TRUST**, *et al.*,

      Plaintiffs,

v.

**CAPITAL ONE, N.A.**,

      Defendant.

_____/

## ORDER SETTING DISCOVERY PROCEDURES

**THIS CAUSE** is before the Court following the referral and reassignment of this action to the undersigned Magistrate Judge for all discovery matters.

To facilitate the speedy and inexpensive resolution of this action, it is hereby **ORDERED and ADJUDGED** that the following rules shall apply to discovery procedures before this Court. To the extent that these discovery procedures conflict with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence. *See* S.D. Fla. L.R. 26.1(g)(1). These procedures are designed to assist the parties and the Court in working together to timely resolve discovery disputes without undue delay and unnecessary expense.

**I.     DISCOVERY DISPUTE PROCEDURES**

    **A.  Meet and Confer**

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes. If a discovery dispute arises, the parties must confer either in person, by videoconference, or by telephone, and engage in a good faith effort to resolve the dispute before seeking Court intervention. Email correspondence alone is insufficient. Counsel

1

must certify that they engaged in such good faith efforts in attempting to resolve the dispute in compliance with Local Rule 7.1(a)(3).

### B.  Timing

The parties must promptly notify the Court of discovery disputes as required by Local Rule 26.1(g)(2).  The Court strictly enforces this rule and interprets the twenty-eight-day window as the time during which the parties must make good-faith resolution efforts, subject to the seven-day extension permitted under Local Rule 26.1(g)(2)(C).  Unapproved extensions agreed to by the parties shall not be recognized.

The Court also strictly enforces Local Rule 26.1(d) requiring that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff date.  Under Local Rule 26.1(d), no Court intervention or remedy will be available to either party after the cutoff date.

## II.    DISCOVERY HEARING PROCEDURES

### A.  No Discovery Motions

The parties shall not raise discovery disputes by motion under Federal Rule of Civil Procedure 37 absent leave of the Court.  All discovery motions filed without leave will be stricken.[1]

### B.  Scheduling a Discovery Hearing

If after conferring the parties are unable to resolve their discovery dispute without Court intervention, the party seeking to enforce a discovery obligation or obtain protection from such an obligation (the "moving party") shall set the matter for hearing as follows:

---

[1]  This restriction on filing motions does not apply to motions to stay discovery or to motions seeking additional time or changes to the deadlines to respond to discovery.  Those motions are to be filed on the docket for the District Judge's consideration.

2

The moving party must send an email to Judge Hernandez's Chambers (Chambers_Hernandez@flsd.uscourts.gov) within the timeframe provided by Local Rule 26.1(g)(2), copying opposing counsel and providing at least three (3) dates within the next ten (10) days when all counsel are available for a hearing on the discovery issue.  For each date provided, the moving party must indicate the availability of counsel as morning, afternoon, or all day.  The email subject line should read "Request for Discovery Hearing on [Case Number and Case Name]."  The email should **not** contain any argument or background concerning the discovery dispute.

Ordinarily, the Court allows no more than thirty minutes of argument per side for a discovery hearing.  If the matter requires additional time, the moving party must state in the email to Chambers the amount of time requested.

The Court cautions counsel that these discovery hearings are not informal and counsel should be fully prepared to address the Court on the issues raised.

### C.   Notice of Hearing

Within one business day of the Court confirming the date and time for the hearing, the parties shall file a Notice of Hearing, **no longer than five (5) pages per side**, that outlines the discovery matters to be heard (*e.g.,* "the parties dispute the appropriate timeframe for Plaintiff's Interrogatory Nos. 1-3") and the respective positions of the parties.  The Notice shall not include any argument; the purpose of the Notice is merely to frame the specific discovery issues to be heard by the Court during the hearing and succinctly explain the dispute.  The parties must attach the following exhibits to the Notice: (A) A short, proposed order setting forth the specific relief requested; (B) A copy of all source materials relevant to the discovery dispute (*e.g.*, if the dispute concerns interrogatories, the interrogatories at issue and accompanying responses); (C) A list of

citations for any legal authorities upon which the parties intend to rely at the hearing, as well as a copy of those authorities. Exhibit C shall not contain any legal argument, but the parties may highlight relevant passages of the relied-upon legal authorities and provide parentheticals in the list of citations. The Notice of Hearing shall include a certificate of conferral that fully complies with Local Rule 7.1(a)(3).

No additional materials may be submitted after the Notice of Hearing has been filed. If the parties need to amend the Notice of Hearing for any reason, they must email Chambers requesting leave of the Court to do so.

