**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:25-cv-21596-ALTMAN/HERNANDEZ**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
corporation,

      Defendant.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR A THIRTY-DAY**
**EXTENSION OF THE DISCOVERY AND AMENDED COMPLAINT**
**DEADLINES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, ERIC TRUMP, DJT

HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE

MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL

CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY,

LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC

(collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Reply in

Support of their Motion for a Thirty-Day Extension of the Discovery and Amended Complaint

Deadlines (D.E. 69) and the Supplement thereto (D.E. 70).

**INTRODUCTION**

Defendant's Opposition (D.E. 71) wrongfully rewrites the discovery record to cast

Plaintiffs as dilatory and Defendant as a model of cooperation. The actual record tells a different

story. Defendant produced the vast majority of its documents—approximately 5,365 pages bearing

Bates numbers CONAFL-00002147 through CONAFL-00007511—on June 18, 2026, the final day of the discovery period. Defendant has produced zero documents in response to all twenty-five requests in Plaintiff Eric Trump's Second Request for Production. Defendant has failed to provide the privilege log it promised in its own discovery responses. And the parties' depositions remain outstanding. Against that backdrop, Defendant's suggestion that Plaintiffs should simply absorb thousands of pages of new documents and file a Second Amended Complaint in two weeks—while simultaneously preparing for and taking a 30(b)(6) deposition—is unreasonable. The requested thirty-day extension is modest, warranted by the circumstances, and consistent with this Court's express invitation that the parties return if additional time was needed.

## ARGUMENT

### A.    The Deposition Schedule Is a Product of Both Parties and the Truncated Discovery Period, Not Plaintiffs' Delay.

Defendant attempts to lay the deposition schedule entirely at Plaintiffs' feet, but the record does not support that characterization. The 30(b)(6) deposition of Defendant's corporate representative is scheduled for June 23, 2026—five days *after* the close of the discovery period. Defendant agreed to that date. It is a date that falls outside the discovery period for both parties, not because of any gamesmanship by Plaintiffs, but because the ninety-day window simply did not leave sufficient time for the parties to complete document productions, and then conduct meaningful depositions within the same compressed timeframe. Defendant's own deposition of Plaintiffs' corporate representative likewise remains unscheduled and will, by Defendant's own design, occur after the discovery deadline. Defendant cannot credibly fault Plaintiffs for a scheduling reality that Defendant itself has contributed to and acquiesced in.

Further, Defendant's cavalier assertion that Plaintiffs can simply review thousands of newly produced documents and take a meaningful deposition within days ignores the practical

realities of litigation. Defendant produced the majority of its documents on June 18, 2026—the discovery deadline itself. Those documents must be processed, reviewed, and analyzed before counsel can conduct the 30(b)(6) deposition in an orderly manner. Defendant cannot dump the bulk of its production on the eve of a deposition, and then argue that no additional time is needed to absorb it. That is precisely the kind of prejudice the requested extension is designed to remedy.

**B.      The Absence of a Privilege Log Is Not a Minor Oversight—It Goes to the Heart of This Case.**

Defendant dismisses the privilege-log issue by incorrectly asserting that the Opposition "does not explain why Plaintiffs need a privilege log to file an amended complaint." D.E. 71 at 8. But this argument reflects a fundamental misunderstanding of the stakes in this case—or, at minimum, a deliberate attempt to minimize them.

This is a debanking case. The central question is why Defendant closed Plaintiffs' accounts. The account-closure process at a financial institution of Defendant's size implicates obligations under the Bank Secrecy Act ("BSA"), including the filing of Suspicious Activity Reports ("SARs") and the generation of internal compliance documentation. Defendant's own discovery responses *repeatedly* state that it "expects to withhold documents" on the basis of privilege, yet it has not identified a *single* withheld document and has not identified a specific privilege that is being invoked. Without a privilege log, Plaintiffs have no way to assess what documents Defendant is withholding, on what grounds, or whether those privilege assertions are proper.

Defendant's actions in this regard matter because the documents that Plaintiffs have requested, particularly in the Second Request for Production, are not themselves privileged. They seek transactional records, compliance documentation, and internal communications regarding the closure decision. These are categories of documents that go to the very core of Plaintiffs' claims. If Defendant is withholding responsive, non-privileged documents under the guise of an overbroad

3

**BRITO, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

privilege assertion, or conflating the SAR privilege with documents that merely reference or relate to the compliance process, Plaintiffs are entitled to know that before they are required to depose Defendant's corporate representative or file their Second Amended Complaint. The privilege log is not a procedural nicety; it is the mechanism by which Plaintiffs can evaluate the scope of Defendant's withholdings and, if necessary, bring the dispute to this Court for resolution.

As it stands, Plaintiffs are being asked to amend their complaint while Defendant sits on an *unknown universe of withheld documents* that may bear directly on the central issues in this litigation. That is not consistent with the orderly discovery process that this Court contemplated in its March 20, 2026 ruling, and it is precisely the kind of asymmetry that a reasonable thirty-day extension would correct.

**C.     Plaintiffs Have Demonstrated Good Cause and the Extension Will Not Prejudice Defendant.**

Defendant's good-cause argument rests on the wrongful premise that Plaintiffs already have everything they need to amend their complaint. But that premise ignores the very developments that prompted Plaintiffs' Supplement: Defendant produced the bulk of its (substantially, but *not yet complete*) documents on the last day of the discovery period, served only objections (and zero documents) in response to the Second Request for Production, and has yet to provide a privilege log. These are not circumstances of Plaintiffs' making.

This Court has afforded Plaintiffs a discovery period to "beef up" their allegations, an opportunity that presupposes Plaintiffs would actually receive, and have time to review discovery before amending. Plaintiffs are not on a fishing expedition; they are asking for a reasonable amount of time to do what this Court instructed them to do with the discovery this Court authorized. A thirty-day extension to review Defendant's late-arriving production, resolve the outstanding

BRITO, PLLC
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

privilege-log issue, and complete the parties' depositions is the opposite of the open-ended discovery that the cases cited by Defendant caution against.

As to prejudice, Defendant does not identify any concrete harm that would result from a thirty-day extension. The assertion that Defendant "devoted substantial resources" to comply with the existing schedule, D.E. 71 at 9, is not prejudice from the extension, it is the impact of participating in litigation. Defendant will not be required to conduct any additional discovery beyond what is already contemplated; the extension merely provides the parties adequate time to complete the discovery this Court ordered.

## CONCLUSION

For the foregoing reasons, and for those set forth in the Motion (D.E. 69) and the Supplement (D.E. 70), Plaintiffs respectfully request that this Court grant the requested thirty-day extension, setting a new discovery deadline of July 18, 2026, and a new deadline for Plaintiffs' Second Amended Complaint of August 1, 2026.

Dated: June 22, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com
Secondary: chernandez@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2026, a true and correct copy of the foregoing was furnished to all counsel of record via the email addresses listed on the Court's CM/ECF filing system.

By: /s/ *Alejandro Brito*

**BRITO, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071