# EXHIBIT B.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/LETT**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

      Plaintiffs,

v.

CAPITAL ONE, N.A.,

      Defendant.

_____/

## DEFENDANT CAPITAL ONE'S
## FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Capital One, N.A.

("Defendant" or "Capital One"), by and through undersigned counsel, serves these First Requests

for Production ("Requests") on Plaintiffs. Defendant demands that Plaintiffs respond to these

Requests within the time and manner provided by the Federal Rules of Civil Procedure or within

such earlier deadline if established by the Court.

## DEFINITIONS

1.      "**Account**" means any arrangement by which a Financial Institution holds Assets

on behalf of another Person.

2.      "**Asset**" means anything of value owned by a Person, including both tangible and

intangible property.

3.      "**Business Activities**" shall mean any operations, functions, services, practices, and

conduct carried out by or on behalf of any Person or entity in connection with its commercial,

financial, fiduciary, advisory, administrative, or operational functions, including but not limited to

the sale or provision of goods and services, marketing and customer solicitation, contract

negotiation and performance, financial management and reporting, regulatory compliance, human

resources and employment practices, corporate governance, risk management, information technology and data management, procurement, and any other activity undertaken in the ordinary course of such Person's or entity's business or as required by applicable law, regulation, or supervisory guidance.

4.      "**Communications**" means anything transmitted from one Person to another regardless of the form of transmission.

5.      "**Document**" or "**Documents**" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, including, but not limited to, correspondence, memoranda, notes, messages, letters, telefaxes, electronic mail entries, ledgers, invoices, worksheets, receipts, returns, computer printouts, statements (any drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, photographs, charts, videotape, recordings, voice messages, or mechanical or electronic recordings or representations of any kind. "Document" or "Documents" shall also encompass any Communications and any materials stored electronically or electromagnetically (such as electronic mail, text messages, SMS messages, WhatsApp messages, and voice messages), and any drafts, alterations, modifications, and amendments of any of the foregoing.

6.      "**Financial Institution**" shall mean any bank, savings association, credit union, bank holding company, financial holding company, trust company, industrial loan company, broker-dealer, investment adviser, insurance company, mortgage company, or any branch, subsidiary, affiliate, or successor entity thereof, whether organized under federal, state, or foreign

2

law, and including any entity chartered, licensed, or otherwise authorized by any federal or state regulatory authority to engage in banking, lending, deposit-taking, or other financial services.

7.      **"Financial Transaction"** shall mean any transaction, act, or occurrence involving the transfer, exchange, deposit, withdrawal, payment, conversion, pledging, or other disposition of funds, monetary instruments, securities, credits, Assets, or anything of value, by any means or mechanism, regardless of whether initiated, processed, or settled within or outside the United States. The term includes, without limitation, any loan origination or modification, extension of credit, purchase or sale of a financial product or instrument, creation or transfer of a security interest, opening or closing of an Account, and any instruction, authorization, or Communication in furtherance thereof.

8.      "**Litigation Hold**" means an internal process undertaken by Persons to preserve data that might relate to legal action involving such Persons.

9.      "**Request(s)**" refers to these requests for production of Documents.

10.      "**Person(s)**" means any natural person or any business, legal, or governmental entity or association of any kind.

11.      "**Trump International Hotel Las Vegas**" means the hotel located at 2000 Fashion Show Drive, Paradise, Nevada.

12.      "**TTT Consulting**" means TTT Consulting, LLC, a Limited Liability Company registered in the State of New York whose registered address is 115 Eagle Tree Terrace, Jupiter, FL, 33477.

13.      "**Wollman Rink**" means the public ice skating rink operating in the southern part of Central Park, Manhattan, New York.

## **INSTRUCTIONS**

1.      Please provide separate and complete responses for each Request.

2.      As used herein, the singular shall include the plural, the plural shall include the singular, and a reference to any gender includes any other gender.  Further, the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

3.      If any Request cannot be responded to fully, provide as full a response as possible, state the reason for the inability to answer fully, and provide any information, knowledge, or belief that Plaintiffs have regarding the unanswered portion.

4.      If no Documents exist that are responsive to a Request, or if no such Documents are in Plaintiffs' possession, custody, or control, so state in writing.

5.      If any Request is deemed to call for Documents that have been lost, destroyed, or discarded, please furnish an inventory containing the following information: (a) the type of Document (e.g., letter, memorandum, handwritten notes); (b) the title, date, number of pages, and author of the Document; (c) the subject matter of the Document; (d) the date on which the Document was lost, destroyed, or discarded; (e) the names of the Persons ordering, authorizing, participating in, or with knowledge of such loss, destruction, or discarding; and (f) the reason or cause of the loss, destruction, or discarding

6.      Plaintiffs' written response should include a list of all Documents withheld from production on grounds of privilege and/or work-product doctrine protection and should set forth sufficient information to allow the Court to rule on the validity of each claim of privilege and/or work-product doctrine protection

7. Each Request for Documents or things seeks production of all Documents or things described with any attachments, drafts, and non-identical copies in any language whatsoever, in Plaintiffs' possession, custody, or control

8. Documents or things attached to or enclosed with other Documents are to be produced together.

9. Each Request shall be deemed continuing, and Plaintiffs shall be required to provide further and supplemental production if Plaintiffs receive, discover, become aware of, or create additional responsive Documents subsequent to the date of this Request for Production of Documents.

