# EXHIBIT B.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et. al*.,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

      Defendant.

Case No. 1:25-cv-21596-RKA

_____/

**PLAINTIFFS' RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, ERIC TRUMP, DJT

HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE

MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL

CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY,

LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC,

(collectively "Plaintiffs"), by and through undersigned counsel, and pursuant to Rule 34 of the

Federal Rules of Civil Procedure, serve their responses to Defendant Capital One, N.A.'s

("Defendant") First Request for Production of Documents, as follows:

**Objections and Responses to First Request for Production**

1.      Any Documents concerning the closure of Plaintiffs' Accounts by Capital One.

Am. Compl. ¶ 46.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" regarding the termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of

the case."). Subject to any without waiving this objection, Plaintiffs shall search for documents that relate to the factual basis of Plaintiffs' allegations regarding the termination and debanking of Plaintiffs' Accounts.

2.      Any Documents concerning Plaintiffs' efforts to find alternative services from any

Financial Institution as a result of the closure of Plaintiffs' Capital One Accounts as described in

the Amended Complaint.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" regarding their efforts to find alternative services as a result of Defendant's termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to any without waiving this objection, Plaintiffs shall search for and produce non-privileged documents that relate to the factual basis of Plaintiffs' allegations regarding their efforts to find alternative services as a result of Defendant's termination and debanking of Plaintiffs' Accounts, to the extent any exist.

3.      Any Documents concerning "Plaintiffs' due diligence" regarding the closure of

Plaintiffs' Capital One Accounts, as alleged in paragraph 53 of the Amended Complaint. Am.

Compl. ¶ 53.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" regarding their due diligence regarding Defendant's termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents that relate to the factual basis of Plaintiffs' allegations in paragraph 53 of the Amended Complaint, to the extent any exist.

4.      Any Documents concerning Plaintiff's allegation that Capital One closed any of

Plaintiffs' Accounts "as a result of political discrimination against President Trump, the Trump

Organization, and the Trump family." Am. Compl. ¶ 53.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" related to Defendant's political discrimination against Plaintiffs in connection with their termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and

2

without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents that relate to the factual basis of Plaintiffs' allegations in paragraph 53 of the Amended Complaint, to the extent any exist.

5. Any Documents in which any Plaintiff, or anyone acting on behalf of any Plaintiff, stated or otherwise expressed a belief that Capital One closed any of Plaintiffs' Accounts "as a result of political discrimination against President Trump, the Trump Organization, and the Trump family." Am. Compl. ¶ 53.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" related to Defendant's political discrimination against Plaintiffs in connection with their termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents that relate to the factual basis of Plaintiffs' allegations in paragraph 53 of the Amended Complaint, to the extent any exist.

6. Any Documents supporting Plaintiffs' claim for damages, including but not limited to any Documents regarding the "financial harm" and "reputational harm" allegedly incurred by Plaintiffs as a result of the closure of Plaintiffs' Capital One Accounts. Am. Compl. ¶¶ 48–49, 59, 68, 75, 81, 88, 95, 173.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" related to Plaintiffs' damage as alleged in paragraphs 48–49, 59, 68, 75, 81, 88, 95, and 173 of the Amended Complaint. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object to this request because Plaintiffs intend to rely on expert witnesses to quantify their damages, and Plaintiffs have not yet retained any expert witnesses. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents that relate to the factual basis of Plaintiff's allegations in paragraphs 48–49, 59, 68, 75, 81, 88, 95, and 173 of the Amended Complaint, to the extent any exist.

7. Any Documents regarding any request by any Plaintiff to Capital One for an extension of the time period by which their Capital One Accounts would be closed.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" related to an extension of time to terminate and debank Plaintiffs' Accounts. *See*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071

*Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents that relate to the factual basis of any alleged extension of time to terminate and debank Plaintiffs' Accounts, to the extent any exist.

