# EXHIBIT B.5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE          Case No. 1:25-cv-21596-RKA
TRUST, *et. al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

      Defendant.

_____/

### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED RULE 30(B)(6) TOPICS

PLEASE TAKE NOTICE that Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, ERIC TRUMP, DJT HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY, LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 30(b)(6), hereby submit their responses and objections to Defendant Capital One, N.A.'s ("Defendant") Notice of Taking Videotaped Deposition Pursuant to Rule 30(b)(6) ("Notice"). In support, Plaintiffs state as follows:

### GENERAL OBJECTIONS

In addition to the below objections that specifically address Defendant's proposed Rule 30(b)(6) topics, Plaintiffs interpose the following general objections that apply to Defendant's Notice and any Rule 30(b)(6) deposition of Plaintiffs that Defendant seeks to conduct.

1.      Plaintiffs reserve the right to present and prepare multiple designees to address each of Defendant's proposed Rule 30(b)(6) topics subject to these and the below objections.

2.      Discovery is ongoing and neither side has completed their production of documents responsive to the parties' respective discovery requests. As a result, there might be documents that Plaintiffs have not yet collected or discovered that might relate to the information contained in Defendant's proposed Rule 30(b)(6) topics.

3.      Plaintiffs object to any inquiry that seeks to reveal attorney-client, work-product, or other privileged information.

4.      To the extent Defendant seeks adjudication of any of the foregoing or below objections, Defendant may only seek relief after the deposition or depositions conclude. *See Kartagener v. Carnival Corp.,* 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019) ("Where a corporation objects to the designation, it must give advance notice to the requesting party of those objections, so that the requesting party has the opportunity to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers, if necessary, following the deposition.").

### SPECIFIC OBJECTIONS TO EACH TOPIC

1.      The closure of Plaintiffs' Capital One accounts.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the

subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.,* 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

2.      Plaintiffs' efforts to find alternative services from any financial institution as a result of the closure of Plaintiffs' Capital One accounts.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns

all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.,* 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

3.      Plaintiffs' "due diligence" regarding the closure of Plaintiffs' Capital One accounts, as alleged in the First Amended Complaint. Am. Compl. ¶ 53.

**Response:** Plaintiffs shall prepare their designee(s) for this topic.

4.      The factual basis for the allegation that Plaintiffs "learned that Capital One terminated Plaintiffs' Accounts as a result of political discrimination against President Trump, the Trump Organization, and the Trump family." Am. Compl. ¶ 53.

**Response:** Plaintiffs shall prepare their designee(s) for this topic.

5.      The factual basis for all damages claimed by any of the Plaintiffs in this matter, including but not limited to the "financial harm" and "reputational harm" allegedly incurred by

Plaintiffs as a result of the closure of Plaintiffs' Capital One accounts. Am. Compl. ¶¶ 48–49, 59, 68, 75, 81, 88, 95, 173.

**Response:** Plaintiffs object to this topic because Plaintiffs intend to rely on expert witnesses to quantify their damages, and Plaintiffs have not yet retained any expert witnesses given the procedural posture of this action. Subject to and without waiving this objection, Plaintiffs shall prepare their designee(s) for this topic.

6.      Any request to Capital One for any extension of the time period by which any of Plaintiffs' Capital One accounts would be closed.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.,* 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation

of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

7.      Accounts held or used by or on behalf of any Plaintiff at any financial institution other than Capital One at any time between January 1, 2021 and October 31, 2021.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' accounts, if any, that they might have had with any other financial institution over the course of ten months. *See West v. Verizon Services Corp.*, 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

8.      Accounts opened by any Plaintiff at any financial institution other than Capital One as a result of the closure of Plaintiff's accounts by Capital One.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.*, 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

9.      Any transfers of assets from any of Plaintiffs' Capital One accounts to any other accounts after the March 8, 2021 notification from Capital One to Plaintiffs regarding the closure of their accounts.

**Response:** This topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at \*3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.*, 2010 WL 11482532, at \*3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts and hundreds, if not thousands, of transfers made from those accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at \*2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071

10.     Any financial transactions or business activities by or involving any Plaintiff that Plaintiffs claim could not be completed or was otherwise impacted as a result of the closure of Plaintiffs' Capital One accounts.

