# EXHIBIT B.6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE          Case No. 1:25-cv-21596-RKA
TRUST, *et. al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

      Defendant.

_____/

**PLAINTIFF ERIC TRUMP'S SECOND**
**REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff Eric Trump ("Plaintiff"), by and through undersigned counsel and under Federal

Rule of Civil Procedure 34, propounds his Second Request for Production to Defendant Capital

One, N.A. ("Defendant") and requests that the following documents be produced.

**DEFINITIONS**

The following Definitions shall apply to this Request for Production of Documents:

1.      "Capital One" means Defendant Capital One, N.A., and any person or entity who

was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors,

successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists,

accountants, business analysts, private investigators, and any related or affiliated entity or person.

2.      "President Trump" means President Donald J. Trump, and any person or entity who

was or purported to be acting on his behalf including, but not limited to, his employees,

independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private

investigators, and any related or affiliated entity or person.

3.      "E. Trump" means Plaintiff Eric Trump, and any person or entity who was or purported to be acting on his behalf including, but not limited to, his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

4.      "DJT Trust" means Plaintiff The Donald J. Trump Revocable Trust, and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

5.      "DJT Holdings" means Plaintiff DJT Holdings, LLC, and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

6.      "DJT Managing Member" means Plaintiff DJT Holdings Managing Member, LLC, and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

7.      "DTTM" means Plaintiff DTTM Operations, LLC, and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

8.      "Plaintiffs" means Plaintiff Eric Trump, Plaintiff The Donald J. Trump Revocable Trust Plaintiff DJT Holdings, LLC, DJT Holdings Managing Member, LLC, and Plaintiff DTTM Operations, LLC, and any person or entity who was or purported to be acting on their behalf including, but not limited to, their affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

9.      "De-banking Letter" means the March 8, 2021, correspondence submitted by Capital One to Plaintiffs as referenced in the operative Complaint.

10.     "De-banking" means the termination of banking services being provided to an individual or entity and closure of their bank account(s) with that financial institution.

11.     "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

12.     The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

13.     The terms "relate to" and "relating to" mean to, directly or indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, in whole or in part, arise out of or in connection with, or in any way legally, logically, or factually be connected to the specified subject.

14.     The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

15.     "Relating to" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

16.     The term "any" means one or more.

17.     The term "Action" shall mean the case identified in the caption herein.

18.     The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

19.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

20.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INSTRUCTIONS

1.     In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2.     Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.     If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.     If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

a.   The type of document (*i.e.,* letter, notes, memorandum, work paper);

b.   The date;

c. The author;

d. The subject matter of the document;

e. The basis on which the privilege is claimed;

f. All persons to whom the document or its contents have been disclosed;

g. The names and addresses of all persons who received copies of the documents, as reflected on the documents;

h. The number of pages; and

i. The number of attachments or appendices.

5. If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the redaction.

6. If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7. The source of each document shall be specifically identified.

8. Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

9.      These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10.     Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11.     In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12.     Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

13.     Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14.     The use of any gender includes the other gender, except where circumstances make it inappropriate.

15.     The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16.     Unless otherwise stated, the timeframe for the below document requests is from January 2017 until present.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**REQUESTS FOR PRODUCTION**

1. Any documents relating to Defendant's know-your-customer (KYC) policies and procedures, and the measures employed by Defendant that relate to any of the Plaintiffs from January 2017 until present.

2. Any documents related to any compliance reviews relating to any of the Plaintiffs from January 2017 until present.

3. Any documents relating to any enhanced due diligence records relating to any of the Plaintiffs from January 2017 until present.

4. Any documents relating to any alert, unusual, red flag, suspicious, or atypical activity relating to any of the Plaintiffs from January 2017 until present.

5. Any documents relating to any alleged violation of Defendant's know-your-customer (KYC) policies and procedures that Defendant contends was committed by any of the Plaintiffs.

6. Any documents relating to any alleged violation of Defendant's anti-money laundering (AML) policies and procedures that Defendant contends were committed by any of the Plaintiffs.

7. Any documents relating to the investigation, review, monitoring, restriction, suspension, closure, and/or analysis of Plaintiffs' accounts.

8. Any documents relating to any and all suspicious and/or unusual, atypical, irregular, or improper account activity in Plaintiffs' accounts.

9. Any documents related to any investigation and/or review into any transactions in Plaintiffs' accounts that demonstrated, according to Defendant's policies and procedures, suspicious and/or unusual, atypical, irregular, or improper account activity.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

10. Any documents related to the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" including any documents that were reviewed, analyzed, presented, considered, or relied upon for the statements in that memorandum.

11. Any documents sufficient to identify the five investigators mentioned in the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

12. Any documents shared, presented, reviewed, considered, or relied upon during any of the meetings described in the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

13. Any documents sufficient to show the updates given to Defendant's Chief Compliance Officer as described in the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

14. Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (II)(A) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" referring to the Wollman Ice Skating Rink.

15. Any documents shared, presented, reviewed, considered, or relied upon in section (II)(B) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" referring to the Trump International Hotel Las Vegas.

16. Any documents shared, presented, reviewed, considered, or relied upon in section (II)(C) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" referring to the Trump Tower Baku.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

17.     Any documents shared, presented, reviewed, considered, or relied upon in section (II)(D) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" referring to the TTT Consulting.

18.     Any other documents reviewed, considered, or relied upon by Defendant relating to Wollman Ice Skating Rink to terminate Plaintiffs' accounts.

19.     Any other documents reviewed, considered, or relied upon by Defendant relating to Trump International Hotel Las Vegas to terminate Plaintiffs' accounts.

20.     Any other documents reviewed, considered, or relied upon by Defendant relating to Trump Tower Baku to terminate Plaintiffs' accounts.

21.     Any other documents reviewed, considered, or relied upon by Defendant relating to TTT Consulting to terminate Plaintiffs' accounts.

22.     Any other documents reviewed, considered, or relied upon by Defendant relating to terminate Plaintiffs' accounts.

23.     Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (III) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

24.     Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (IV) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

25.     Any documents related to Defendant's termination of any bank account, line of credit, or other financial product or service with Defendant, based on political discrimination against the individual or business associated with the bank account, line of credit, or other financial product or service from January 2017 through present.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: May 18, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served

on May 18, 2026, upon:

| **Debevoise & Plimpton, LLP** | **Gelber Schachter & Greenberg, P.A.** |
|---|---|
| Helen Cantwell, Esq. | Adam Schachter, Esq. |
| Susan Reagan Gittes, Esq. | Gerald Greenberg, Esq. |
| Erich O. Grosz, Esq. | Shane Grannum, Esq. |
| 66 Hudson Boulevard | 1 SE 3rd Avenue, Suite 2600 |
| New York, New York 10001 | Miami, Florida 33131 |
| hcantwell@debevoise.com | aschachter@gsgpa.com |
| srgittes@debevoise.com | ggreenberg@gsgpa.com |
| eogrosz@debevoise.com | sgrannum@gsgpa.com |
| *Counsel for Defendant* | *Co-counsel for Defendant* |

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071