# EXHIBIT B.7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/HERNANDEZ**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

      Plaintiffs,

v.

CAPITAL ONE, N.A.,

      Defendant.

_____/

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF ERIC TRUMP'S SECOND REQUEST FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1, Defendant Capital One, N.A. ("Defendant" or "Capital One") hereby responds and objects to Plaintiff Eric Trump's Second Request for Production (the "Requests"), dated May 18, 2026.

## GENERAL OBJECTIONS

1. All of the general objections set forth herein apply to and are incorporated into each of the specific responses to the document requests set forth below and have the same force and effect as if fully set forth therein, whether expressly incorporated by reference in such specific responses.

2. Defendant objects to the Requests to the extent that the Requests are relevant only to plaintiffs other than Eric Trump and to the extent that Plaintiff Eric Trump seeks to propound discovery on behalf of other plaintiffs.

3. Defendant objects to the Requests to the extent they seek production of non-public, confidential, personal, business, proprietary, or commercially sensitive information or documents.

4. Defendant's failure to object to a specific request on a particular ground shall not be construed as a waiver of its right to object on any additional ground. Defendant reserves the right to amend and/or supplement these responses and objections at any time and hereby reserves all

other objections.  Any objection or lack of an objection to any portion of any request is not an admission that Defendant has documents sought in a particular request.

5.　Defendant does not concede the relevance, materiality, or admissibility of any documents sought in the Requests.  Defendant's responses are without waiver or limitation of its right to object on grounds of relevance, materiality, privilege, admissibility of evidence for any purpose, or any other ground to the use of any documents provided or referred to in these responses, in discovery or in any proceeding, or at the trial of this or any other action.

6.　Defendant's objections and responses to the Requests do not constitute, and shall not be interpreted as, Defendant's agreement with, or admission as to the truth or accuracy of, any legal or factual characterizations or allegations stated or implied in any of Plaintiff's specific requests.

7.　Defendant will produce documents only as expressly set forth in its specific responses below.  A statement herein that the Defendant will produce any documents responsive to a particular request does not mean that any such documents exist or ever existed.  Defendant objects to the Requests to the extent that they seek, in the event that there are no responsive documents to a particular request, a statement that no such documents exist.

8.　Defendant objects to the Requests to the extent they purport to impose conditions, burdens, obligations or requirements other than, or beyond, those set forth in the Federal Rules of Civil Procedure and any other applicable rules.

9.　Defendant objects to the Requests to the extent they seek to set forth the requirements for any privilege log on the grounds that such instructions impose conditions, burdens, obligations and/or requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, and any applicable court orders.

10.　Defendant objects to the Requests to the extent they call for the production of records of individual Capital One customers on the grounds that these documents contain sensitive personal and/or financial information of individuals and entities who are not parties to this action.

The disclosure of such information is governed by, among other things, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., and state law.

11.   Defendant objects to the Requests to the extent they purport to require Defendant to search for "any" and "all" documents or information.  Consistent with its obligations under Federal Rules of Civil Procedure 26 and 34, and subject to its objections, Defendant will produce responsive, non-privileged documents to the extent they exist and are located after a reasonable search of the documents in its possession, custody, or control.

12.   Defendant objects to the Requests to the extent they seek information that includes expert material.  Defendant objects to any such requests as premature and calling for privileged trial preparation materials.  Defendant will produce any such materials as set forth in Federal Rule of Civil Procedure 26(a)(2) and any applicable court orders.

13.   Defendant objects to the Requests to the extent that they demand (or could be interpreted to demand) that Defendant conduct a comprehensive search of Defendant's e-mail systems or other electronic databases, conduct any search of computer back-up tapes or computer hard drives for files that may have been deleted but not yet overwritten, or conduct any other searches for electronically stored information other than targeted searches for electronic documents that are presently stored and readily retrievable from (*i*) current directories on computer hard drives, (*ii*) current e-mail systems, or (*iii*) other current electronic databases.  Any further electronic searches would be overly broad, unduly time-consuming, unduly burdensome and expensive, and not proportional to the needs of the case.

