**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE                 Case No. 1:25-cv-21596-RKA
TRUST, *et al.*,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia
Corporation,

      Defendant.

_____/

**PLAINTIFFS' *UNOPPOSED* EXPEDITED**
**MOTION TO FILE DOCUMENTS UNDER SEAL**

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, ERIC TRUMP, DJT HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY, LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC (collectively, "Plaintiffs") by and through undersigned counsel and pursuant to Local Rule 5.4(b) and the Confidentiality Stipulation and Protective Order [DE 59-1] entered by the Court on April 21, 2026 [DE 63] (the "Protective Order"), file this *Unopposed* Expedited Motion to File Documents Under Seal, and in support thereof, state as follows:

1.      On April 21, 2026, the Court entered the Protective Order proposed by Plaintiffs and Defendant, CAPITAL ONE, N.A. ("Defendant"). The Protective Order governs the disclosure and use of information produced in discovery and designated as "Confidential" or "Attorneys' Eyes Only" by a producing party.

2.      Paragraph 11 of the Protective Order provides that "[a]ll pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain Confidential and/or Attorneys' Eyes Only Information shall, if filed with the Court, be accompanied by a motion to seal pursuant to all applicable local rules. Where possible, only the confidential portions of filings with the Court shall be filed under seal." [DE 59-1 ¶ 11].

3.      Plaintiffs' Amended Complaint is due July 17, 2026.

4.      The materials proposed to be sealed are: (a) exhibits to the Amended Complaint consisting of documents produced by Defendant in discovery and designated by Defendant as Confidential and/or Attorneys' Eyes Only, (b) exhibits consisting of excerpts of deposition testimony designated by Defendant as Confidential and/or Attorneys' Eyes Only; and (c) the limited portions of the Amended Complaint that quote, describe, or otherwise reveal those designated materials. Consistent with Local Rule 5.4(b)(1), Plaintiffs describe the materials with as much particularity as possible without attaching or revealing the content of the proposed sealed material, and, pursuant to that Rule, will not file the proposed sealed material unless and until the Court grants this Motion.

5.      The materials were designated as Confidential and/or Attorneys' Eyes Only by Defendant, not by Plaintiffs. Plaintiffs filed this Motion solely to honor those designations and to comply with paragraph 11 of the Protective Order, which requires that a filing containing designated material be accompanied by a motion to seal. Plaintiffs take no position on whether the designated materials are properly sealable. Sealing the materials on an interim basis will preserve the status quo and afford Defendant, as the designating party, the opportunity to set forth the factual and legal basis for any continued sealing, as Local Rule 5.4(b)(1) requires.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

6.　　Consistent with the Protective Order and Local Rule 5.4(b), Plaintiffs will publicly file a redacted version of the Amended Complaint that redacts only the content Defendant designated Confidential and/or Attorneys' Eyes Only.

7.　　As to the proposed duration of the requested sealing, Plaintiffs request that the materials remain under seal until the Court rules on any memorandum or motion filed by Defendant establishing the basis for continued sealing. Plaintiffs propose that Defendant be directed to make that filing within fourteen (14) days after the filing of the Amended Complaint (or such other time as the Court may set), failing which the designated materials shall be unsealed and filed on the public record.

8.　　Pursuant to Local Rule 7.1(d)(2), Plaintiffs respectfully request a ruling on this Motion on or before July 16, 2026. Expedited treatment is necessary because Plaintiffs' Amended Complaint is due on July 17, 2026, and a ruling before that deadline will permit the designated materials to be protected at the time of filing, as the Protective Order requires.

9.　　Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs has conferred with counsel for Defendant regarding the relief sought in this Motion, and Defendant's position is as follows: *First*, Defendant does not oppose the relief requested, provided that the provisional seal period will not lapse until the Court rules on Defendant's forthcoming motion for continued seal. *Second*, Defendant does not oppose the relief requested, to the extent that Plaintiffs seek to seal portions of their forthcoming Second Amended Complaint that attach, quote, or describe documents or deposition testimony designated by Defendant as Confidential or Attorneys' Eyes Only. *See* Dkt. No. 63. However, without reviewing the Second Amended Complaint in advance, Defendant asserts that it is presently unable to determine whether additional material should be sealed in accordance with the Confidentiality Stipulation and Protective Order or prevailing case law.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order: (a) granting this Motion; (b) permitting Plaintiffs to file under seal the designated exhibits to the Amended Complaint and an unredacted version of the Amended Complaint; (c) directing Defendant, as the designating party, to file within fourteen (14) days after the filing of the Amended Complaint (or such other time as the Court may set) a memorandum setting forth the factual and legal basis for continued sealing pursuant to Local Rule 5.4(b)(1), failing which the designated material shall be unsealed and filed on the public record; (d) providing that the designated material shall remain under seal until the Court rules on any such memorandum or motion filed by Defendant; and (e) granting such other and further relief as the Court deems just and proper.

Dated: July 14, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**MICHAEL O. MENA**
Florida Bar No. 010664
Primary: mmena@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com
Secondary: chernandez@britopllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 14, 2026, a true and correct copy of the foregoing was

electronically filed with the Clerk of Court using CM/ECF, which will send a notice of electronic

filing to all counsel of record:

| **Debevoise & Plimpton, LLP**<br>Helen Cantwell, Esq.<br>Susan Reagan Gittes, Esq.<br>Erich O. Grosz, Esq.<br>66 Hudson Boulevard<br>New York, New York 10001<br>hcantwell@debevoise.com<br>srgittes@debevoise.com<br>eogrosz@debevoise.com<br><br>*Counsel for Defendant* | **Gelber Schachter & Greenberg, P.A.**<br>Adam Schachter, Esq.<br>Gerald Greenberg, Esq.<br>Shane Grannum, Esq.<br>1 SE 3rd Avenue, Suite 2600<br>Miami, Florida 33131<br>aschachter@gsgpa.com<br>ggreenberg@gsgpa.com<br>sgrannum@gsgpa.com<br><br>*Co-counsel for Defendant* |

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071