**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE TRUST, *et al*.,

      Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia Corporation,

      Defendant.

Case No. 1:25-cv-21596-RKA

_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, by and through its Trustee Donald J. Trump, Jr., ERIC TRUMP, DJT HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY, LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, sue Defendant CAPITAL ONE, N.A. ("Capital One"). In support, Plaintiffs state as follows:

### NATURE OF THE ACTION

1.    This case is based on a bank, Capital One, terminating hundreds of accounts belonging to entities affiliated with President Donald J. Trump, thereby wrongly debanking those entities. Capital One improperly and deliberately closed those accounts because the political environment in January 2021 made it expedient to do so, and not, as the Defendant claims, ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ .

2.      Capital One's ██████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

3.      The evidence is stark. ███████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

████████████████████████████████████████████████████████

████████████████████████████████████████ .

4.     ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████

5.     Capital One closed █████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ . A bottled water company, a winery, a golf course, a construction payroll firm, and a real estate brokerage, and hundreds of other businesses were wrongly debanked not because of anything they did, but because of who owned them.

6.     Simply stated, Capital One exercised its contractual termination rights in bad faith.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

3

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████.

## PARTIES

7.      Plaintiff THE DONALD J. TRUMP REVOCABLE TRUST (the "Trust"), by and through its Trustee Donald J. Trump, Jr., is a citizen of and domiciled in Palm Beach County, Florida, where the Trust was created.

8.      Plaintiff ERIC TRUMP is sui juris and is a citizen of and domiciled in Palm Beach County, Florida.

9.      Plaintiff DJT HOLDINGS MANAGING MEMBER, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida. Its sole member is the Trust.

10.     Plaintiff DJT HOLDINGS, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida. Its members are the Trust and DJT Holdings Managing Member, LLC.

11.     Plaintiff ERIC TRUMP WINE MANUFACTURING, LLC is a Delaware limited liability company with its principal place of business in Charlottesville, Virginia. Its members are

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Eric Trump and Eric Trump Wine Manufacturing Member Corp., whose sole shareholder is Eric Trump.

12.     Plaintiff LAMINGTON FAMILY HOLDINGS, LLC is a Delaware limited liability company with its principal place of business in Bedminster, New Jersey. Its sole member is DJT Holdings, LLC.

13.     Plaintiff MOBILE PAYROLL CONSTRUCTION, LLC is a Delaware limited liability company with its principal place of business in Bedminster, New Jersey. Its members are DJT Holdings, LLC and Mobile Payroll Construction Manager Corp.

14.     Plaintiff PINE HILL DEVELOPMENT, LLC is a Delaware limited liability company with its principal place of business in Pine Hill, New Jersey. Its members include DJT Holdings, LLC and Pine Hill Development Managing Member Corp.

15.     Plaintiff T INTERNATIONAL REALTY, LLC is a Delaware limited liability company with its principal place of business in Jupiter, Florida. Its members are the Donald J. Trump Revocable Trust, The Ivanka Trump Revocable Trust, The Donald J. Trump, Jr. Revocable Trust, and The Eric F. Trump Revocable Trust.

16.     Plaintiff TNGC CHARLOTTE, LLC is a Delaware limited liability company with its principal place of business in Mooresville, North Carolina. Its members are DJT Holdings, LLC and TNGC Charlotte Manager Corp.

17.     Plaintiff TRUMP ICE, LLC is a New York limited liability company with its principal place of business in New York, New York. Its sole member is DJT Holdings, LLC. Trump Ice sells bottled water under the Trump brand.

18.     Plaintiff DTTM OPERATIONS, LLC is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida. Its members are DJT Holdings, LLC

5

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and DTTM Operations Managing Member Corp.

19.     Defendant CAPITAL ONE, N.A. is a national banking association organized under the laws of the United States, with its principal office in McLean, Virginia, and authorized to do business in the State of Florida.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees.

21.     This Court has personal jurisdiction over Capital One pursuant to Fla. Stat. § 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because Capital One operates, conducts, and carries on business in Florida, committed tortious acts in Florida causing injury to Plaintiffs, and caused injury to Plaintiffs while engaged in the solicitation and provision of banking services within Florida.

