**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-21596-ALTMAN/HERNANDEZ**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

      Plaintiffs,

v.

CAPITAL ONE, N.A.,

      Defendant.

_____/

**<u>DEFENDANT'S MOTION FOR CONTINUED SEALING</u>**
**<u>OF CERTAIN SEALED INFORMATION</u>**

Pursuant to Southern District of Florida Local Rule 5.4 and the Court's July 14, 2026 Paperless Order, Dkt. No. 77, Defendant Capital One, N.A. ("Capital One") moves to continue the sealing of certain narrowly-defined categories of previously sealed information in the Second Amended Complaint and its exhibits. Specifically, Capital One seeks continued sealing of: (i) names and other personal identifiers of non-party individuals, including account holders and Capital One employees (the "Currently Sealed Non-Party Privacy Information"); (ii) a portion of one document that is privileged pursuant to the Bank Secrecy Act, which was inadvertently produced and has been clawed back for redaction pursuant to Paragraph 19 of the Confidentiality Stipulation and Protective Order (the "Protective Order") and Federal Rule of Civil Procedure 26(b)(5)(B); (iii) portions of three documents that are irrelevant to the issues in this case and concern commercially sensitive and personal compensation information; and (iv) the account numbers of former and current customers of Capital One, including Plaintiffs. Capital One does not seek continued sealing of any other portions of the Second Amended Complaint and its exhibits. In support of this motion, Capital One states as follows.

1

## <u>BACKGROUND</u>

1.      On April 17, 2026, Plaintiffs The Donald J. Trump Revocable Trust (by and through its Trustee Donald J. Trump, Jr.), Eric Trump, DJT Holdings Managing Member, LLC, DJT Holdings, LLC, Eric Trump Wine Manufacturing, LLC, Lamington Family Holdings, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, T International Realty, LLC, TNGC Charlotte, LLC, Trump Ice, LLC, and DTTM Operations, LLC (collectively, "Plaintiffs" and, together with Defendant, the "Parties") filed a Joint Discovery Hearing Motion on behalf of the Parties. Dkt. No. 55. Prior to filing the Joint Discovery Hearing Motion, the Parties had agreed to redact the names of current and former employees of Capital One. However, Plaintiffs inadvertently filed an unredacted version of the Joint Discovery Hearing Motion on the public docket.

2.      On April 20, 2026, the Parties moved for leave to seal those employees' names from the public docket, Dkt. No. 56, which the Court permitted. Dkt. No. 58.

3.      On April 21, 2026, the Court entered a Protective Order, which governs the disclosure and use of information produced in this matter and designated as "Confidential" or "Attorneys' Eyes Only" by a producing party. Dkt. No. 63. Specifically, the Protective Order provides that "[a]ll pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain Confidential and/or Attorneys' Eyes Only Information shall, if filed with the Court, shall be accompanied by a motion to seal pursuant to all applicable local rules." Dkt. No. 59-1 ¶ 11.

4.      On July 14, 2026, the Court granted Plaintiffs' Unopposed Expedited Motion to File Documents Under Seal, allowing Plaintiffs to seal portions of their Second Amended Complaint and attachments that referenced or consisted of documents and deposition materials

that Capital One had previously designated as Confidential and/or Attorneys' Eyes Only under the Protective Order.  Dkt. Nos. 76 and 77.

5.     On July 17, 2026, Plaintiffs filed a redacted version of the Second Amended Complaint and its exhibits on the public docket.  Dkt. No. 82.  The materials were provisionally filed under seal in accordance with the Court's July 14, 2026 Order.

6.     Now, Capital One seeks continued sealing of only certain narrowly-defined portions of the Second Amended Complaint and its exhibits (the "Sealed Materials").  Specifically, Capital One seeks the continued sealing of: (i) Currently Sealed Non-Party Privacy Information; (ii) a portion of one document that is privileged pursuant to the Bank Secrecy Act, was inadvertently produced, and has been clawed back for redaction pursuant to Paragraph 19 of the Protective Order and Federal Rule of Civil Procedure 26(b)(5)(B); (iii) portions of three documents that are irrelevant to the issues in this case and concern commercially sensitive information of Capital One; and (iv) the account numbers of former and current customers of Capital One, including Plaintiffs.

## LEGAL STANDARD

Although "proceedings in the United States District Court are [normally] public and Court filings are matters of public record," S.D. Fla. Loc. R. 5.4(a), courts "have discretion to determine which portions of the record should be placed under seal."  *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1225 (11th Cir. 2013).  The presumptive "common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the [designating] party's interest in keeping the information confidential."  *Hall v. Sargeant*, 2019 WL 13067272, at *1 (S.D. Fla. Dec. 12, 2019) (citation modified) (quoting *Romero v. Drummond*

*Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).  In the Southern District of Florida, any sealing must be narrowly-tailored and subject to a limited duration of time.  S.D. Fla. Loc. R. 5.4(b)(1).

## MEMORANDUM OF LAW

### I.       Names and Personal Identifiers of Third Parties

Good cause exists for the Court to continue sealing the Currently Sealed Non-Party Privacy Information for several reasons.

*First,* the need to protect third-party privacy by redacting names and personal identifying information is compelling.  "When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened."  *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000); *see also Laudig v. Int'l Bus. Machines Corp.,* 2022 WL 18232706, at *9–*10 (N.D. Ga. Dec. 16, 2022) (finding that the privacy interests of the employees who were not parties to the action weighed in favor of redacting their names and titles).  Disclosure of the names of current and former Capital One employees and customers would unnecessarily reveal the identities of those individuals—who are neither parties to this litigation nor public figures, and whose identities have little (if any) bearing on the legal issues before the Court.  In the case of current and former employees, their connection to this litigation stems only from actions they allegedly took during the course of their employment.  Public disclosure of these employees' and customers' identities would needlessly implicate their legitimate privacy interests and expose them to increased risk of harassment, unwanted public attention, or doxxing.  The privacy interests of third parties are particularly salient in this case given the prominence of the Plaintiffs and the high-profile nature of this litigation.

