**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21596-ALTMAN/LETT**

THE DONALD J. TRUMP REVOCABLE
TRUST, *et al.*,

      Plaintiffs,

v.

CAPITAL ONE, N.A.,

      Defendant.

_____/

## <u>REVISED JOINT SCHEDULING REPORT</u>

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule 16.1(b), and the Court's July 29, 2026, Order Requiring Revised Joint Scheduling Report (Dkt. No. 90), Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, by and through its Trustee Donald J. Trump, Jr., ERIC TRUMP, DJT HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY, LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC ("Plaintiffs"), and Defendant CAPITAL ONE, N.A. ("Defendant") (collectively, the "Parties"), file this Revised Joint Scheduling Report, and state as follows:

1.     Counsel for the Parties exchanged drafts to prepare this Joint Scheduling Conference Report. S.D. Fla. Loc. R. 16.1(b)(1).

2.     The Parties request a **Complex Track**, in which three to ten days of trial is required, with discovery to be completed within the period of 270 to 365 days from the date of the Scheduling Order. S.D. Fla. Loc. R. 16.1(a)(2)(b).

3.      Pursuant to Local Rule 16.1(b)(2), the Parties submit as follows:

**A. The likelihood of settlement:**

Settlement is unlikely at this stage. The parties mediated this action on February 4, 2026, but reached an impasse. ECF No. 48.

**B. The likelihood of appearance in the action of additional parties:**

The deadline for joinder of additional parties to this action has passed. However, the Parties reserve the right to seek leave to amend in compliance with the Federal Rules of Civil Procedure.

**C. Proposed limits on the time:**

The Parties have proposed limits on time to join other parties and to amend the pleadings, to file and hear dispositive motions, and to complete factual discovery, as set forth in the Proposed Scheduling Order attached hereto as **Exhibit A**.

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

Defendant has moved to dismiss the Second Amended Complaint.  Dkt. No. 91. The Parties reserve their right to move for summary judgment as set forth in **Exhibit A**.

The Parties also plan to use all means of discovery available to simplify the issues and eliminate frivolous claims or defenses where possible.

**E. The necessity or desirability of amendments to the pleadings:**

Plaintiffs recently filed the Second Amended Complaint, which the Court permitted to allow Plaintiffs the opportunity to take discovery and incorporate additional factual allegations. Defendant has moved to dismiss the Second Amended Complaint.  Dkt. No. 91. To the extent that the Court grants the Motion to Dismiss, Plaintiffs intend to seek leave to amend. Defendant intends to oppose any further amendments.

**F. The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

As discussed above, the Parties will continue to use all resources available to streamline the issues in this case, including reaching stipulations where possible. The Parties agree to work in good faith to proceed as efficiently as possible with discovery and to stipulate to the authenticity of documents when and where

2

practicable. The Parties also consent to electronic service of discovery requests and responses that need not be filed with the Court. Finally, the Parties will seek pre-trial and *in limine* rulings on admissibility issues where foreseeable and feasible.

**G.  Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will work cooperatively to identify and resolve by agreement as many evidentiary issues as possible. Additionally, the Parties will attempt to agree or stipulate to as many facts as reasonably possible to limit the presentation of evidence regarding undisputed facts.

**H.  Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Parties agree to continue having Magistrate Judge Hernandez for a final order or judgment regarding only discovery matters. *See* ECF No. 57 and 62.

**I.   A preliminary estimate of the time required for trial;**

Five to ten days.

**J.  Requested date or dates for conferences before trial, a final pretrial conference, and trial**.

The Parties have proposed dates for trial and pretrial conferences in Exhibit A.

**K.  Any issues about:**

(i)  **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**;

The Parties do not have any other issues at this time, but reserve all rights and waive none.

(ii) **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**;

At this time, the Parties do not have any issues, but reserve all rights and waive none.

(iii) **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist; and**

The Court has approved the Parties' Confidentiality Stipulation and Protective Order and Stipulated ESI Protocol.  Dkt. No. 59, 63.

**L.  Any other information that might be helpful to the Court in setting the case for status or pretrial conference**.

None at this time.

Dated: August 5, 2026                    Respectfully submitted,

/s/ *Alejandro Brito*                         /s/ *Adam M. Schachter*
ALEJANDRO BRITO                    GERALD E. GREENBERG
Florida Bar No. 098442                 Florida Bar No. 440094
MICHAEL MENA                         ggreenberg@gsgpa.com
Florida Bar No. 10664                   ADAM M. SCHACHTER
IAN MICHAEL CORP                   Florida Bar No. 647101
Florida Bar No. 1010943               aschachter@gsgpa.com
BRITO, PLLC                              SHANE GRANNUM
2121 Ponce de Leon Boulevard     Florida Bar No. 1055050
Suite 650                                    sgrannum@gsgpa.com
Coral Gables, Florida 33134          GELBER SCHACHTER & GREENBERG, P.A.
abrito@britopllc.com                     One Southeast Third Avenue, Suite 2600
icorp@britopllc.com                      Miami, Florida 33131
apiriou@britopllc.com                   Telephone: (305) 728-0950
                                                  E-service: efilings@gsgpa.com

*Counsel for Plaintiffs*

                                                  HELEN V. CANTWELL*
                                                  hcantwell@debevoise.com
                                                  SUSAN REAGAN GITTES*
                                                  srgittes@debevoise.com
                                                  ERICH O. GROSZ*
                                                  eogrosz@debevoise.com
                                                  DEBEVOISE & PLIMPTON LLP
                                                  66 Hudson Boulevard
                                                  New York, NY 10001
                                                  Telephone: (212) 909-6000

                                                  *Admitted *pro hac vice*

                                                  *Counsel for Defendant Capital One, N.A.*