**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-21596-ALTMAN**

**THE DONALD J. TRUMP**
**REVOCABLE TRUST**, *et al*,

     *Plaintiffs,*

v.

**CAPITAL ONE, N.A.**,

     *Defendant.*

                                /

### AMENDED ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning **October 18, 2027**. Counsel for all parties shall also appear at a calendar call at **1:45 p.m.** on **October 11, 2027**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 12-4 at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 N. Miami Avenue, Miami, Florida 33128. The parties shall adhere to the following schedule:

**December 18, 2026**.  The parties shall exchange expert witness summaries or reports.

**January 29, 2027**.  The parties shall exchange rebuttal expert witness summaries or reports.

**February 5, 2027**. Fact discovery shall be completed.

**March 12, 2027**.  Expert discovery shall be completed.

**April 30, 2027**.  The parties shall file any motions for summary judgment. **The parties are directed to review the Court's procedures for the filing of summary-judgment motions (set out below).** The parties may also file *Daubert* motions to exclude expert opinions and testimony from consideration at summary judgment. Each party is limited to filing one summary-judgment *Daubert* motion, which may not exceed the page limits allowed by the Rules and must *only* address expert opinions and testimony that will be used in the motions for summary judgment. If a party cannot address all evidentiary issues in a 20-page motion, it must petition the Court for leave to include additional pages. *Daubert* motions seeking to exclude trial testimony or to prevent expert opinions from being introduced at trial shall be filed later—together with motions *in limine*. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(2) certification.**

**September 3, 2027**.  The parties shall file all pre-trial motions, including motions *in limine*, *Daubert* motions for trial and damages, and motions for a bench trial. Each party is limited to filing one combined motion *in limine* and *Daubert* motion, which may not, without leave of the Court, exceed the page limits allowed by the Rules. **The parties are reminded that all pre-trial motions—including motions *in limine* and *Daubert* motions—must contain the Local Rule 7.1(a)(2) certification.**

**October 4, 2027**.  The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

**Good Faith Conferral**.  For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(2), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties must not file notices of deposition with the Court or notices of taking or serving discovery of any kind. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**.  **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall **not** file written motions. Rather, the "moving party"

shall follow Magistrate Judge Hernandez's standard discovery procedures. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact Magistrate Judge Hernandez's chambers at (305) 523-5720.

**Summary Judgment**.  Parties are required to comply with Local Rule 56.1. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment—and the responses in opposition—must be accompanied by a Statement of Material Facts. Each material fact must be supported by **pincites** to the relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits. The pincites shall reference specific pages (and, if appropriate, line numbers as well) of the exhibits, designate the number and title of each exhibit, and provide the exhibit's ECF number. When a material fact requires specific evidentiary support, a general citation to an exhibit without a pincite (*e.g.*, "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is **non-compliant** and will be stricken or disregarded.

All material facts in any party's Statement of Material Facts **may be deemed admitted** unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is **supported by properly cited record evidence**; and (ii) no other exception under FED. R. CIV. P. 56 applies.

In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a Joint Statement of Undisputed Facts, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation

to comply with Local Rule 56.1. The parties must file the Joint Statement of Undisputed Facts **one day** after the party opposing summary judgment files its response Statement of Material Facts, if any.

**Voir Dire Questions**.  The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to altman@flsd.uscourts.gov. The Court will begin *voir dire* by questioning the venire individually and as a whole and will permit limited attorney-directed *voir dire* thereafter. The Court will not permit the backstriking of jurors.

**Jury Instructions and Verdict Form**.  Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Any proposed instruction that **modifies** an instruction from the Eleventh Circuit's Pattern Jury Instructions must **both** note the modification **and** delineate the modification in redline or track changes. Prior to the calendar call, the parties shall submit their proposed jury instructions and verdict form, including substantive charges and defenses, in Word format to altman@flsd.uscourts.gov. For instructions on filing proposed documents, please see www.flsd.uscourts.gov.

**Trial Exhibits**.  All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the

calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Settlement Notification**.  If this matter is settled, counsel shall inform the Court promptly via e-mail at altman@flsd.uscourts.gov and, if they desire, by telephone at (305) 523-5680.

**DONE AND ORDERED** in the Southern District of Florida on August 11, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:	counsel of record