**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE DONALD J. TRUMP REVOCABLE TRUST, *et al*.,

Plaintiffs,

vs.

CAPITAL ONE, N.A., a Virginia Corporation,

Defendant.
_______________________________________/

Case No. 1:25-cv-21596-RKA

**NOTICE FOR DISCOVERY HEARING RELATED TO**
**DEFENDANT'S JULY 2, 2026, PRIVILEGE LOG**

Plaintiffs THE DONALD J. TRUMP REVOCABLE TRUST, ERIC TRUMP, DJT HOLDINGS MANAGING MEMBER, LLC, DJT HOLDINGS, LLC, ERIC TRUMP WINE MANUFACTURING, LLC, LAMINGTON FAMILY HOLDINGS, LLC, MOBILE PAYROLL CONSTRUCTION, LLC, PINE HILL DEVELOPMENT, LLC, T INTERNATIONAL REALTY, LLC, TNGC CHARLOTTE, LLC, TRUMP ICE, LLC, and DTTM OPERATIONS, LLC (collectively, "Plaintiffs") and Defendant CAPITAL ONE, N.A. ("Capital One" or "Defendant" and, together with Plaintiffs, the "Parties") file this Notice for Discovery Hearing Related to Defendant's July 2, 2026 Privilege Log ("Notice of Discovery Hearing"). In support, the Parties state as follows:

**RELEVANT FACTUAL BACKGROUND**

On April 30, 2025, Plaintiff Eric Trump served Capital One with his First Request for Production and First Set of Interrogatories. A true and correct copy of Plaintiff Eric Trump's First Request for Production and Defendant's Responses thereto are part of the source materials attached

as **Exhibit B-1** and **B-2**. Thereafter, the Court entered various Orders staying discovery until Capital One's Motion to Dismiss Plaintiffs' First Amended Complaint was adjudicated. *See* ECF Nos. 16, 22, 35, and 40. On March 23, 2026, the Court entered its Order After Status Conference, which granted Capital One's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 37), and allowed the Parties to engage in discovery for 90 days, until June 18, 2026. D.E. 54.

On April 22, 2026, Capital One produced its initial volume of production, which consisted of 293 pages. Thereafter, Capital One produced documents on an interval basis: May 7, 2026 (approximately 62 pages), May 15, 2026 (approximately 47 pages), May 22, 2026 (approximately 285 pages), June 1, 2026 (approximately 1,064 pages), June 10, 2026 (approximately 386 pages), and June 18, 2026 (approximately 5,365 pages). Many of the documents that Capital One produced contain partial redactions based on claims of privilege, and others were replaced with placeholders indicating that the document was withheld in its entirety.

On July 2, 2026, Capital One served its "Privilege Log for Productions in Response to Eric Trump's First RFPs" (the "Log"). A true and correct copy of the Log is part of the source materials attached as **Exhibit B-3**.[1] The Log contains 817 entries. Capital One asserts the Bank Secrecy Act and suspicious activity report privilege (together, the "SAR Privilege") as to 512 entries, the bank examiner's privilege ("BEP") as to 134 entries, and the attorney-client privilege or work product doctrine as to 436 entries.

On July 29, 2026, Plaintiffs served correspondence identifying the Log entries that they dispute and the basis for each dispute, together with a schedule ("Schedule A") that identifies each

---

[1] In accordance with the Local Rules and the Court Discovery Order (ECF No. 62, p. 3), Plaintiffs intended to attach a copy of the Log to this Joint Notice. However, it is Capital One's position that the Log—which Capital One designated as Confidential—must be filed under seal, in accordance with the Court's Protective Order. ECF No. 59-1, ¶ 11. Following the filing of this Joint Notice, Capital One will promptly file a motion to file an unredacted version of the Log under seal. Based on the foregoing, and pursuant to Defendant's request, Plaintiffs have temporarily withheld the Log from this Joint Notice and will state their position regarding the sealing of the Log after conferring with Capital One.

disputed entry by entry number, document type, date, the privilege asserted, whether the document was withheld or redacted, and the relief Plaintiffs seek. True and correct copies of the July 29, 2026, correspondence and Schedule A are part of the source materials attached as **Exhibit B-4** and **B-5**. As to 410 entries, Plaintiffs seek production of the document or removal of the redactions; as to a further 268 entries, Plaintiffs seek only an amended Log entry, and do not presently seek the document.

