**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-21596-ALTMAN/HERNANDEZ**

THE DONALD J. TRUMP REVOCABLE TRUST, *et al.*,

Plaintiffs,

v.

CAPITAL ONE, N.A.,

Defendant.

_______________________________________/

**DEFENDANT'S MOTION FOR SEALING OF PRIVILEGE LOG**

Pursuant to Southern District of Florida Local Rule 5.4, Defendant Capital One, N.A. ("Capital One") moves to seal its July 2, 2026 Privilege Log (the "Privilege Log"), which is an exhibit to the Joint Notice of Discovery Hearing filed on August 13, 2026. Dkt. No. 100. Specifically, Capital One seeks to temporarily seal the Privilege Log in its entirety (*i.e.*, by filing an unredacted version under seal), while the Parties confer and attempt to reach agreement on redactions to the Privilege Log such that a partially redacted version then may be filed publicly. In support of this Motion, Capital One states as follows:

**BACKGROUND**

1. On April 21, 2026, the Court entered the Protective Order, which governs the disclosure and use of information produced in this matter and designated as "Confidential" or "Attorneys' Eyes Only" by a producing party. Dkt. Nos. 59-1, 63. Specifically, the Protective Order provides that "[a]ll pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain Confidential and/or Attorneys' Eyes Only Information

shall, if filed with the Court, shall be accompanied by a motion to seal pursuant to all applicable local rules." Dkt. No. 59-1 ¶ 11.

2. On July 2, 2026, Capital One produced the Privilege Log to Plaintiffs The Donald J. Trump Revocable Trust (by and through its Trustee Donald J. Trump, Jr.), Eric Trump, DJT Holdings Managing Member, LLC, DJT Holdings, LLC, Eric Trump Wine Manufacturing, LLC, Lamington Family Holdings, LLC, Mobile Payroll Construction, LLC, Pine Hill Development, LLC, T International Realty, LLC, TNGC Charlotte, LLC, Trump Ice, LLC, and DTTM Operations, LLC (collectively, "Plaintiffs" and, together with Defendant, the "Parties"). Capital One designated and marked the Privilege Log in its entirety as Confidential Information pursuant to the Protective Order.

3. On August 13, 2026, the Parties filed the Joint Notice of Discovery Hearing Related to Defendant's July 2, 2026, Privilege Log. Dkt. No. 100. The Privilege Log is identified as Exhibit B-3 to that Notice.[1]

4. The Parties are continuing to confer regarding which portions of the Privilege Log, which consists of 817 rows, should be de-designated, so that a redacted version may be filed on the public docket. By this Motion, Capital One seeks to file the unredacted Privilege Log under seal, and to file a fully redacted version publicly, while the Parties attempt to reach agreement to ensure that a partially redacted version of the Privilege Log is ultimately filed on the public docket.

---

[1] Given that the Protective Order requires materials designated as Confidential Information to be filed under seal when submitted to the Court, the Parties agreed to file the Joint Notice of Discovery Hearing without attaching the Privilege Log so that the Court could first rule on this Motion. *See* Dkt. No. 100 at 2 n.1. To be clear, Capital One does *not* seek to permanently seal the Privilege Log. Rather, following the Court's ruling on this Motion and the Parties' completion of their conferrals regarding redactions, Capital One intends to file on the public docket whatever version of the Privilege Log the Court ultimately deems appropriate—whether fully redacted, partially redacted, or unredacted.

## LEGAL STANDARD

Although "proceedings in the United States District Court are [normally] public and Court filings are matters of public record," S.D. Fla. Loc. R. 5.4(a), courts "have discretion to determine which portions of the record should be placed under seal." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1225 (11th Cir. 2013). The presumptive "common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the [designating] party's interest in keeping the information confidential." *Hall v. Sargeant*, 2019 WL 13067272, at *1 (S.D. Fla. Dec. 12, 2019) (citation modified) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). In the Southern District of Florida, any sealing must be narrowly-tailored and subject to a limited duration of time. S.D. Fla. Loc. R. 5.4(b)(1).

## MEMORANDUM OF LAW

Good cause exists for the Court to temporarily seal the Privilege Log. The Privilege Log, which has been designated Confidential pursuant to the Protective Order, includes names and personal identifying information of non-party individuals, as well as commercially sensitive information of Capital One and financial information of Plaintiffs and entities and individuals associated with Plaintiffs. The Court recently granted Capital One's motion for continued sealing of names and personal identifiers of non-party individuals, as well as other sensitive information, in the Second Amended Complaint and its exhibits. Dkt. No. 93. The Parties are conferring in good faith to identify sensitive information to be redacted from the Privilege Log, including the categories of information that the Court already approved for continued sealing in the Second Amended Complaint and its exhibits. In order to provide the Court with prompt access to the Privilege Log in its entirety while allowing for the Parties to complete their conferrals, this Motion seeks a temporary remedy: the filing of the unredacted Privilege Log under seal accompanied by

the public filing of a fully redacted version of the Privilege Log. Then, once the Parties have completed their conferrals, Capital One expects to file a motion for partial sealing (and partial unsealing) of the Privilege Log.

## CONCLUSION

Based on the foregoing, Capital One respectfully requests that the Court grant this Motion, thereby permitting the filing of the unredacted Privilege Log under seal accompanied by the public filing of a fully-redacted version of the Privilege Log. Capital One seeks sealing until the Parties complete their conferrals regarding redactions to the Privilege Log, which is expected in the very near term. Attached as **Exhibit A** is a proposed order granting this Motion.

## LOCAL RULE 7.1(A)(3) CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Defendant Capital One certifies that it conferred with Plaintiffs' counsel via telephone and email prior to filing this Motion. Plaintiffs do not object to the relief requested in this Motion. The Parties continue to confer on these matters.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Adam M. Schachter*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

HELEN V. CANTWELL*
hcantwell@debevoise.com
SUSAN REAGAN GITTES*
srgittes@debevoise.com
ERICH O. GROSZ*
eogrosz@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

*Admitted *pro hac vice*

*Counsel for Defendant Capital One, N.A.*