The parties are **not** to file copies of email communications between counsel. The Court does not recognize email communication as evidence of conferral, nor are counsel's communications evidence for the Court's consideration. Any communication between counsel that is relevant may be addressed orally during the hearing.

### D.  Cancellation or Modification of Hearing

If the parties resolve all of the discovery disputes cited in the Notice of Hearing, the parties shall notify Judge Hernandez's Chambers (Chambers_Hernandez@flsd.uscourts.gov) as soon as practicable and must file a Notice of Cancellation. If the parties resolve some, but not all, of the disputed discovery issues, the parties shall notify Chambers as soon as practicable via email of the specific discovery issues that no longer require Court intervention.

### E.  Agreed Orders

If the parties have agreed to the entry of an order, the parties shall **not** file a motion for entry of the order. Instead, counsel shall email Chambers a copy of the proposed order in Word format, with a statement that the parties have agreed to entry of the proposed order.

If the Court enters an order that differs from the proposed order and the parties have an objection to the order as entered, they must follow the procedures for scheduling a discovery hearing so that objections may be heard by the Court without the need for the filing of a motion.

The Court does not enter stipulated orders extending the due date for discovery responses, nor does the Court enter orders memorializing discovery agreements between the parties that were not otherwise litigated before the Court.

### F. Sanctions

The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification. *See* Fed. R. Civ. P. 37.

### III. OBJECTIONS TO DISCOVERY REQUESTS

### A. Vague, Overly Broad, and Unduly Burdensome

Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and will be disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). If a party believes that the request is vague, the party shall attempt to obtain clarification prior to objecting on this ground. Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome. If the objection is to be heard by the Court during the hearing, counsel must be prepared to address with specificity why the production would be burdensome.

### B. Formulaic Objections Followed by an Answer

The parties should avoid reciting formulaic or "general objections" followed by an answer to the request. It has become common practice for a party to object and then state that

"notwithstanding the above," the party will respond to the discovery request subject to or without waiving such objection.  Such an objection and answer preserves nothing and constitutes only a waste of effort and resources of both the parties and the Court.  Further, this practice leaves the requesting party uncertain as to whether the question has been fully answered or only a portion of it has been answered.  Federal Rule of Civil Procedure 34(b)(2)(C) specifically requires an objection to state whether any responsive materials are being withheld.  As such, counsel shall include in the answer a clear statement that all responsive documents or information identified have in fact been provided or otherwise describe the category of documents or information that has been withheld based on the objection.

### C.  Objections Based on Privilege

Generalized objections asserting attorney-client privilege or work-product doctrine do not comply with the Local Rules.  Local Rule 26.1(e)(2)(B) requires that objections based on privilege identify the nature of the privilege being asserted, the general subject matter of the communication at issue, the sender and receiver of the communication, and their relationship to each other, among other requirements.  The parties are instructed to review this Local Rule carefully and avoid objections along the lines of: "Objection. This information is protected by attorney-client and/or work-product privilege."  If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.  The production of nonprivileged materials should not be delayed while a party is preparing a privilege log.

The party with the burden of persuasion on a privilege claim has the obligation to present to the Court sworn evidence, if necessary, to satisfy that burden.  Thus, if a discovery dispute involves a claim of privilege, any necessary sworn evidence supporting the claim must be filed as

an exhibit to the Notice of Hearing.  The Court may deem the failure to timely present such sworn evidence as a waiver of the privilege, absent a showing of good cause.

### D.  Objections Based on Scope

If there is an objection based on an overly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters that are not disputed.  For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the ground that only a five-year period limited to activities in Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

### E.  Objections to Scope of 30(b)(6) Notices for Deposition

Corporations are not entitled to review anticipatory relevance objections prior to the taking of a corporate representative's deposition.  Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition.  *See King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *2-3 (S.D. Fla. 2007).  Accordingly, any objections to the scope of a Federal Rule of Civil Procedure 30(b)(6) deposition notice shall only be adjudicated after the taking of the deposition.

## IV.     TIMING AND SEQUENCING OF DISCOVERY

The parties are reminded to comply with Federal Rule of Civil Procedure 26(d)(3), which grants all parties the right to sequence their own discovery.  Accordingly, one party's discovery does not require any other party to delay its discovery.  Relatedly, the parties shall not wait until the end of the discovery period to begin taking any depositions.  The failure to complete depositions before the discovery cutoff date does not constitute good cause to extend the discovery period.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2026.

_____
YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record

8