<u>**REQUESTS FOR PRODUCTION**</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**  Any Documents concerning the closure of Plaintiffs' Accounts by Capital One.  Am. Compl. ¶ 46.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**  Any Documents concerning Plaintiffs' efforts to find alternative services from any Financial Institution as a result of the closure of Plaintiffs' Capital One Accounts as described in the Amended Complaint.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**  Any Documents concerning "Plaintiffs' due diligence" regarding the closure of Plaintiffs' Capital One Accounts, as alleged in paragraph 53 of the Amended Complaint.  Am. Compl. ¶ 53.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**  Any Documents concerning Plaintiff's allegation that Capital One closed any of Plaintiffs' Accounts "as a result of political discrimination against President Trump, the Trump Organization, and the Trump family."  Am. Compl. ¶ 53.

*CASE NO. 25-cv-21596-ALTMAN/LETT*

**REQUEST FOR PRODUCTION NO. 5:**   Any Documents in which any Plaintiff, or anyone acting on behalf of any Plaintiff, stated or otherwise expressed a belief that Capital One closed any of Plaintiffs' Accounts "as a result of political discrimination against President Trump, the Trump Organization, and the Trump family."  Am. Compl. ¶ 53.

**REQUEST FOR PRODUCTION NO. 6:**   Any Documents supporting Plaintiffs' claim for damages, including but not limited to any Documents regarding the "financial harm" and "reputational harm" allegedly incurred by Plaintiffs as a result of the closure of Plaintiffs' Capital One Accounts. Am. Compl. ¶¶ 48–49, 59, 68, 75, 81, 88, 95, 173.

**REQUEST FOR PRODUCTION NO. 7:**   Any Documents regarding any request by any Plaintiff to Capital One for an extension of the time period by which their Capital One Accounts would be closed.

**REQUEST FOR PRODUCTION NO. 8:**   Documents sufficient to Identify (by Financial Institution, type of Account, and date of opening) all Accounts held or used by or on behalf any Plaintiff at any Financial Institution other than Capital One at any time between January 1, 2021 and October 31, 2021.

**REQUEST FOR PRODUCTION NO. 9:**   Documents sufficient to Identify (by Financial Institution, type of Account, and date of opening) all Accounts opened by any Plaintiff as a result of the closure of Plaintiffs' Accounts by Capital One.

**REQUEST FOR PRODUCTION NO. 10:**   Any Documents regarding any transfer of Assets from any of Plaintiffs' Capital One Accounts to any other Accounts after the March 8, 2021 notification from Capital One to Plaintiffs regarding the closure of their Accounts.

6

**REQUEST FOR PRODUCTION NO. 11:**   Any Documents regarding any Financial Transaction or Business Activity by or involving any Plaintiff that Plaintiffs claim could not be completed or was otherwise impacted as a result of the closure of Plaintiffs' Capital One Accounts.

**REQUEST FOR PRODUCTION NO. 12:**   Any Documents related to checks, wire transfers, or other Financial Transactions between any Capital One Account of any Plaintiff and any TD Account in the name of Wollman Rink between August 1, 2020 and December 31, 2020, including Documents reflecting the basis for such transactions.

**REQUEST FOR PRODUCTION NO. 13:**   Any Documents related to the Financial Transactions and Business Activities of any Plaintiff between July 1, 2016 and October 31, 2016 involving the purchase of condominium units at Trump International Hotel Las Vegas by Milan Investment Limited Co.

**REQUEST FOR PRODUCTION NO. 14:**   Any Documents related to the Financial Transactions and Business Activities of any Plaintiff between July 1, 2016 and October 31, 2016 involving the refinancing of Trump International Hotel Las Vegas.

**REQUEST FOR PRODUCTION NO. 15:**   Any Documents related to or reflecting the basis for wire transfers to any of Plaintiffs' Accounts in connection with the proposed construction of a hotel and/or condominium tower in Baku, Azerbaijan from counterparties located in the United Kingdom, using bank Accounts in Estonia, between January 1, 2012 and December 31, 2015.

**REQUEST FOR PRODUCTION NO. 16:**   Any Documents related to payments by TTT Consulting from any Capital One Account to Donald Trump, Jr., Eric Trump, and Ivanka Trump during February 2021, including Documents reflecting the basis for such payments.

**REQUEST FOR PRODUCTION NO. 17:**   Any Documents that Plaintiffs intend to use in support of any of their claims asserted against Capital One in connection with this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** Any Documents regarding any Plaintiff's decision to file this lawsuit or otherwise make any claim against Capital One regarding the closure of Plaintiffs Accounts.

**REQUEST FOR PRODUCTION NO. 19:** Any Documents reflecting or regarding any Litigation Hold implemented by any Plaintiff in connection with this action.

Dated: March 30, 2026

Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted pro hac vice*

*Counsel for Defendant Capital One, N.A.*

9