8.      Documents sufficient to Identify (by Financial Institution, type of Account, and date of opening) all Accounts held or used by or on behalf any Plaintiff at any Financial Institution other than Capital One at any time between January 1, 2021 and October 31, 2021.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" sufficient to identify Accounts they might have had at other financial institutions. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

9.      Documents sufficient to Identify (by Financial Institution, type of Account, and date of opening) all Accounts opened by any Plaintiff as a result of the closure of Plaintiffs' Accounts by Capital One.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" sufficient to identify other Accounts that Plaintiffs opened after Defendant's termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

10.     Any Documents regarding any transfer of Assets from any of Plaintiffs' Capital One Accounts to any other Accounts after the March 8, 2021 notification from Capital One to Plaintiffs regarding the closure of their Accounts.

**Response:** Plaintiffs object to this request as disproportionate because it seeks "any documents" related to the transfer of assets from Defendant after Defendant's termination and debanking of Plaintiffs' Accounts. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Miami, Florida 33134
Telephone: (305) 614-4071

11.     Any Documents regarding any Financial Transaction or Business Activity by or involving any Plaintiff that Plaintiffs claim could not be completed or was otherwise impacted as a result of the closure of Plaintiffs' Capital One Accounts.

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to any of the Plaintiffs, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at \*4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object that the terms "Financial Transactions" and "Business Activities" are overly broad. The term "Financial Transactions" includes, without limitation, any payment, conversion, pledging, monetary instrument, security, or other thing of value, including loan origination, modification, extension of credit, or anything else that is tangentially related to a financial product or instrument, creation or transfer of a security interest, or the opening or closing of Plaintiffs' Accounts even if those transactions had no bearing on Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. The term "Business Activities" includes multiple categories, without limitation, such as sales, marketing, contract negotiation, employment practices, corporate governance, risk management, data management, and other general topics, regardless of whether they have a connection with Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. Plaintiffs further object to the request as it goes beyond the scope of the relevant documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

12.     Any Documents related to checks, wire transfers, or other Financial Transactions between any Capital One Account of any Plaintiff and any TD Account in the name of Wollman Rink between August 1, 2020 and December 31, 2020, including Documents reflecting the basis for such transactions.

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to any of the Plaintiffs, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v.*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Miami, Florida 33134
Telephone: (305) 614-4071

*Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object that the term "Financial Transactions" is overly broad. The term "Financial Transactions" includes, without limitation, any payment, conversion, pledging, monetary instrument, security, or other thing of value, including loan origination, modification, extension of credit, or anything else that is tangentially related to a financial product or instrument, creation or transfer of a security interest, or the opening or closing of Plaintiffs' Accounts even if those transactions had no bearing on Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. Plaintiffs further object to the request as it goes beyond the scope of relevant scope of documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

13.   Any Documents related to the Financial Transactions and Business Activities of any Plaintiff between July 1, 2016 and October 31, 2016 involving the purchase of condominium units at Trump International Hotel Las Vegas by Milan Investment Limited Co.

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to any of the Plaintiffs, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object that the terms "Financial Transactions" and "Business Activities" are overly broad. The term "Financial Transactions" includes, without limitation, any payment, conversion, pledging, monetary instrument, security, or other thing of value, including loan origination, modification, extension of credit, or anything else that is tangentially related to a financial product or instrument, creation or transfer of a security interest, or the opening or closing of Plaintiffs' Accounts even if those transactions had no bearing on Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. The term "Business Activities" includes multiple categories, without limitation, such as sales, marketing, contract negotiation, employment practices, corporate governance, risk management, data management, and other general topics, regardless of whether they have a connection with Defendant's decision to terminate Plaintiffs' Accounts and banking

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Miami, Florida 33134
Telephone: (305) 614-4071

relationship.Plaintiffs further object to the request as it goes beyond the scope of relevant scope of documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

14.     Any Documents related to the Financial Transactions and Business Activities of any Plaintiff between July 1, 2016 and October 31, 2016 involving the refinancing of Trump International Hotel Las Vegas.