**Response:** This topic is overbroad and disproportionate because the terms "financial transactions" and "business activities" are not defined and do not relate specifically to the transactions that Defendant has identified as the basis for its debanking of Plaintiffs' accounts. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, this topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. Further, the topic is unduly burdensome because it concerns all of Plaintiffs' efforts for any account terminated by Capital One. *See West v. Verizon Services Corp.*, 2010 WL 11482532, at *3 (M.D. Fla. July 12, 2010) (finding certain topics relating to "all emails" or "all communications" to be unduly burdensome because it is not limited to "any specific issues regarding" rendering the request "vastly overly broad and unreasonably burdensome"). The topic is also unduly burdensome as it requires the designee to prepare information for hundreds of accounts. A noticing party cannot leverage a Rule 30(b)(6) deposition as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071

*2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

11.     Any financial transactions and business activities of any Plaintiff between August 1, 2020 and December 31, 2020 involving Wollman Rink in New York City.

**Response:** This topic is overbroad and disproportionate because the terms "financial transactions" and "business activities" are not defined and do not relate specifically to the transactions that Defendant has identified as the basis for its debanking of Plaintiffs' accounts. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, this topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. In addition, a Rule 30(b)(6) deposition cannot be leveraged as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to

alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

12.     Any financial transactions and business activities of any Plaintiff between July 1, 2016 and October 31, 2016 involving the purchase of condominium units at Trump International Hotel Las Vegas by Milan Investment Limited Co. or the refinancing of Trump International Hotel Las Vegas.

**Response:** This topic is overbroad and disproportionate because the terms "financial transactions" and "business activities" are not defined and do not relate specifically to the transactions that Defendant has identified as the basis for its debanking of Plaintiffs' accounts. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, this topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. In addition, a Rule 30(b)(6) deposition cannot be leveraged as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols.,*

*Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

13.     Any financial transactions and business activities of any Plaintiff between January 1, 2012 and December 31, 2015 in connection with the proposed construction of a hotel and/or condominium tower in Baku, Azerbaijan.

**Response:** This topic is overbroad and disproportionate because the terms "financial transactions" and "business activities" are not defined and do not relate specifically to the transactions that Defendant has identified as the basis for its debanking of Plaintiffs' accounts. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, this topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. In addition, a Rule 30(b)(6) deposition cannot be leveraged as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols.,*

*Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

14.     Any financial transactions and business activities of any Plaintiff during February 2021 involving TTT Consulting.

**Response:** This topic is overbroad and disproportionate because the terms "financial transactions" and "business activities" are not defined and do not relate specifically to the transactions that Defendant has identified as the basis for its debanking of Plaintiffs' accounts. *See Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, this topic does not comply with Rule 30(b)(6), which charges Defendant with the obligation to "describe the matters with reasonable particularity[.]" *Beckel v. Fagron Holding USA, LLC*, 2019 WL 454336, at *3 (M.D. Fla. Feb. 5, 2019) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688 (S.D. Fla. 2012)). Compliance with this requirement is a condition precedent to a corporate party's "duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *See QBE,* 277 F.R.D. at 689. In addition, a Rule 30(b)(6) deposition cannot be leveraged as a memory contest of the witness' knowledge. *See Stoneeagle Services, Inc. v. Pay-Plus Sols., Inc.,* 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (denying motion for sanctions due to

alleged improper preparation of a 30(b)(6) witness and applying the reasonable particularity standard: "a 30(b)(6) deposition is not intended to be 'a memory contest,' and the notice of deposition topic concerned a broad range of financial categories. Even as CFO, Hemmer should not be expected to memorize figures concerning a range of issues."). Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

15.     Any Plaintiff's decision to file this lawsuit or otherwise make any claim against Capital One regarding the closure of Plaintiffs' accounts.

**Response:** Plaintiffs object to this topic to the extent it calls for information that is protected by the attorney-client, work-product, and any other applicable privilege or protection. Subject to and without waiving these objections, Plaintiffs shall prepare their designee(s) for this topic.

16.     Any steps taken by or on behalf of any Plaintiff to identify, preserve, and collect relevant documents and other evidence in connection with this action.

**Response:** Plaintiffs shall prepare their designee(s) for this topic.

Date: July 10, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **MICHAEL MENA**
    Florida Bar No. 10664
    Primary: mmena@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served

on July 10, 2026, upon:

| | |
|---|---|
| **Debevoise & Plimpton, LLP** | **Gelber Schachter & Greenberg, P.A.** |
| Helen Cantwell, Esq. | Adam Schachter, Esq. |
| Susan Reagan Gittes, Esq. | Gerald Greenberg, Esq. |
| Erich O. Grosz, Esq. | Shane Grannum, Esq. |
| 66 Hudson Boulevard | 1 SE 3rd Avenue, Suite 2600 |
| New York, New York 10001 | Miami, Florida 33131 |
| hcantwell@debevoise.com | aschachter@gsgpa.com |
| srgittes@debevoise.com | ggreenberg@gsgpa.com |
| eogrosz@debevoise.com | sgrannum@gsgpa.com |
| *Counsel for Defendant* | *Co-counsel for Defendant* |

By:  /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071