14.   Defendant objects to the Requests to the extent they request continuing supplementation of Defendant's responses.

15.   Defendant objects to the Requests to the extent they seek information protected from disclosure by the Bank Secrecy Act, 31 U.S.C. § 5311 et seq.

16.   Defendant objects to the Requests to the extent they attempt to shift Plaintiff's burden of proof as to any element of Plaintiff's claims to Defendant and purport to require Defendant to prove a negative.

17.     Defendant objects to the Requests to the extent they purport to impose conditions, burdens, obligations or requirements that conflict with those set forth in the Stipulated Protective Order and Stipulated ESI Protocol, as approved by the Court on April 21, 2026.  ECF Nos. 59, 63.

## OBJECTIONS TO DEFINITIONS

1.     Defendant objects to the definition of "Capital One" to the extent that it refers to people or entities other than Capital One, N.A. and its officers, directors or employees on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

2.     Defendant objects to the definition of "President Trump" to the extent that it refers to people or entities other than President Donald J. Trump on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

3.     Defendant objects to the definition of "E. Trump" to the extent that it refers to people or entities other than Plaintiff Eric Trump on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

4.     Defendant objects to the definition of "DJT Trust" to the extent that it refers to people or entities other than Plaintiff The Donald J. Trump Revocable Trust and its officers, directors or employees on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

5.     Defendant objects to the definition of "DJT Holdings" to the extent that it refers to people or entities other than Plaintiff DJT Holdings, LLC and its officers, directors or employees on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

6.     Defendant objects to the definition of "DJT Managing Member" to the extent that it refers to people or entities other than DJT Holdings Managing Member, LLC and its officers, directors or employees on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

7.      Defendant objects to the definition of "DTTM" to the extent that it refers to people or entities other than Plaintiff DTTM Operations, LLC and its officers, directors or employees on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

8.      Defendant objects to the definition of "Plaintiffs" to the extent that it refers to people or entities other than the plaintiffs in this action—Eric Trump; The Donald J. Trump Revocable Trust; DJT Holdings, LLC; DJT Holdings Managing Member, LLC; and DTTM Operations, LLC—on the grounds that such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

9.      Defendant objects to the definition of "De-banking Letter" to the extent that it suggests that Capital One "de-bank[ed]" Plaintiffs.  Defendant further objects to the definition of "De-banking Letter" to the extent that it refers to anything other than the March 8, 2021 letter Capital One sent Plaintiffs informing Plaintiffs of its decision to close some of the accounts associated with Plaintiffs.

10.     Defendant objects to the definition of "De-banking" to the extent that it suggests that Capital One "de-bank[ed]" Plaintiffs.  Absent clarification, Defendant will object to the definition of "De-banking" on vagueness grounds, because it purports to include all "termination of banking services" and "closure of [] bank account(s)," regardless of the reason for such termination or closures, and would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

11.     Absent clarification, Defendant will object to the definition of "Person" on vagueness grounds, because the Requests do not define the terms "association," "institute," "joint venture," "governmental body," or "legal entity," and such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

12.     Defendant objects to the definition of "document" to the extent that it purports to impose an obligation on Defendant broader than that required by the Federal Rules of Civil Procedure, or any other applicable statutes, rules, or other law.

13.     Absent clarification, Defendant will object to the definition of "relate" and "relating to" on vagueness grounds, because it seeks documents "in any way legally, logically, or factually . . . connected to the specified subject" or that "indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, . . . [or] arise out of or in connection with" a particular subject without defining those terms, and because Plaintiff seeks to define "relating to" and "Relating to" with different meanings.  Such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

14.     Absent clarification, Defendant will object to the definition of "Relating to" on vagueness grounds, because the Requests seek documents "evidencing," "indirectly" "referring to," "underlying," or "supporting" without defining those terms, and because Plaintiff seeks to define "Relating to" and "relating to" with different meanings.  Such an interpretation would render the Requests overbroad, unduly burdensome and not proportional to the needs of the case.

15.     Defendant objects to the definition of "Action" to the extent that it refers to any legal action other than *The Donald J. Trump Revocable Trust, et al. v. Capital One, N.A.*, No. 25-cv-21596-RKA (S.D. Fla.).