22.     Venue is proper in this District under 28 U.S.C. § 1391(b), because Capital One maintains offices in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### A.     *The Growing Trend of Debanking in America*

23.     In 2009, the Obama administration launched the Financial Fraud Enforcement Task Force, which, over time, expanded into what became known as "Operation Choke Point." Under this program, officials at the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation threatened banks with regulatory action if they maintained relationships with industries which the Obama administration chose to oppose on political grounds. Lawful

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

businesses, including gun dealers, payday lenders, and others, found their bank accounts terminated with little explanation beyond "regulatory pressure."

24.     Former FDIC Chairman William Isaac described Operation Choke Point as "one of the most dangerous programs I have experienced in my 45 years of service as a bank regulator, bank attorney and consultant, and bank board member." In 2017, the first Trump administration ended Operation Choke Point, and in January 2021, the Office of the Comptroller of the Currency promulgated a final rule to ensure fair access to banking services regardless of political viewpoint.

25.     Despite these efforts, the practice of terminating banking relationships for political reasons, commonly known as "debanking," has persisted and expanded. At least sixteen state Attorneys General have formally demanded that major banks cease debanking consumers and businesses based on their political views. Members of Congress from both parties, including Senator Elizabeth Warren (D-MA) and Senator Kevin Cramer (R-ND), have recognized debanking as a serious problem requiring legislative action. Senator Cramer has reintroduced the Fair Access to Banking Act in order to protect legal businesses from politically motivated account terminations, or debankings.

26.     Florida has specifically addressed this wrongful practice through Fla. Stat. § 655.0323, which declares it an "unsafe and unsound practice for a financial institution to deny or cancel its services to a person, or to otherwise discriminate against a person in making available such services or in the terms or conditions of such services, on the basis of ... [t]he person's political opinions, speech, or affiliations." This statute, enacted in 2023, reflects Florida's declared public policy against the very conduct Capital One engaged in. Further, the statute  informs the standard of good faith applicable to Capital One's exercise of its contractual termination discretion.

27.     Capital One's closure of Plaintiffs' accounts was part of this broader, improper

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

debanking pattern. As detailed below, the closure was not driven by genuine AML concerns, but by the political environment of January 2021, and Capital One's desire to distance itself from President Trump in the wake of the events of January 6, 2021.

### B.   The Banking Relationship

28.   Plaintiffs and their affiliated entities maintained approximately 385 bank accounts with Capital One. The relationship originated with North Fork Bank, which was acquired by Capital One in 2006. For over a decade, Plaintiffs transacted, at least, tens of millions of dollars through Capital One accounts spanning checking, savings, trust, and commercial banking products.

29.   The parties' relationship was governed by the Rules Governing Deposit Accounts (the "Rules"), which included a termination provision permitting either party to close any account "at any time, for any or no reason and without notice." Plaintiffs do not dispute the existence of this provision. What Plaintiffs dispute is █████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

30.   At all relevant times, Plaintiffs' accounts were in good standing. No account was overdrawn, delinquent, or in default on any obligation. Capital One ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████.

### C.   The Contractual Framework

31.   The Rules Governing Deposit Accounts contain several provisions relevant to this dispute. The termination provision states: "We may close any account in our sole discretion at any time, for any or no reason and without notice to you." Capital One exercised this provision in bad

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

faith, for an improper purpose, and in a manner that the contract itself does not sanction.

32.     The Liability section of the Rules further provides that "except as otherwise provided by applicable law, in no event shall we be liable for indirect, special or consequential damages or for attorney's fees incurred by you, regardless of the form of the action." The phrase "except as otherwise provided by applicable law" expressly preserves claims arising under applicable law, including the implied covenant of good faith and fair dealing, which Florida law reads into every contract by operation of law. This provision confirms that the Rules do not purport to override the protections that applicable law affords to contracting parties, including the requirement that contractual discretion be exercised in good faith.