4

*Second,* the request for continued sealing is limited and narrowly-tailored as Local Rule 5.4(b)(1) requires.  The redactions in the request for continued sealing are limited to protect names and information that would identify the employees and customers.  Capital One does not ask the Court to continue sealing most of the materials covered by the Court's July 14, 2026 Order.  The limited redactions protect the legitimate privacy interests of Capital One's current and former employees and customers without encroaching upon the common law right of access.

*Third*, in granting the Parties' motion to redact the names of third-party individuals from their Joint Discovery Hearing Motion, Dkt. Nos. 56 and 58, this Court recognized that redactions of the names of third-party individuals are appropriate to protect legitimate privacy interests.  This Motion merely seeks to maintain that protection for names and personal identifiers of third-party individuals, including current and former employees of Capital One and Capital One customers who are not parties to this action.

## II.     Additional, Narrowly-Tailored Requests for Sealing

Capital One also seeks the continued sealing of three other discrete items, each of which has been defined narrowly in light of the public interest in these proceedings.  Like the Currently Sealed Non-Party Privacy Information, these three items are currently sealed as per the Court's July 14, 2026 Order.

*First*, Capital One seeks the continued sealing of a portion of Exhibit E to the Second Amended Complaint that is privileged pursuant to the Bank Secrecy Act, was inadvertently produced, and has been clawed back for redaction pursuant to Paragraph 19 of the Protective Order and Federal Rule of Civil Procedure 26(b)(5)(B).[1]  The small portion of this document for which Capital One requests continued sealing is privileged and should have been redacted in the first

---

[1] Dkt No. 81-5, Ex. E, CONAFL-00003096.

instance pursuant to the requirements of the Bank Secrecy Act prohibiting disclosure of transactions or explanation of account terminations that would reveal information subject to federal confidentiality obligations.  31 U.S.C. § 5318(g)(2); 12 C.F.R. § 21.11(k).  Plaintiffs do not oppose continued sealing of this portion of Exhibit E.

*Second,* Capital One seeks continued sealing of portions of Exhibits D, E, and F of the Second Amended Complaint that include commercially sensitive information for Capital One that is irrelevant to the issues in this case.[2]  This information includes discussion of compensation issues and matters related to other customers and parties with no bearing on the issues in this litigation.  Courts have found that sealing can be appropriate for documents containing business strategy and decisions.  *See e.g., CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (sealing exhibits containing information with "business strategy"); *Deltona Transformer Corp. v. Noco Co.*, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (sealing information related to "business decisions of the parties" and "internal decision making-processes.")  Continued sealing is particularly appropriate for this information given that the portions of these exhibits Capital One requests to seal are completely unrelated to the facts and issues in this case.

*Third,* Capital One seeks to continue sealing the account numbers of current and former customers, including Plaintiffs, as set forth in Exhibits B, H, and K to the Second Amended Complaint.[3]  Federal Rule of Civil Procedure 5.2(a)(4) states that only the "last four digits of the

---

[2] Dkt. No. 81-4, Ex. D, CONAFL-00002958–2961, CONAFL-00002963, CONAFL-00002965–2972; Dkt. No. 81-5, Ex. E, CONAFL-00003095, CONAFL-00003098, CONAFL-00003100; Dkt. No 81-6, Ex. F CONAFL-00001865.

[3] Dkt. No. 81-2, Ex. B, CONAFL-00000293; Dkt. No. 81-8, Ex. H, CONAFL-00000277–0286; Dkt. No. 81-11, Ex. K, CONAFL-00004275–4287, CONAFL-00004296, CONAFL-00004303, CONAFL-00004322.

financial-account number" should be included in any filing. Given the public profile of the Plaintiffs in this case, the financial nature of the information, and the absence of any public interest in the disclosure of the account numbers, Capital One requests that the entirety of these account numbers remain sealed. Plaintiffs do not oppose continued sealing of these account numbers.

## CONCLUSION

Based on the foregoing, Capital One respectfully requests that the Court grant this Motion, thereby permitting continued sealing of Currently Sealed Non-Party Privacy Information; along with: (1) portions of a document that are privileged under the Bank Secrecy Act; (2) irrelevant portions of three documents, including discussions of commercially sensitive matters; and (3) the account numbers of former and current customers of Capital One, including Plaintiffs. Capital One seeks sealing unless and until the Court orders otherwise or the Parties mutually agree to unseal. Attached as **Exhibit A** is a proposed order granting this Motion.

## LOCAL RULE 7.1(A)(3) CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Defendant Capital One certifies that it conferred with Plaintiffs' counsel prior to filing this Motion via videoconference and email. Capital One also shared a copy of its Motion to Dismiss prior its filing. Plaintiffs' counsel confirmed that they had no proposed redactions to Defendant's Motion to Dismiss. As noted above, Plaintiffs do not oppose the continued sealing of a portion of Exhibit E and of the account numbers of current and former customers, but otherwise oppose the relief requested herein. The Parties continue to confer on these matters. Defendant's understanding is that Plaintiffs intend to file their position on continued sealing with respect to the Second Amended Complaint and its exhibits with the Court.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Shane Grannum*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

* Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*

8