Pursuant to Local Rule 7.1(a)(3) and Section I.A of the Court's Order Setting Discovery Procedures (ECF No. 62), the Parties conferred via videoconference on August 5, 2026, in a good faith effort to resolve these issues. The Parties were unable to resolve the issues identified below, which require the Court's intervention.

**DISCOVERY DISPUTES REQUIRING RESOLUTION**

1. Whether Capital One must produce in their entirety the 228 documents that it has withheld under the SAR Privilege and/or the BEP, which are identified in Schedule A as "Produce."

2. Whether Capital One must remove its redactions from, and reproduce, the 182 documents that it has produced in redacted form under the SAR Privilege and/or the BEP, which are identified in Schedule A as "Unredact."

3. Whether Capital One has standing to assert the BEP as to the 134 Log entries so designated.

4. Whether the federal confidentiality regulations that Capital One invokes — including 12 C.F.R. §§ 4.32(b), 4.36(d), and 4.37(b), and 12 C.F.R. § 261.20 — preclude Capital One from producing the documents at issue in this proceeding.

5. Whether Capital One must serve an amended privilege log as to the 268 entries identified in Schedule A as "Amended log."

6. Whether the Court should conduct an *in camera* review of the documents that Plaintiffs are challenging as being withheld or redacted under the SAR Privilege and/or the BEP.

**A. Plaintiffs' position.**

This dispute applies to the 410 Log entries identified in Schedule A as "Produce" or "Unredact," and the 268 Log entries identified in Schedule A as "Amended log." Plaintiffs contend that Capital One has over-designated both the SAR Privilege and the BEP, and that many of the withheld and redacted documents contain factual information that does not reveal the existence of a suspicious activity report. Plaintiffs' position rests on the following, all of which appear on the face of the Log:

(i) None of the Log's 817 entries states that the document withheld or redacted is a suspicious activity report, is a draft of a suspicious activity report, or would reveal whether a suspicious activity report was or was not filed. The words "SAR," "suspicious activity report," or "suspicious" do not appear in the Log's narratives, subject lines, or file names. 166 entries state only a document type followed by a citation to 12 C.F.R. § 21.11(k), 31 C.F.R. § 1020.320(e), and 31 U.S.C. § 5318(g)(2)(A)(i). *Compare* Exhibit B-3; *with* B-5.

(ii) The disputed entries are, by Capital One's own description, largely ordinary business records: 140 meeting agendas, 105 draft documents, 54 Google Chat and Slack messages, 52 presentations, and 47 spreadsheets, among others. 50 entries are transaction listings or comparable factual compilations (Schedule A, Code B); 235 are ordinary-course business records (Code C); and 151 describe the factual

basis for, or the implementation of, the account-closure decision at issue in this action (Code D). *See* Exhibit B-5.

(iii) By way of example, Entries 275–283 are a "Project Tree" steering committee email chain circulating status updates, withheld under as many as three privileges at once; Entries 284–286 are Capital One's own quarterly risk-review presentations, withheld under the BEP with no agency author or recipient identified; and Entry 709 redacts a recurring "Safeguard Meeting Agenda (05.27.2021).docx" on the sole stated basis that it was "redacted pursuant to" the Bank Secrecy Act regulations. *Compare* Exhibit B-3; *with* B-5.

(iv) As to the 134 entries designated under the BEP, the Log identifies no agency, no officer of any agency, and no date on which any agency invoked the privilege. 121 of those entries identify no regulator, examiner, or agency among the author, sender, or recipients; 70 entries identify no sender or recipient at all and are documents that Capital One authored; and 16 are described as documents "prepared at the request of a bank regulator." Plaintiffs contend that the BEP belongs to the banking agency rather than to the examined institution. *See* **Exhibit C-1**, which contains the authorities that Plaintiffs intend to rely on for the Discovery Hearing.

(v) 221 entries state on their face that the document was "redacted pursuant to" the Bank Secrecy Act regulations rather than withheld, of which 182 are at issue here and 137 are meeting agendas. The Log does not identify the pages, paragraphs, or fields redacted, and Plaintiffs therefore cannot match a Log entry to a redaction on a produced page. *Compare* Exhibit B-3; *with* B-5.