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to any of the Plaintiffs, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at \*4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object that the terms "Financial Transactions" and "Business Activities" are overly broad. The term "Financial Transactions" includes, without limitation, any payment, conversion, pledging, monetary instrument, security, or other thing of value, including loan origination, modification, extension of credit, or anything else that is tangentially related to a financial product or instrument, creation or transfer of a security interest, or the opening or closing of Plaintiffs' Accounts even if those transactions had no bearing on Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. The term "Business Activities" includes multiple categories, without limitation, such as sales, marketing, contract negotiation, employment practices, corporate governance, risk management, data management, and other general topics, regardless of whether they have a connection with Defendant's decision to terminate Plaintiffs' Accounts and banking relationship. Plaintiffs further object to the request as it goes beyond the scope of relevant scope of documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

15.     Any Documents related to or reflecting the basis for wire transfers to any of Plaintiffs' Accounts in connection with the proposed construction of a hotel and/or condominium tower in Baku, Azerbaijan from counterparties located in the United Kingdom, using bank Accounts in Estonia, between January 1, 2012 and December 31, 2015.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Miami, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to any of the Plaintiffs, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object to the request as it goes beyond the scope of relevant scope of documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

16.     Any Documents related to payments by TTT Consulting from any Capital One Account to Donald Trump, Jr., Eric Trump, and Ivanka Trump during February 2021, including Documents reflecting the basis for such payments.

**Response:** Plaintiffs object to this request as overbroad and disproportionate. The request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to TTT Consulting, regardless of whether those documents concern any information that Capital One relied on as a basis for terminating Plaintiffs' Accounts. Thus, the request is also disproportional to this action. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request is disproportionate because it seeks "any documents" concerning the subject matter identified herein. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case."). Plaintiffs further object to the request as it goes beyond the scope of relevant scope of documents identified by the Court during the April 28, 2026, discovery hearing. *See* ECF No. 67. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

17.     Any Documents that Plaintiffs intend to use in support of any of their claims asserted against Capital One in connection with this lawsuit.

**Response:** Objection, this request calls for information that is protected by the attorney-client privilege. Specifically, this request seeks counsel's mental impressions. *See In re Trasylol Products Liab. Litig.,* 2009 WL 936597, at *3 (S.D. Fla. Apr. 7, 2009) (citing *Spork v. Peil,* 759

F.2d 312, 316 (3d Cir. 1985): "In *Sporck,* decided by a divided panel of the Third Circuit, determined that 'the selection and compilation of documents by counsel ... in preparation for pretrial discovery falls within the highly-protected category of opinion work product.'"). Plaintiffs further object to this request as premature because discovery is in its infancy and Plaintiffs have not yet identified the documents that it intends to introduce and rely on as evidence in this action. Subject to and without waiving these objections, Plaintiffs shall search for and produce non-privileged responsive documents related to the factual basis of their allegations, to the extent any exist.

18.     Any Documents regarding any Plaintiff's decision to file this lawsuit or otherwise make any claim against Capital One regarding the closure of Plaintiffs Accounts.

**Response:** Objection, this request calls for information that is protected by the attorney-client privilege. Subject to and without waiving this objection, Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

19.     Any Documents reflecting or regarding any Litigation Hold implemented by any Plaintiff in connection with this action.

**Response:** Plaintiffs shall search for and produce non-privileged responsive documents, to the extent any exist.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071

Date: May 8, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
     **ALEJANDRO BRITO**
     Florida Bar No. 098442
     Primary: abrito@britopllc.com
     Secondary: apiriou@britopllc.com
     **IAN MICHAEL CORP**
     Florida Bar No. 1010943
     Primary: icorp@britopllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May 8,

2026, upon:

**Debevoise & Plimpton, LLP**
Helen Cantwell, Esq.
Susan Reagan Gittes, Esq.
Erich O. Grosz, Esq.
66 Hudson Boulevard
New York, New York 10001
hcantwell@debevoise.com
srgittes@debevoise.com
eogrosz@debevoise.com
*Counsel for Defendant*

**Gelber Schachter & Greenberg, P.A.**
Adam Schachter, Esq.
Gerald Greenberg, Esq.
Shane Grannum, Esq.
1 SE 3rd Avenue, Suite 2600
Miami, Florida 33131
aschachter@gsgpa.com
ggreenberg@gsgpa.com
sgrannum@gsgpa.com
*Co-counsel for Defendant*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Miami, Florida 33134
Telephone: (305) 614-4071