<u>**OBJECTIONS TO INSTRUCTIONS**</u>

1.     Defendant objects to the Instructions to the extent they purport to impose conditions, burdens, obligations or requirements other than, or beyond, those set forth in the Federal Rules of Civil Procedure and any other applicable rules.

2.     Defendant objects to the timeframe of "January 2017 until present" as improper because it conflicts with and seeks to substantially expand the time period ordered by the Court for Defendant's response to Plaintiff Eric Trump's First Set of Requests for Production in this Action:  January 1, 2019, to October 31, 2021.  ECF No. 67.  Defendant further objects to the timeframe of "January 2017 until present" as overbroad and unduly burdensome, because it seeks documents outside of the time period relevant to Capital One's decision to close Plaintiffs' accounts.

6

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

Any documents relating to Defendant's know-your-customer (KYC) policies and procedures, and the measures employed by Defendant that relate to any of the Plaintiffs from January 2017 until present.

**Response to Request No. 1:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the words "policies," "procedures," and "measures."  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will meet and confer with Plaintiffs regarding the scope of this Request.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 2:**

Any documents related to any compliance reviews relating to any of the Plaintiffs from January 2017 until present.

**Response to Request No. 2:**

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts.  Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the phrase "compliance reviews."  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will meet and confer with Plaintiffs regarding the scope of this Request.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 3:**

Any documents relating to any enhanced due diligence records relating to any of the Plaintiffs from January 2017 until present.

**Response to Request No. 3:**

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts.  Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the phrase "enhanced due diligence records."  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will meet and confer with Plaintiffs regarding the scope of this Request.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 4:**

Any documents relating to any alert, unusual, red flag, suspicious, or atypical activity relating to any of the Plaintiffs from January 2017 until present.

**Response to Request No. 4:**

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts.  Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Absent clarification,

8

Defendant will also object to this Request as vague and ambiguous, because the Request does not define the phrase "alert, unusual, red flag, suspicious, or atypical activity." Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will meet and confer with Plaintiffs regarding the scope of this Request. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 5:**

Any documents relating to any alleged violation of Defendant's know-your-customer (KYC) policies and procedures that Defendant contends was committed by any of the Plaintiffs.

**Response to Request No. 5:**

Defendant objects to this Request as overbroad and unduly burdensome, because it is based on Plaintiffs' characterization of Defendant's determinations regarding account activity in Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 6:**

Any documents relating to any alleged violation of Defendant's anti-money laundering (AML) policies and procedures that Defendant contends were committed by any of the Plaintiffs.

**Response to Request No. 6:**

Defendant objects to this Request as overbroad and unduly burdensome, because it is based on Plaintiffs' characterization of Defendant's determinations regarding account activity in Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 7:**

Any documents relating to the investigation, review, monitoring, restriction, suspension, closure, and/or analysis of Plaintiffs' accounts.

**Response to Request No. 7:**

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the words "investigation," "review," "monitoring," "restriction," "suspension," and "analysis." Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-

privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 8:**

Any documents relating to any and all suspicious and/or unusual, atypical, irregular, or improper account activity in Plaintiffs' accounts.

**Response to Request No. 8:**

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the words "suspicious," "unusual," "atypical," "irregular," or "improper." Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 9:**

Any documents related to any investigation and/or review into any transactions in Plaintiffs' accounts that demonstrated, according to Defendant's policies and procedures, suspicious and/or unusual, atypical, irregular, or improper account activity.

**Response to Request No. 9:**

11

Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any" such documents, regardless of whether they are relevant to Defendant's decision to close Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the words "investigation," "review," "suspicious," "unusual," "atypical," "irregular," or "improper." Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 10:**

Any documents related to the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization" including any documents that were reviewed, analyzed, presented, considered, or relied upon for the statements in that memorandum.

**Response to Request No. 10:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production

12

with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 11:**

Any documents sufficient to identify the five investigators mentioned in the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization."

**Response to Request No. 11:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents sufficient to identify the five investigators referenced on page 2 of the February 24, 2021 memorandum.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 12:**

Any documents shared, presented, reviewed, considered, or relied upon during any of the meetings described in the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization."

**Response to Request No. 12:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

13

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 13:**

Any documents sufficient to show the updates given to Defendant's Chief Compliance Officer as described in the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization."