33.     The Rules further contain an exculpatory clause specific to account closures: "Capital One Bank is not liable for any damages or liabilities resulting from the termination of an account relationship." Under Florida law, exculpatory clauses are strictly construed against the drafter and do not shield a party from liability for intentional misconduct, fraud, or gross negligence. This clause protects Capital One from liability for routine, good-faith terminations. ███

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

34.     The Liability section of the Rules states that Capital One is not liable for "acting upon your instructions or failing to act upon your instructions when we reasonably believe that doing so would expose us to civil or criminal liability or conflict with industry standard banking practices." This provision establishes that Capital One's own contract contemplates adherence to industry standard banking practices. Politically motivated, mass account closures █████████ █████████████████████████ are not industry standard banking practices. To the contrary,

9

Florida has declared such conduct to be an "unsafe and unsound practice" under Florida Statute § 655.0323.

35.     Read together, these provisions establish that the Rules do not authorize Capital One to terminate accounts for any purpose whatsoever, including political retaliation. The exculpatory clause does not protect against intentional misconduct. The Liability section preserves claims arising under applicable law. And the contract itself incorporates the expectation that Capital One will adhere to industry standard banking practices. ████████████████

██████████████████████████████████████████████████

████████████████████████████████ Capital One's closure of Plaintiffs' accounts falls outside the scope of any contractual protection.

**D.**     ████████████████████████████████████████

██  ██████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

37.     ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

10

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**

2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134

Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

██████████████████████████████████████████████

████████████████████████████████████████

██  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████

**G.**   *The 2020 Election:* ████████████████████████

██  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

██  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**H.** *January 6, 2021: The Political Trigger*

49.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071



**J.** ██████████████████████████████

████ ██████████████████████████████████████████

57. ██████████████████████████████████████

████ ██████████████████████████████████████

**K.** ███████████████████████

████ ██████████████████████████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

63.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



71.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



84.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

85. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Q.   ████████████████████████

     ██   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████

     ██   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*R.*



90.

*S.*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



### T.      *Damages*

95.     As a direct and proximate result of Capital One's bad-faith closure of Plaintiffs' accounts, Plaintiffs suffered substantial damages including but not limited to: disruption of ongoing business operations; inability to access deposited funds; costs associated with establishing replacement banking relationships; loss of favorable banking terms and conditions; reputational

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

harm from the sudden and unexplained termination of their banking relationships; and consequential business losses resulting from the interruption of their ability to transact.

96.     Capital One ███████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████

## COUNT I

## BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### *(All Plaintiffs Against Defendant)*

97.     Plaintiffs incorporate and re-allege each and every allegation set forth in the preceding paragraphs 1 through 96, as though fully set forth herein.

98.     Plaintiffs and Capital One were parties to valid and enforceable contracts, including the Rules Governing Deposit Accounts, which governed the terms and conditions of Plaintiffs' accounts at Capital One. (CONAFL-00000001, attached hereto as **Exhibit L**.)

99.     Under Florida law, every contract contains an implied covenant of good faith and fair dealing that attaches to the performance of the contract's express terms, including the exercise of discretionary provisions.

100.    The implied covenant requires that neither party act to destroy the right of the other party to receive the benefits of the contract.

101.    The Rules Governing Deposit Accounts contain a termination provision that grants both parties discretion to close accounts.

102.    The Rules also contain provisions preserving obligations imposed by applicable

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

law (the Liability section's reservation for claims arising under "applicable law"), referencing reasonable belief, and incorporating adherence to "industry standard banking practices" as a standard governing Capital One's conduct.

103.    Plaintiffs do not contend that Capital One was required to maintain the banking relationship indefinitely.

104.    Rather, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ .

105.    Capital One breached those obligations.

106.    ██████████████████████████████████████████████
████████
    ██    ██████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████
    ██    ██████████████████████████████████████████
████████████████████

109.    Capital One breached ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

110.    This is not a case in which a contracting party simply made a binary decision to end a relationship for no stated reason.

111.    ████████████████████████████████████
███████████

112.    ██████████████████████████████

██    ███████████████████████████████.