(vi) Plaintiffs understand that Capital One will contend that federal regulations governing non-public supervisory information preclude it from producing certain of the documents at issue. Plaintiffs contend that those regulations prescribe a procedure for seeking agency authorization and permit disclosure as ordered by a federal court in a proceeding in which the agency has had an opportunity to appear and oppose discovery, and that Capital One has not identified any agency it has notified of these requests. *See* 12 C.F.R. §§ 4.33, 4.37(b)(1).

(vii) As to the 268 entries identified in Schedule A as "Amended log," the entries do not state a general subject matter or identify the attorney whose advice is claimed. For 167 entries, the Log does not say whether the document was withheld or redacted; 263 entries have had the Log's own "Subject" or "Filename" field replaced with "[Redacted for Privilege]"; and in 241 entries asserting attorney-client privilege or work product, no participant is identified as an attorney. Plaintiffs contend these entries do not permit them to assess the privilege asserted. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); L.R. 26.1(e)(2)(B).

Because the Log does not disclose the contents of the withheld and redacted documents, Plaintiffs request that the Court order Capital One to submit the documents identified in Schedule A as "Produce" and "Unredact," together with unredacted copies of the redacted documents, for an *in camera* review, and to submit an index correlating each privilege designation to the specific content said to be protected. Since Plaintiffs raised this dispute with Defendant on July 29, 2026, Defendant has not identified any government agency that has asserted the BEP on any document identified on the Log. If any government agency has interposed such a privilege assertion, Plaintiffs are unaware which agency has done so, or over which documents that are in dispute.

Overall, Plaintiffs do not contend that every designation is improper. Their concern is over-designation—that the SAR Privilege and the BEP have been improperly applied to categories of documents that the Log itself describes as factual and ordinary-course. Plaintiffs ask the Court to determine, via an *in camera* review, which designations are sustained, and to permit redaction of protected content rather than improper withholding of entire documents. *See* Exhibit C-1.

**B. Capital One's position.**

Capital One does not intend this position statement to include any argument, but rather to frame the specific discovery disputes presented for hearing in the context of Plaintiffs' position statement. Capital One respectfully submits that Plaintiffs' requests are inconsistent with applicable federal law and regulations, and that the privilege log provided by Capital One comports with the requirements under FRCP 26 and local guidance. The authorities in support of Capital One's positions are included in **Exhibit C-2**.

**1. <u>Plaintiffs' Requests for Confidential Information Prohibited from Disclosure by Federal Law and Regulations</u>**

**Bank Secrecy Act:** Several of Plaintiffs' requests for relief concern Capital One's withholding of information under the BSA and its implementing regulations, which prohibit the disclosure of SARs or any information that would reveal the existence or nonexistence of a SAR. This prohibition extends to both produced documents and privilege logs, which cannot indicate whether withheld or redacted are SARs, drafts of SARs, or would reveal whether a SAR was or was not filed.[2] Capital One is required to adhere to the BSA's requirements, which create an unqualified privilege that a financial institution cannot waive.

[2] Plaintiffs' assertion that Capital One's privilege log entries are deficient because they state only a document type followed by a citation to 12 C.F.R. § 21.11(k), 31 C.F.R. § 1020.320(e), and 31 U.S.C. § 5318(g)(2)(A)(i) is undermined by Rule 26, which does not require a privilege assertion to take any particular form.

Moreover, whether information is protected under the BSA privilege depends on a document's content, not its form. Accordingly, any document that would reveal the existence or non-existence of a SAR—including, for instance, email and messaging communications, presentations, agendas, draft documents, and spreadsheets—must be redacted or withheld under the BSA.[3] Capital One has redacted and withheld documents according to these requirements.

**Bank Examiner's Privilege:** Plaintiffs also request disclosure of information covered by the Bank Examiner's Privilege ("BEP"). Federal law requires financial institutions such as Capital One to protect the confidentiality of non-public supervisory information and avoid production of information covered by BEP on behalf of the relevant regulators. The BEP covers documents generated by both the regulator and Capital One as the regulated entity, including Capital One's communications with its regulators or preparations for communications with its regulators. As with the BSA, Capital One's BEP assertions are made to adhere to relevant legal requirements, not because of a strategy or other legal position asserted by Capital One itself.