**Response to Request No. 13:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 14:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (II)(A) of the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization" referring to the Wollman Ice Skating Rink.

**Response to Request No. 14:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.   Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 15:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (II)(B) of the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization" referring to the Trump International Hotel Las Vegas.

**Response to Request No. 15:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production

with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 16:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (II)(C) of the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization" referring to the Trump Tower Baku.

**Response to Request No. 16:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 17:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (II)(D) of the February 24, 2021, memorandum titled "Account Closure Recommendation:  Donald J. Trump and the Trump Organization" referring to the TTT Consulting.

**Response to Request No. 17:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the

16

attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.   Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 18:**

Any other documents reviewed, considered, or relied upon by Defendant relating to Wollman Ice Skating Risk to terminate Plaintiffs' accounts.

**Response to Request No. 18:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 19:**

Any other documents reviewed, considered, or relied upon by Defendant relating to Trump International Hotel Las Vegas to terminate Plaintiffs' accounts.

**Response to Request No. 19:**

Defendant objects to this Request because it calls for the production of documents and

information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 20:**

Any other documents reviewed, considered, or relied upon by Defendant relating to Trump Tower Baku to terminate Plaintiffs' accounts.

**Response to Request No. 20:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 21:**

Any other documents reviewed, considered, or relied upon by Defendant relating to TTT Consulting to terminate Plaintiffs' accounts.

**Response to Request No. 21:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the

attorney-client privilege and work-product doctrine. Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 22:**

Any other documents reviewed, considered, or relied upon by Defendant relating to terminate Plaintiffs' accounts.

**Response to Request No. 22:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision. Defendant will accompany its document production with a privilege log, as agreed to by the parties. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 23:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (III) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

**Response to Request No. 23:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the

19

attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.   Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 24:**

Any documents shared, presented, reviewed, considered, or relied upon for the statements in section (IV) of the February 24, 2021, memorandum titled "Account Closure Recommendation: Donald J. Trump and the Trump Organization."

**Response to Request No. 24:**

Defendant objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine.  Defendant further objects to this Request as unreasonably duplicative of Request 10 and thus incorporates its responses and objections to Request No. 10 herein.   Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will produce non-privileged documents regarding its decision to close some of the accounts associated with Plaintiffs and that it relied upon in making that decision.  Defendant will accompany its document production with a privilege log, as agreed to by the parties.  Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

**Request No. 25:**

Any documents related to Defendant's termination of any bank account, line of credit, or

other financial product or service with Defendant, based on political discrimination against the individual or business associated with the bank account, line of credit, or other financial product or service from January 2017 through present.

**Response to Request No. 25:**

Defendant objects to this Request on the ground that it calls for the production of documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case, in that it requests documents related to non-parties with no connection or association with Plaintiffs. Defendant further objects to this Request as overbroad and unduly burdensome because it seeks documents regardless of their relevance to Defendant's decision to close Plaintiffs' accounts. Defendant further objects to this Request because it calls for the production of documents and information transmitted between Defendant's counsel and employees that are protected by the attorney-client privilege and work-product doctrine. Defendant further objects to this Request because it calls for documents that contain sensitive personal or financial information of individuals and entities who are not parties to this Action. Absent clarification, Defendant will also object to this Request as vague and ambiguous, because the Request does not define the phrase "political discrimination." Defendant expressly incorporates herein its "General Objections," "Objections to Definitions," and "Objections to Instructions."

Subject to the foregoing general and specific objections, Defendant will meet and confer with Plaintiffs regarding the scope of this Request. Defendant expects to withhold documents on the basis of the foregoing general and specific objections.

## CONCLUSION

Defendant is available to meet and confer regarding these Responses and Objections. By submitting these Responses and Objections, Defendant reserves all rights and waives none.

21

Dated: June 17, 2026

Respectfully submitted,

*/s/ Shane Grannum*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
E-service: efilings@gsgpa.com

GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950

HELEN CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 17, 2026, I served a true and correct copy of the foregoing on all counsel of record via the email addresses listed on the Court's CM/ECF filing system.

/s/ Shane Grannum
Shane Grannum
Florida Bar No. 1055050