114.    The bad faith alleged here lies not merely in the ultimate decision to terminate, but in Capital One's █████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

115.   Capital One's conduct was not the product of an honest mistake, bad judgment, or negligence.

116.   It was a conscious and deliberate act that unfairly frustrated the agreed common purpose of the parties' banking relationships and disappointed Plaintiffs' reasonable expectations.

117.   Capital One consciously and deliberately ████████████████████████ ██████████████████████████████████████████ ████████████████

118.   Capital One consciously and deliberately ████████████████████ ██████████████████████████████████████████ ████████████

119.   Capital One consciously and deliberately ██████████████████ ████████████████████████████████████████

120.   Capital One consciously and deliberately ██████████████████ ██████████████████████████████

121.   These were not inadvertent failures or errors in judgment.

122.   They were calculated decisions ██████████████████████ ██████████████████████████████████████████ ██████████

123.   Capital One's exercise of the termination clause was not a neutral or good-faith exercise of contractual discretion.

124.   It was an exercise of contractual power for an improper purpose, political calculus and retaliation, ████████████████████████████.

125.   Capital One's deliberate, bad-faith conduct unfairly interfered with Plaintiffs'

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

receipt of the benefits for which they contracted.

126.   Capital One's deliberate, bad-faith conduct directly contradicted with Plaintiffs' reasonable contractual expectations.

127.   The implied covenant prohibits precisely this kind of bad-faith performance of an express contractual right.

128.   The Rules Governing Deposit Accounts preserve claims arising under applicable law.

129.   The Liability section provides that Capital One is not liable for consequential damages "except as otherwise provided by applicable law."

130.   Capital One's bad-faith exercise of its termination discretion gives rise to liability under the implied covenant, which is applicable law, and the Rules' own terms confirm that such claims are not foreclosed by the contract's general liability limitations.

131.   The exculpatory clause in the termination provision, which states that "Capital One Bank is not liable for any damages or liabilities resulting from the termination of an account relationship," does not apply here.

132.   Under Florida law, exculpatory clauses do not shield a party from liability for fraud, intentional misconduct, or gross negligence.

133.   Capital One's misconduct, *i.e.*, ███████████████████████████████████████████████████████████████████████████████████████████████████

134.   Capital One's conduct further violated its own contractual commitment to adhere to industry standard banking practices.

135.   The Rules provide that Capital One may act or decline to act when it "reasonably

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

believe[s] that doing so would ... conflict with industry standard banking practices."

136.    Politically motivated mass account closures concealed ███████████████ ████████████████████████████████

137.    Florida's Legislature has since declared such conduct to be an "unsafe and unsound practice" under Fla. Stat. § 655.0323, confirming that Capital One's conduct falls outside the bounds of standard industry practice, and outside the scope of the contractual protections it now invokes.

138.    As a direct and proximate result of Capital One's breach, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial, including but not limited to the damages described above.

**COUNT II**

**FRAUDULENT CONCEALMENT**

*(All Plaintiffs Against Defendant)*

139.    Plaintiffs incorporate and re-allege each and every allegation set forth in the preceding paragraphs 1 through 96, as though fully set forth herein.

140.    Capital One did not merely ███████████████████ ██ ████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████████████████████████████ .

142.    █████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████

31

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

143.

144. Capital One deliberately chose to

145.

146. Capital One had a duty to disclose

147. This duty arose from the parties' confidential banking relationship, which imposed on Capital One a duty of good faith in its dealings with Plaintiffs, and from Capital One's exclusive possession of the facts underlying the closure decision.

148. The four

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

████████████████████████████ .

149.   Had Capital One ████████████████████████████████ .

150.   Capital One's deliberate decision ████████████████████████

████████████████████████████████████████████████ .

151.   The ██████████ caused Plaintiffs specific, identifiable harm beyond the closure

itself.

152.   Had Plaintiffs known ████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████ .

153.   Instead, because Capital One ████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████ .

154.   Given that ████████████████████████████

██████████████████████████████████████

████████████████████████████████ .

155.   As a direct and proximate result of Capital One's ████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

████████████████████████████████████████████████ consequently, suffered and continue to suffer damages in an amount to be determined at trial, including the tremendous harm caused by their inability t███████████████████████████ ██████████████.