If Plaintiffs wish to contest Capital One's withholding of documents on BEP grounds, then Plaintiffs, as the parties requesting the confidential information, must direct their challenge to the implicated federal regulatory entities—the OCC and the FRB—such that they may have an opportunity to intervene and assert their privilege. Both the OCC and the FRB have issued regulations describing the steps third parties must take to seek a waiver of the BEP. The OCC requires any person seeking non-public OCC information in connection with a lawsuit to submit a request in writing to the OCC, explaining the bases for the request and how the requested information relates to the issues in the lawsuit. The FRB similarly requires any person who seeks

[3] As indicated on Capital One's privilege log, many of the documents in question are independently protected under the BEP (discussed *infra*) and attorney-client privilege.

access to confidential supervisory information to file a written request with the FRB's General Counsel. To facilitate this process, Capital One will supplement its privilege log with information indicating which federal regulator(s) are implicated by each document withheld pursuant to the BEP. But Capital One cannot disclose information protected by the BEP to Plaintiffs unless and until they follow the process set forth by the relevant federal regulations and receive approval from the OCC and / or the FRB.

**2. <u>Plaintiffs' Requests Regarding Capital One's Privilege Log</u>**

Plaintiff also raises several concerns regarding the sufficiency of Capital One's privilege log. Capital One's privilege log adheres to local practice and the requirements of the FRCP. As to the identification of withheld and redacted documents, the log (i) indicates whether the document associated with each entry in the log has been withheld or produced with redactions—and, in the latter case, which bates-stamped document is being referenced, (ii) includes for redacted documents a bates number corresponding to a document that has been produced with redactions at the bates number indicated on the log, along with other identifying information, and (iii) for withheld documents, provides other identifying information including date, sender, and other relevant metadata, as there is no corresponding bates number (because nothing was produced).

The log also properly provides sufficient information about the nature and basis of the privilege asserted. Under Federal Rule of Civil Procedure 26, the party asserting privilege should describe the nature of the documents and communications withheld or redacted in a manner that will enable other parties to access the privilege claim "without revealing information itself privileged or protected." Capital One has redacted file names and subject lines where those fields would reveal privileged information, but otherwise provides appropriate detail for Plaintiff to understand the basis of the privilege asserted and other identifying details (such as date, sender,

and recipient). The log also denotes with an asterisk the names of internal and external counsel appearing in the log where available. At times, an attorney may not be included on an internal communication but nonetheless discuss matters of attorney-client and other legal privileges, as the presence of an attorney on a communication transmitting or facilitating in the transmission of legal advice is not required for the communication to be protected by the attorney-client privilege.

**3. *In Camera* Review**

As identified above, this dispute presents legal issues related to the BSA and BEP that do not require the Court to conduct *in camera* review of hundreds of documents. While we are aware of certain cases in which courts have conducted *in camera* review of documents withheld on the basis of BSA privilege, we are not aware of any statutory or regulatory exception under the BSA and its regulations that would provide for such review. We will be prepared to discuss this matter with the Court at the discovery hearing.

## EXHIBITS

- A-1: Plaintiffs' Proposed Order
- A-2: Defendant's Proposed Order
- B-1: Plaintiff Eric Trump's First Request for Production
- B-2: Defendant's Responses to Plaintiff Eric Trump's First Request for Production
- B-3: Defendant's July 2, 2026, Privilege Log
- B-4: Plaintiffs' July 29, 2026, Meet-and-Confer Correspondence
- B-5: Schedule A to Plaintiffs' July 29, 2026, Meet-and-Confer Correspondence
- C-1: Plaintiffs' List of Supporting Authorities
- C-2: Defendant's List of Supporting Authorities

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes, and award any other relief that the Court deems proper. Although

Plaintiffs' counsel is based in Miami-Dade County, Florida, Defendant's counsel who will argue these issues, if a hearing is granted, are based in New York, New York. Accordingly, the Parties respectfully request that any such hearing occur via Zoom or other videoconference technology.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
ALEJANDRO BRITO
Florida Bar No. 098442
MICHAEL MENA
Florida Bar No. 10664
IAN MICHAEL CORP
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, Florida 33134
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*Counsel for Plaintiffs*

*/s/ Adam M. Schachter*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*