## COUNT III
## DECLARATORY RELIEF
### *(All Plaintiffs Against Defendant)*

156.    Plaintiffs incorporate and re-allege each and every allegation set forth in the preceding paragraphs 1 through 96, as though fully set forth herein.

157.    This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

158.    An actual, justiciable controversy exists between Plaintiffs and Capital One concerning the lawfulness and characterization of ████████████████████ ████████████████████████████████████ ██████████.

159.    ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████.

160.    Capital One has thus ██████████████████████ ████████████████████████████.

161.    This ██████████████████████.

162.    Capital One's ██████████████████████

████████████████████████████████████

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

██████████████████████████████████████████████████████████ .

163. That position ████████████████████████████████ .

164. ██████████████████████████████████████████████

████████████████████████████████████████████████████

███████

██    ██████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████ .

166. At no point during the closure process or thereafter, did Capital One ████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████

167. The closure ████████████████████████████████████████ .

168. In these circumstances, a formal demand for reinstatement would be futile, and Plaintiffs should not be required to make one as a condition of seeking declaratory relief.

169. The controversy is not limited to past conduct.

170. Capital One continues to ████████████████████████████████

███████

171. Capital One's corporate representative testified at his June 23, 2026 deposition that

██████████████████████████████████████████████████████

██████████████████████████████████ .

172. Capital One has not withdrawn, modified, or disavowed ████████████████

35

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

████████████████████████████████ .

173.    So long as ████████████████████████████████████████████

████████ the controversy between the parties is live and ongoing.

174.    The ████████████████████████████████████████ consequences

for Plaintiffs beyond their relationship with Capital One.

175.    An ████████████████████████████████████████ affects a customer's

ability to establish and maintain banking relationships with other financial institutions.

176.    Banks routinely inquire about prior account closures, and ████████████

████████████████████████████████████████ .

177.    Capital One's ████████████████████████████████████

████████████████████████████████████ casts a shadow over Plaintiffs' banking

relationships that a judicial declaration would help resolve.

178.    Plaintiffs seek a declaration that: (a) Capital One's closure of Plaintiffs' accounts

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ .

179.    A declaratory judgment will serve a useful purpose in resolving this controversy.

180.    Such a declaratory judgment will establish whether ████████████████████

████████████ was genuine or pretextual, a disputed question at the heart of this case.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

181.    It will address the continuing damaging    effects of ██████████

████████████████████████████

182.    Further, a declaratory judgment will provide Plaintiffs with a judicial determination

███████████████████████████████████████████

███████████████████████████████████████████

██████.

## DEMAND FOR JURY TRIAL

183.    Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor

and against Defendant Capital One, N.A., and award the following relief:

a.    Compensatory damages in an amount to be determined at trial;

b.    Consequential damages in an amount to be determined at trial;

c.    Pre-judgment and post-judgment interest as permitted by law;

d.    A declaratory judgment as set forth in Count III;

e.    Costs and attorneys' fees as permitted by law; and

f.    Such other and further relief as this Court deems just and proper.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: July 17, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiffs*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Michael O. Mena*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**MICHAEL O. MENA**
Florida Bar No. 010664
Primary: mmena@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com
Secondary: chernandez@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on July 17,

2026, through the Court's CM/ECF Filing Portal upon:

**Debevoise & Plimpton, LLP**
Helen Cantwell, Esq.
Susan Reagan Gittes, Esq.
Erich O. Grosz, Esq.
66 Hudson Boulevard
New York, New York 10001
hcantwell@debevoise.com
srgittes@debevoise.com
eogrosz@debevoise.com

*Counsel for Defendant*

**Gelber Schachter & Greenberg, P.A.**
Adam Schachter, Esq.
Gerald Greenberg, Esq.
Shane Grannum, Esq.
1 SE 3rd Avenue, Suite 2600
Miami, Florida 33131
aschachter@gsgpa.com
ggreenberg@gsgpa.com
sgrannum@gsgpa.com

*Co-counsel for Defendant*

By: /s/ *Michael O. Mena*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071